## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 FEB 14  A 9: 03

_WilliAm HerberT VillAR 245066_ )
**Full name and prison number**
**of plaintiff(s)**

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**v.**

_AlAbAmA DepARTmeNT of_ )
_CORRecTioNs EAsTerliNg_ )
_CORRecTioNAl CAPTAiN Jeffery_ )
_KNoX eT. AL._ )

CIVIL ACTION NO. _2.07-cv-134-WKW_
**(To be supplied by Clerk of**
**U.S. District Court)**

_____
**Name of person(s) who violated** )
**your constitutional rights.** )
**(List the names of all the** )
**persons.)** )

I.   **PREVIOUS LAWSUITS**
   A.   Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action?  YES (  )  NO (✗)

   B.   Have you begun other lawsuits in state or federal court
        relating to your imprisonment?  YES (✗)  NO (  )

   C.   If your answer to A or B is yes, describe each lawsuit
        in the space below.  (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.   Parties to this previous lawsuit:

             Plaintiff(s) _William HerberT VillAR_
             _245066_

             Defendant(s) _STATe of AlAbAmA_
             _____

        2.   Court (if federal court, name the district; if
             state court, name the county) _Mobile Co._
             _____

CC05-1439-1440-1442, 1442 And 1443

3.  Docket number CASE#NO5001439, 1440, 1441, 1442 And 1443

4.  Name of judge to whom case was assigned HERMAN YOUNG Thomas

5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

Dismissed - Appealed

6.  Approximate date of filing lawsuit JANURARY 2004

7.  Approximate date of disposition Pending

II.  PLACE OF PRESENT CONFINEMENT W. C. Holman Correctional Facility Holman 3700 Almore AL 36503

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED Easterling Correctional Facility 200 Wallace DR Clio AL 36017

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

NAME                              ADDRESS

1. Alabama DepartmenT OT CORRECTions

2. EasTer/Ling CORRECTIONAl Facility 200 Wallace DR Clio, AL 36017

3. WARDEN Mosley 200 Wallace DR Clio, Al 36017

4. CAPTAIN JeffeRy Knox 200 Wallace DR Clio AL 36017

5. SGT Lewis HuleTT 200 Wallace DR Clio, AL 36017

6. HEARING OfficeR CO.1 LindA Glenn 200 Wallace DR Clio, AL 36017

IV.  THE DATE UPON WHICH SAID VIOLATION OCCURRED OcTober 23, 2004 11-08-06    11-13-06

V.  STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: ON OcTober 23, 2006 AT 3:30 P.M. In The SegerATion Office EasTerling CORRECTIONAl Facility I was Fasly ARResTed

2

**STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND.   (State as best you can the time, place and manner and person involved.)**

On The Charge of Attempt To Escape by Force Rule #46 of The Regulation AR403 by Sgt Lewis Hulett by order of Warden Mosley And Captain Jeffery Knox No Miranda Rights were given Arrested only on The word of confidential Reliable Sources With No Corrobating Information or Evidence has been Produced

**GROUND TWO:** My Right To Due Process Violated From October 23 2006 Still in Violation Still in Segeration

**SUPPORTING FACTS:** On 10/23/06 I was Arrested on 10/26/06 I was given A Notice of Extension According To AR403 I was To be charged within Ten (10) Calendar days (Not working Days) I Should have been given Another extension or charged by 11/5/06 I was Charged on 11/8/06 Three (3) days Past 11/5/06 I Should have been Released

**GROUND THREE:** Denied Proper Medical care Locked in one Man cell From October 23, 2006 Still Locked up

**SUPPORTING FACTS:** I have had Three (3) heart Attacks I get Dizzy, I do pass not on occasions From october 23, 2006 until January 19 or 20 I have only had My Vitals Taken once I have Seen The Doctor once 1/23/07 At Holman If I have a heart Attack or Pass out There is Noone Around To help or see me. This Is cruel And unusual Punishment,

3

VI.    **STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
MAKE NO LEGAL ARGUMENT.    CITE NO CASES OR STATUTES.**

Remove Disciplinary #06-671 Attempt to Escape by
Force from my files as well as the file of the Alabama
Board of Pardons and Parole (Parole is my only option at this
time. Award damages for cruel and unusual punishment

William Herbet Villar 245066
**Signature of plaintiff(s)**

I declare under penalty of perjury that the foregoing is true
and correct.

EXECUTED on February 10, 2007                    .
**(Date)**

William Herbet Villar 245066
**Signature of plaintiff(s)**

4

W.C. Holman Correctional Facility
Holman 3700
Atmore, Alabama 36503



Debra Hackett
Clerk Of The Court
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

# Attachment

# DEPARTMENT OF CORRECTIONS
## EASTERLING CORRECTIONAL FACILITY

10/26/06
DATE

FROM:   Sgt. Lewis Hulett
Printed   Name   of   Supervisor
Extended   Time   in   Segregation

TO:   William Villar                          R/S   W/M   AIS#   245066
Printed   Name   of   Inmate

SUBJ:   **Notice of Extension in Segregation Status**

( **X** )   This   is   to   inform   you   that   your   investigation   status   involving   your
alleged   violation   of   Rule   Number _____,   **Pending investigation**
and   has   been   extended   until   **further notice**   due
to   the   following   reason:   **Ongoing investigation.**

( )   This   is   to   inform   you   that   a   Notice   of   Disciplinary   Hearing   Form   has   not
been   served   on   you   as   of   this   date   for   a   violation   of   Rule   Number _____
_____ which   occurred   on _____,
at   the   approximate   time   of _____ because _____

( )   This   is   to   inform   you   that   an   Enemies   Validation   Committee   has   not   been
held   as   of   this   date   to   determine   whether   or   not   you   will   be   placed   in
Protective   Custody.

( )   This   is   to   inform   you   that   a   psychological   evaluation   has   not   been   completed
as   of   this   date.

**Due   to   the   reason   checked   above   you   will   be   required   to   remain   in   Segregation
until   action   has   been   taken   to   determine   your   status.**

_William Villar  245066_                     10/26/06                     2:20 PM
SIGNATURE   OF   INMATE                       DATE                         TIME

_Noel Juncoi_                                10/26/06                     2:20 PM
SIGNATURE   OF   NOTIFYING   OFFICIAL          DATE                         TIME

DISTRIBUTION
Inmate Concerned
Inmate's Institutional File
Inmate's Segregation file
Segregation Supervisor

ATTACHMENT 2 TO SOP C-30

**ALABAMA DEPARTMENT OF CORRECTIONS**
**DISCIPLINARY REPORT**

∟SC. #06-671

1. INMATE : __Villar, William__    CUSTODY: __Medium__   AIS NO.: __W/M 245066__

2. FACILITY: **EASTERLING CORRECTIONAL FACILITY**

3. The above named inmate is being charged by __Captain Jeffery Knox__ with violation of Rule **#46**, specifically __Attempt To Escape By Force__ from Regulation # **403**, which occurred on or about __October 23__, **2006** at (time) __1:00__ (pm), Location: __Mr. Travis White's Office__. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: __Captain Jeffery Knox conducted an investigation and__ __discovered that Inmate William Villar, W/M 245066, did conspire with several inmates to escape by force__ __and take a hostage from Easterling Correctional Facility.__

5. _____ 11/8/06 _____         _Jfy Knox, COSH_
   Date                                     Arresting Officer / Signature / Rank
                                            **Jeffery Knox, COSII**

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the _8TH_ day of _NOV._, 2006, at (time) _12:17_ (am/**pm**).

7. _John Garry CO1_                        _William Villar 245066_
   Serving Officer / Signature / Rank       Inmate's Signature / AIS Number

8. Witnesses desired?    NO _____                 (YES) _William Villar_
                         Inmate's Signature              Inmate's Signature

9. If yes, list: _ALL THE INMATES THAT WERE INVOLVED IN THE PLOT_

10. Hearing Date _11-13-06_    Time _452 pm_    Place _Segregation Office_

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is) ~~is not~~) capable of representing himself.
                                            _Linda Glenn CO1_
                                            Signature / Hearing Officer

13. Plea: _William Villar Jr., _ Not Guilty·    _____ Guilty

14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
                                            _Linda Glenn CO1_
                                            Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): __I received information that Inmate William Villar__ __was involved in a plan to try and escape using force. I conducted a thorough investigation.__ __Several inmates, some reliable sources, and some just volunteered to give information,__ __told me that Inmate Villar planned to escape through the Health Care Unit by faking an__ __illness to get up there, then take a nurse hostage and go through the front gate. Also,__ __that Inmate Villar also had a plan to steal a car at the store above the prison once out-__ __side the gate, and go to the place of his former employment in Mobile, which is a trucking__ __company, and steal some money there to continue on. I read mail and listened to phone__ __calls that also confirmed this information. An inmate in Trade School admitted to me that__ __Villar asked him to make knives in the Trade School to assist with this escape. Lie__

**(Con't)**
Annex C to AR 403 ( Page 1 of 2 pages )

Witness: **N/A**                    Substance of Testimony: **N/A**

Witness: _____            Substance of Testimony: _____

Witness: _____            Substance of Testimony: _____

17. The Inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

_Linda Glenn COI_
Signature / Hearing Officer

18. The Following witnesses were not called    -    reason not called
   1. **No witnesses were called because Inmate Villar gave no inmate names or other**
   2. **witnesses' names.**
   3. _____

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that : **On 10/23/06, at approximately 1:00 PM, in Mr. Travis White's Office, Inmate William Villar, W/245066, did attempt to escape by conspiring with several inmates to escape by force and take a hostage from Easterling Correctional Facility. Therefore, Inmate Villar was in violation of Rule #46-Attempt to Escape by Force.**

20. Basis for Finding of Fact: **Captain Jeffery Knox stated under oath that he conducted an investigation which revealed that Inmate Villar planned to escape by force. Several inmates, some confidential sources and some not, told Captain Knox that Inmate Villar was planning to escape throught the Health Care Unit by faking an illness and taking a nurse**

21. Hearing Officer's Decision:        **X**   Guilty                              **(Con't)**
                                          ‚Not Guilty

22. Recommendation of Hearing Officer: **Hearing officer recommends 45 days Disciplinary Segregation and 45 days loss of privileges. *Inmate earns 40 days for every 30 served. Good time balance: 1 year, 1 month, 14 days. (Life Sentence).**

_Linda Glenn COI_
Signature / Hearing Officer

**Linda Glenn, COI**
Typed Name and Title

23. Warden's Action – Date    _11-16-06_
    Approved    _Kenneth Scroggin, CoII_
    Disapproved
    Other (specify)

24.
    Reason if more then 30 calendar days delay in    _____
    action.                                          _____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the _18_ day of _November_ 2006, at (time) _7:35_ (am / pm).

_James Hall - COI_                    _Inmate Refused To Sign James Hall_
Signature / Serving Officer / Title    Inmate's Signature and AIS Number    _COI_

(Page 2 of 2 pages)

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Inmate Name /AIS Number  **Villar, William W/245066**    Incident Report No.  **ECF 06-671**

Facility :    **Easterling Correctional Facility**

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTION BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER:    Lie detector tests were given to ensure truthful information.  **QBHO:** Have you used these confidential, reliable sources in the past?  **A:** Yes.  **QBHO:** How many times?  **A:** Several.

**QBHO:** Have these confidential, reliable sources given information in the past that has proven to be true?  **A:** Yes.

**QBHO:** Was any evidence found that corroborated the information given by the confidential, reliable sources?  **A:** Yes, letters and monitored phone conversations.  **QBHO:** During the course of the investigation, was any information uncovered to indicate that the confidential, reliable sources had reason to lie about Inmate Villar?  **A:** No, and other information uncovered confirmed the sources' information.

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE:    N/A

CONTINUED WITNESS TESTIMONY (QBHO):    N/A

CONTINUED FINDINGS OF FACTS:    N/A

CONTINUED BASIS FOR FINDING OF FACT:    hostage.  Captain Knox listened to phone calls and intercepted Inmate Villar's mail, and got information that confirmed the escape plan.  Inmate Villar's testimony was not believe-able.

**FORM 22**

## 24 HOUR ADVANCE NOTIFICATION OF
## PENDING RECLASSIFICATION

TO: __VILLAR, WILLIAMS____   __245066S____        __WM____              __12/04/2006____

    **NAME**               **AIS #**                      **R/S**                       **DATE**

**Notice of Reclassification:** This is to inform you that on the __6th____ day of __DECEMBER____ , 20 __06__ , you will meet a reclassification team to be considered for change in custody and/or institutional assignment because: __of your BEHAVIOR as it is noted on your disciplinary for violation of rule number 46- Attempt to Escape by____ __Force. According to the investigation completed by Easterling Correctional Security Staff, you conspired with____ __several inmates to escape by force and take a hostage from Easterling Correctional Facility. The Behavior to____ __conspire to escape and conspire to take a hostage is unacceptable institutional behavior. Therefore, as a result of____ __this hearing your custody/security level may be increased to Close custody with placement at the appropriate____ __facility____

This is not a disciplinary hearing. A reclassification team will review this matter and recommend changes, if needed, in your current placement and/or custody. At the reclassification meeting you will be given an opportunity to be heard, to present witnesses and to present documentary evidence.

__DARO14  FAYSON____              __12/4/06____      _Jame_____ -_ICI_
**NAME OF SERVING OFFICER**                    **DATE**                 **WITNESS**

I understand that this is my notice of a reclassification meeting to determine changes in placement and/or custody. I have been given the opportunity to call witnesses in my behalf and have received a copy of this notice on __12/4/06____ at __12:40 pm____ .
                   **DATE**                               **TIME**

                 _William Villar'____      _245766_
                       **SIGNATURE OF INMATE**                  **AIS #**

**WITNESSES REQUESTED BY INMATE:**

__DAVID PETTS  &  RITNDY NICHOLS____                    _____ **NONE**

__CHASE JOHNSON____

IN THE UNITED STATES DISTRICT COURT
FOR the middle DISTRICT OF ALABAMA
NORTHERN    Division

william HeRbert Villar
245066  PRO SE.
Plantiff (s)
         VS
Alabama Dept. OF
CORRECTIONS, EASTERLING
CORRECTIONAL FACILITY
eT. AL. CAPTAIN JEFFERY KNOX

CIVIL ACTION NO.
(To be supplied by CleRK OF
U.S. DISTRICT COURT)

COMES NOW The PLANTiFF
william HeRbert Villar 245066, A State
PRisoNeR who is before This HONORAble
COURT, PURSUENT To 42 USC-E. 1746
UNDER The PeNAlty of PeRJURy AFFiRMS
STATes The Following:
I Am william HeRbert Villar  I Am OVER 21
yeARs old CApAble And Able To make This
Statement
            Re Disciplinary HeARing
November 13, 2006  CAptain Jeffery KNox -E- Col LindA Glenn

ON The EVENiNg OF NOVember 13, 2006  I WAS
TAken to The SegeRATion office FoR The PuRpose
OF A Disciplinary HeARing  ChARge of Attempt To
ESCApe by FORCe

PResent At This heARing weRe
HeARing OFFicer Col Linda Glenn CAptain
JEFFeRy KNOX  And william Villar

ON NOVEMBER 13, 2006, I (WilliAm HerbeRT VilliAR) WAS CAlled INTO The SEGERATion OFFice AT EASTERling CORRECTiONAl FAciliTY IN Clio, AlAbAmA WhERE I (WilliAm HerbeRT VilliAR) WAS INFORMED by HEARing OFFicer CO.1 LindA Glenn ThAT I (WilliAm HerbeRT VilliAR) WAS There FoR A DiscipliNARy OF RUle #46 FRom RegulATion #AR403 SPecificAlly ATTEMPT To EscApe by FORCE   PReSENT AT This HEARing WERE HEARing OFFicer CO.1 LindA Glenn   ARRESTing OFFicer CAPTAin JEFFERy KNOX ANd The AccuSed WilliAm HerbeRT VilliAR 245066

We (EVERyone PRESENT) WERE All mAde To RAiSe ouR RighT hAndS ANd SWEAR To Tell The TRUTH

I (WilliAm HerbeRT VilliAR) Did ASK HEARing OFFicer CO.1 LindA Glenn boTh ORAly ANd IN WRITing ThAT Due To The SeRiouNess OF The AlligATions AGAiNST me (WilliAm HerbeRT VilliAR) ThAT The HEARing be Recorded (See ATTAched STATEMENTS PAge one (1.))   RequesT DENied by HEARing OFFicer CO.1 LindA Glenn

There ARE Some ThiRTeen (13) To FiFTeen (15) INMATES INvolved IN This Alleged ATTEMPT To EscApe by FORCE  I (WilliAm HerbeRT VilliAR) Did ASK FoR All INMATES INvolved To be CAlled As WiTNesses on my (WilliAm HerbeRT VilliAR'S) behAlF (See Line EighT (8) ANd Nine (9) OF DiscipliNARy RepoRT #06-691 HEARing OFFicer CO.1 LindA Glenn INFoRMed me (WilliAm HerbeRT VilliAR) ThAT I hAd No wiTNesses (See Line 18 ONe (1) ANd Two (2) DiscipliNARy RepoRT #06-691  I (WilliAm HerbeRT VilliAR) Replied I ASKed FoR All The INMATES Who WERE AllegedLy INvolved WiTh me ANd ChARged WiTh ATTEMPT To EscApe by FoRCE FRom EASTERling CORRECTiONAl FAciliTY on OCToBER 23, 2006 AT 1:00 P.m FRom mR. TRAVis WhiTes OFFice I (WilliAm HerbeRT VilliAR WAS NoT Allowed The wiTNesses I (WilliAm HerbeRT VilliAR) Did ASK FoR IN WRiTing (See Lines EighT (8) ANd Nine (9) OF DiscipliNARy RepoRT 06-691 ATTAched) BuT WAS Told by HEARing OFFicer CO.1 LindA Glenn (To QuoTe) ShuT uP!

I (William Herbert Villar) Next Submitted A Written Statement From David Shane Pitts #247960 To Hearing Officer Co.1 Linda Glenn She (Hearing Officer Co.1 Linda Glenn) Replied You have No Witnesses (See Line Eighteen (18) Disciplinary Report #06-671 Also Page 21 Statement Of David Shane Pitts both Attached)

Next I (William Herbert Villar) Gave Hearing Officer Co.1 Linda Glenn In Writing My (William Herbert Villar) Where Abouts For The Whole Day Of October 23, 2006 Which Could And Would be Verified by The Records Of The Sign In Sheets From The Health Care Unit Dorm 9β Officer Temple (Trade School Officer) Also Dean Kimble Ingram College Roll Call Sheet Level D And E Of GED Classes From 12:30 P.m To 3:00 P.m Of October 23, 2006 (See Attached Statements Pages Two (2) Thru Six (6)

As Hearing Officer Co.1 Linda Glenn Glanced Through The Statements I (William Herbert Villar) Was Not Once but Twice Threanted by Arresting Officer Captain Jeffery Knox I (William Herbert Villar) Did Then And Still Do Now Feared For my Safety And Life It Is A Matter Of Record That Captain Jeffery Knox has beaten several Inmates At Easterling Correctional Facility (See Records Of Captain Jeffery Knox Also Health Care Unit Records)
Hearing Officer Linda Glenn Said Nothing To Correct Captain Jeffery Knox This Did Show Prejudice Towards me (William Herbert Villar) by Co.1 Hearing Officer Linda Glenn And Favortisem To Captain Jeffery Knox

I (William Herbert Villar) next gave to Hearing Officer CO.1 Linda Glenn pages seven (7) thru ten (10) which show by Regulation AR 403 (Regulations used by the Alabama Department of Corrections for ALL Disciplinary Infractions and Hearings) several Infractions which had been committed by Easterling Correctional Facility in the mannor that I (William Herbert Villar) was charged and that in fact my Disciplinary should be thrown out because of lack of Due Process according to AR 403 III A (see page Ten (10) statements attached)

I (William Herbert Villar) was to be charged within Ten (10) Calendar (not working days) days unless an Extension notice is given the Ten (10) Calender days from Extension the accused must be charged (see notice of Extension in segeration status enclosed) Dated 10/26/06

I (William Herbert Villar) was arrested on 10/23/06 I (William Herbert Villar) was given an Extension on 10/26/06 I William Herbert Villar) was not charged until 11/8/06 November 8, 2006 see Disciplinary Report 06-671 Lines Five (5) and Six (6) attached)

Ten Calendar days from 10/26/06 would have been 11/05/06 making that the day 11/05/06 that I (William Herbert Villar) should have either 1. been Given another Extension in segeration 2. charged or 3. Released from segeration custody I (William Herbert Villar) pointed this out to Hearing Officer CO.1 Linda Glenn (see page Ten (10) of statements of Record for Rule AR 403 III A attached) Hearing Officers Reply to me (William Herbert Villar) was Shut up!

I (William Herbert Villar) Tried To Explain several other AR403 Rule And Regulation Infractions To Hearing Officer CO.1 Linda Glenn (see Pages seven (7) Eight (8) Nine (9) And Ten (10) Attached) In which Easterling Correctional Facility And Captain Jeffery Knox were In Direct Violation Of These AR403 Rules And Regulations

Hearing Officer CO1 Linda Glenn Took The Papers (see Pages seven (7) Eight (8) Nine (9) And Ten (10) Attached) And Told me (William Herbert Villar) Again To (Quote Hearing Officer Linda Glenn) Shut up!

NEXT I (WILLIAM HERBERT VILLAR) SUBMITT TO HEARING OFFICER CO1 LINDA GLENN PAGE 11 ASKING HER (HEARING OFFICER CO1 LINDA GLENN) TO SIGN THE BACK OF ANY AND ALL STATEMENTS RECORDS OR IF ANY WITNESSES TO THIS CASE WAS TO BE FOUND IRRIEVANT AND TO PLEASE EXPLAIN IN WRITING WHY AS THE LONG TERM DAMAGING EFFECTS THESE CHARGES WILL HAVE ON MY (WILLIAM HERBERT VILLAR) CUSTODY IN PRESENT TIME AND IN THE FUTURE YEARS TO COME AS FAR AS PAROLE AND OTHER FAVORABLE CONSIDERATIONS BY THE DEPARTMENT OF CORRECTION AND BY THE DEPARTMENT OF PARDONS AND PAROLE (SEE PAGE ELEVEN (11) ATTACHED)

PAGES TWELVE (12 THROUGH FIFTEEN (15)) WERE TURNED IN NEXT I TRIED TO EXPLAIN TO CO1 HEARING OFFICER LINDA GLENN THAT I TOLD WARDEN MOSLEY THAT I HAD NO CONTACT WITH MY SONS BUT CO1 HEARING OFFICER LINDA GLENN TOLD ME (WILLIAM HERBERT VILLAR) TO SHUP UP AGAIN! (SEE PAGES TWELVE THROUGH (15) FIFTEEN) THESE PAGES REFLECT BEING TAKEN INTO CUSTODY AND THREATS MADE AGAINST MY (WILLIAM HERBERT VILLAR) FAMILY AND FRIENDS TO BE ARRESTED IF I (WILLIAM HERBERT VILLAR) DID NOT COOPERATE FULLY)(SEE PAGE FOURTEEN (14) ATTACHED)

HEARING OFFICER CO1 LINDA GLENN ASKED IF I (WILLIAM HERBERT VILLAR HAD ANY QUESTIONS FOR CAPTAIN JEFFERY KNOX I REPLIED YES WRITTEN AND ORAL (ACCORDING TO AR 403) (SEE PAGES SEVENTEEN (17) AND EIGHTEEN (18) ATTACHED )

HEARING OFFICER CO1 LINDA GLENN TOOK FROM ME PAGES SEVENTEEN (17) THROUGH TWENTY ONE (21) HOWEVER ONLY PAGES SEVENTEEN (17) AND EIGHTEEN (18) WERE QUESTIONS FOR CAPTAIN JEFFERY KNOX (SEE PAGES SEVENTEEN (17) AND EIGHTEEN (18) ATTACHED AT THE HEARING CAPTAIN JEFFERY KNOX ANSWED QUESTIONS TWO (2) FOUR (4) AND NINE (9) YET ALL QUESTIONS WERE ANSWERED WHEN MY (WILLIAM HERBERT VILLAR) COPY WAS GIVEN BACK TO ME (WILLIAM HERBERT VILLAR) IN THE SEGERATION OFFICE ON 11/18/06.

PAGES NINETEEN (19) THROUGH TWENTY ONE (21) WERE FOR THE WITNESSES DISALLOWED ME (WILLIAM HERBERT VILLAR) BY CO1 HEARING OFFICER LINDA GLENN (SEE DISCIPLINARY REPORT) LINES EIGHT (8) NINE (9) ALSO LINE EIGHTEEN (18) ONE (1) AND TWO (2) ATTACHED

According to Form Annex C to AR 403 Disciplinary
Report Page One (1) Line Three (3)
Captain Jeffery Knox Did charge me (William Herbert Villar)
with Rule #46 of Regulation #403 specifically Attempt
To Escape by Force Captain Jeffery Knox Further states
This Did occure on or About October 23, 2006 at Time 1:00P.M.
From Location Mr. Travis Whites office (see Disciplinary
Report 06-671 Lines # Three (3) And Four (4).)

On Pages Sixteen (16) And Seven Teen (17) Questions for
Hearing And Arresting officers Question Number Nine (9)
was Asked To Captain Jeffery Knox

9. At 1:00 P.M. I was Tutoring over At The Trade School
(see Roll Call Records of officer Temple)
How could I Allegedly be Escaping At The same Time on
October 23, 2006?

Answer by Captain Jeffery Knox
This Is Time Investigation was Investigated
(see Pages Sixteen (16) Seven Teen (17) Number Nine (9) continued
on Page Eighteen (18) These Statements Are on File In my
William Herbert Villars) Jacket As submitted and Excepted At
The Disciplinary Hearing by Hearing officer Col Linda Glenn):
(Record of Fact):

Hearing officer Col Linda Glenn States on Line Ninteen
(19) Disciplinary Report #06-671 on 10/23/06 At Approximately
1:00 P.M. In Mr. Travis Whites office Inmate William Villar
w/245066 Did Attemp To Escape by conspiring with several
Inmates To Escape by Force And Take A Hostage From
Easterling Correctional Facility There fore Inmate Villar was
In violation of Rule #46 Attempt To Escape by Force (see
Disciplinary Report #06-671 Line Ninteen (19)

The Answers And Statements of Captain Jeffery Knox From
Question #9 Nine on Pages Sixteen (16) And Seven teen (17) contidict
The Answer And Statements of Hearing office Col Lind Glenn
(Also see Records of Easterling correctional Facility Ingram collage Roll
Call And Class Sign In Sheets for 10/23/06 At 1:00 P.M. Also Sign In
sheet officer Temple Trade School officer):

Hearing Officer CO1 Linda Glenn then asked Captain Jeffery Knox to make a statement

Captain Knox stated that some reliable sources came and said that several inmates (William Villar) included were involved in a plan to try and escape by using force taking a nurse hostage and leaving out of the front gate. Captain Knox further stated that inmate Villar was going to steal a car from a store near the prison and then go to Mobile and steal money from his (inmate Villars) former place of employment. Captain Knox then stated that He (Captain Knox) had listened to phone calls and read letters by inmate Villar as evidence

At this time I asked Captain Jeffery Knox to play the recordings of the phone conversations and to produce the letters. I (William Herbert Villar) was told by CO1 Linda Glenn to shut up! I explained to hearing officer Linda Glenn that according to AR 403 I (William Herbert Villar) did have the right to ask oral questions. I also asked her hearing officer (CO1 Linda Glenn) to produce the phone records from Kilby prison and Easterling Correctional Facility because the last phone call I (William Herbert Villar) made was from Mobile County Metro Jail in 2005 right before Katrina hit my sisters (Agnes Albrittons) house. Hearing officer Linda Glenn again told me to shut up! No phone records recordings or letters we produced by either Captain Jeffery Knox hearing officer CO1 Linda Glenn or from any member of Easterling Correctional Facility

At this time hearing officer CO1 Linda Glenn said this hearing is over. I find you guilty by reason of Captain Knox statements. According to the AR 403 hearing officer CO1 Linda Glenn should have sent Captain Jeffery Knox and myself out of the room and studied all the physical evidence. I tried to explain this to hearing officer CO1 Linda Glenn but again she (CO1 hearing office Linda Glenn) told me (William Herbert Villar) to shut up and said I (CO1 Linda Glenn) recommend forty five (45) days Dog House time forty five days loss of privilages

IN Addition To The FORTY Five (45) DAYS Dog House Time
And FORTY Five DAYS (45) Loss OF PRiViLAges IMPosed
ON me (william HeRbeRT ViLLAR) by HeARiNg OFFiCeR
CO.1 LiNDA GleNN OF The ATTEMPT To EscAPe byForce
DiscIPliNARY RePORT Copies OF This DisciPliNARY weRe
SENT To The AlabAma DePARTMeNT OF CORRECTiONs
As well As To The DePARTMENT OF PARdONS AND
PARole

This AcTiON CAN ResulT IN me (william HeRbeRT ViLLAR)
BeiNg DeNieD PARole Adding YEARS ThAT I (william
HeRbeRT ViLLAR) MAy have To spend UN JusTly IN PRisON
Due To The FiNdiNgs OF This DisciPliNARy HEARiNg

ACCORDiNg To HebeAs CORPus 342 PuRsueNT To 28 U.S.C.A.
2254

The HebeAs CORPus STATuTe PROvides The Exclusive
FedeRAl Remedy FOR A PeRsoN who, being IN STATe
CusTody PuRsueNT To The STATe JudgemeNT OFA
STATE COuRT wishes To chAlleNge A SANCTioN ThAT AFFECTS
The leNgTh OF His CusTody (see HARRis V. COTTON couch
V. NORRis (8Th CiR. 2001) WAlkER V. O BRieN GReeNE V. TeNessee
DePARTMeNT OF CORRECTiONs The SANCTioN Need NOT be
The oNe IMPosed by The STATE ThAT PlAced Him IN STATE
CusTody, buT CAN be A AdmiNisTRATive SANCTioN IMPosed
oN him lATeR FOR misbehAvioR while IN CusTody PuRsuANT To
The STATes COuRT JudgemeNT (see E.G. MONTGomeRy V. ANDERsoN
(7Th CiR. 2001) WAlkER V. O BRieN GReeNE V. TeNNesse DePARTMeNT
OF CORRECTiONs I (william HeRbeRT ViLLAR) Am seRving a Life
seNTeNce with FOUR (4) TeN (10) YEAR seNTeNces RuNNiNg concuRReNT
PARole IS The only Relief by LAW FOR me (william HeRbeRT ViLLAR) AT
This PReseNT Time. The FiNdiNgs OF This DisciPliNARy HEARiNg CAN
ResulT IN uNFAiR YEARs Added To my (william HeRbeRT ViLLAR) Time

Line Twenty (20) on Disciplinary Report #06-671
Basis for Finding of Fact: Captain Knox Stated under
Oath That Inmate Villar Planned To Escape by Force
Several Inmates Some confidential sources And some
not Told Captain Knox That Inmate Villar was Planning To
Escape Through The Health care unit by Faking An Illness
And Taking A nurse Hostage Captain Knox Listened To Phone
Calls And Intercepted Inmates Villars mail And got Information
That Confirmed The Escape plan Inmates Villars Testimony
was not believeable (See Disciplinary Report #06-671 And Also
Disciplinary Report Optional Attached)

According To AR 403 (Rules used by The Department Of
Corrections AR 403 VI A #3
Arrest And Hearing Based on Confidential Sources States:
If The Arrest was Based on Information Recieved from
Confidential Source(s) The Following Procedures Should be
Followed:
VI 3A No Decision In A Disciplinary Proceeding may be
based upon Information unless There Is corrobating
Information That The Information Is True The Basis
For Excepting This Source As True Should be listed OR
Indicated In Item Eighteen (18) of Form 225B (See Line
Twenty (20) Disciplinary Report #06-671 Page Two (2) And Page
Four (4) Disciplinary Report optional continued Basis For
Finding Facts:

According To AR 403 VI 3A Statements Should have been
given by The confidential Source(s) To be Read And Heard
By The Hearing officer And Defendent At The Disciplinary
Hearing: Captain Knox said He had confidential sources
no Statements were Produced: Captain Knox Futher stated
He (Captain Knox) had Recordings of phone conversations
of Inmate Villar As well As letters belonging To Inmate
Villar (see Disciplinary Report #06-671 Line Twenty (20) Page
Two (2) Also Disciplinary Report optional) No Statements
letters, or phone recordings were Produced by Captain Knox
or Easterling Correctional Facility Even Though They were
Requested by Inmate Villar oraly And In writing
(continued Page Eleven (11))

ON PAGE FOURTeen (14) OF STATEMENTS TURNED IN TO HEARING OFFICER CO.1 Linda Glenn Lines one(1) Through Four(4) CAPTAIN KNOX Said That They had letters And Recorded Phone CONVERSATIONS I (william Herbert Villar) HAVE NOT SPOKEN To Anyone IN PERSON OR by TelePhone Since leaving mobile county METRO JAIL IN MARCH OF 2006 (PleASe See Records FROM K.lby PRISON And Phone And ViSiTATION RECORDS OF EASTERLING CORRECTIONAL FACILITY OF INMATE William HeRBERT VILLAR 245066 These Recordings were NOT PRESENTED NOR ANY leTTERS AT The Disciplinary HEARING Even Though They were Requested by william HERBERT VillAR To be Played And Read INMATE VillAR Should have been FOUND NOT GUilTY FOR lACK OF EvidenCe

I (william Herbert Villar) WAS Refused To HEAR OR EXAMINE ANY OF The Alleged Evidence To SUPPORT The CONFIDENTIAL SOURCES ACCUSATIONS I (william Herbert Villar) Did ASK HEARING OFFICER CO.1 Linda Glenn To Produce The letters And Play The Recordings As claimed To be IN EXisTENCE by CAPTAIN JEFFERy KNOX INHIS STATEMENTS IN AND ON line FiFTeen (15) OF DisCiPinARy RePORT #06-691  Request Denied by HEARING OFFiCER CO.1 Linda Glenn ACCORDING TO AR 403 ⅥI 3A There MUST be CORROBORATING INFORMATION OF Evidence To SUPPORT These AlligATions  NONE WAS Provided

I (william HeRBERT VillAR) have been Denied my (william HERBERT VillAR) Right To Due PRocess  According To AR 403 III D PREPARATION OF chARges  Page Three (3) OF AR 403 STATES:
The chARges Should be Filed And SERVed  within Ten (10 calendAR (NOT WORKING DAyS) DAyS AFTER The INMATE IS ARRESTED OR CHARGEd
I (william VillAR) WAS ARReSTed ON OCTOBER 23, 2006
I (william HeRBERT VillAR) WAS given AN EXTENSION NOTICE IN SEGERATION STATUS by Sgt. Lewis Hulett ON 10/26/06 FOR on going INVESTigATION (See ATTACHMENT 2 TO SOP C-30 FORM ATTACHED) TEN (10) CALENDAR dAyS WoUld have been ON 11/05/06 OR November 5, 2006

ON 11/05/06 I (william HERBERT VillAR) Should have been either one(1) Given ANOTHER EXTENSION IN SEGERATION  Two(2) ChARged OR Three (3) Released And SENT back To PoPulATION  NONE OF These were Done  ON 11/08/06 Three (3) DAyS AFTER Due PRocess I (william HeRBERT VillAR) WAS chARged  (See DisciPlinARy RePORT #06-691 lines one (1) ThRU SEVEN(7) This AlSO ViolATes my (william HERBERT VillAR) FourTeenTh Amendment Right To Due PROCESS:

12.

IN SO FINDING me (WILLIAM HERBERT VILLAR) GUILTY AND EVEN BEFORE being FOUND GUILTY I (WILLIAM HERBERT VILLAR) WAS THEN FROM 10/23/06 UNTIL PRESENT Time DENIED PROPER MEDICAL ATTENTION I (WILLIAM HERBERT VILLAR) have SUFFERED THREE (3) HEART ATTACKS (see MEDICAL RECORDS EASTERLING CORRECTIONAL FACILITY HEALTH CARE UNIT AND MRS. Floyd) I (WILLIAM HERBERT VILLAR) AM KEPT IN A ONE(1) MAN CELL WITH A STEEL DORE CONCRETE WALLS AND NO WAY OF CONTACTING ANY ONE Should I (WILLIAM HERBERT VILLAR) have ANOTHER HEART ATTACK I have INFORMED SEVERAL NURSES OF CHEST PAINS bUT WAS IGNORED AS THE NURSES WERE INFORMED THAT I (WILLIAM HERBERT VILLAR) HAD PLANNED TO TAKE ONE OF THEM AS A HOSTAGE I WAS given A bOTTLE OF NY TROGLYCRIN TABLETS NO VITALS HAVE been TAKEN SINCE 10/23/06 This IS A Violation OF my (WILLIAM HERBERTS VILLARS) EIGHTH AMENDMENT RIGHT TO MEDICAL TREATMENT. THIS IS CREWEL AND UNUSUAL PUNISHMENT by EASTERLING CORRECTIONAL FACILITY AND WARDEN MOSLEY I (William HERBERT VILLAR) AM HANDED MY blood PRESSURE Pill THROUGH A TRAY Hole IN The DOOR AND COMPLETLY IGNORED by The MEDICAL STAFF here AT EASTERLING CORRECTIONAL FACILITY EVEN Though I (WILLIAM HERBERT VILLAR) AM NOW AT WIC. HOLMAN I AM STILL DENIED PROPER MEDICAL CARE. STILL IN LOCK UP.

I (WILLIAM HERBERT VILLAR) HAVE been denied SERVERAL OF THE RULES AND REGULATIONS AR403 INSTEAD OF being CHARGED WITH RULE #46 ATTEMPT TO ESCAPE by FORCE I (WILLIAM HERBERT VILLAR) ACCORDING TO RULE AR403 #32 AS CAPTAIN FURTHUR STATES IN # FOUR(4) AND TO TAKE A HOSTAGE (see DISCIPINARY REPORT #06-671 #4) This is A SEPERATE CHARGE AND SHOULD NOT HAVE been INCLUDED IN THIS STATEMENT but ACCORDING TO AR403 III D. PREPARATION OF CHARGES All CHARGES ARE TO BE FILED ON A SEPERATE 225B (SAME AS 403 ANNEXC FORM) AND TO TAKE A HOSTAGE REFERES TO RULE #32 OF THE AR403

The DISCIPLINARY REPORT IN ITS WRITTEN FORM IS IMPROPER (see PAGE(14) AR403 RULES AND REGULATIONS PAGES SEVEN(7) AND EIGHT(8) OF ATTACHED STATEMENTS) CAPTAIN KNOX SHOULD HAVE CHARGED RULE #32 ON A SEPERATE AR403 FORM AND NOT PUT IT ON DISCIPLINARY 06-671 (See LINE #4 AND TAKE A HOSTAGE

HEARING OFFICER COI LINDA GLEEN SHOULD HAVE DISQUALIFIED HERSELF ACCORDING TO AR403 PROCEDURE BEFORE HEARING STATES: ANY PERSONEL WHO HAVE FORMED AN OPINION OF THE INNOCENCE OR GUILT OF THE CHARGED INMATE ARRESTING OFFICERS OR WARDENS MAY NOT SERVE AS HEARING OFFICER HEARING OFFICER COI LINDA GLENNS SUPERVISOR IS CAPTAIN JEFFERY KNOX ON LINE (20) BASIS FOR FINDING OF FACT HEARING OFFICER by HER ON STATEMENTS COI LINDA GLENN CLEARLY IS GOING ON ONLY THE WORD OF HER (HEARING OFFICER COI LINDA GLENN) SUPERVISOR CAPTAIN JEFFERY KNOX

Due TO THE POSITION AND POWER OF CAPTAIN JEFFERY KNOX AT EASTERLING CORRECTIONAL FACILTY AN OUTSIDER FROM ANOTHER CORRECTIONAL FACILITY OR DEPARTMENT OF CORRECTIONS WORKER SHOULD HAVE been BROUGHT IN AS A HEARING OFFICER TO PREVENT PREJUDICE TO EITHER WILLIAM HERBERT VILLAR OR CAPTAIN JEFFERY KNOX

The IMPORTANCE OF CAPTAIN JEFFERY KNOX DID CAUSE EXTREAM PREJUDICE TO WILLIAM HERBERT VILLAR by HEARING OFFICER COI LINDA GLENN see DISCIPLINARY REPORT 06-671 LINE 20 HEARING OFFICERS STATEMENTS TOWARDS INMATE VILLAR) HEARING OFFICER COI LINDA GLENN STATED CAPTAIN KNOX TESTIFIED UNDER OATH NO EVIDENCE LETTERS OR RECORDING PRODUCED EVEN THOUGH I (WILLIAM HERBERT VILLAR) SUBMITTED TWENTY ONE (21) PAGES OF FACTS WHICH COULD HAVE been AND STILL CAN BE SUPPORTED by RECORDS OF EASTERLING CORRECTIONAL PROFESSIONAL STAFF (TRADE SCHOOL) MEDICAL STAFF (HEALTH CARE UNIT) CORRECTION OFFICERS (DORM 9B AND TRADE SCHOOL OFFICER TEMPLE ROLL CALL SHEET VERIFIED by INMATE I.D. CARDS AT ROLL CALL) THE TESTIMONY OF INMATE VILLAR WAS ACCORDING TO HEARING OFFICER GLEEN (NOT BELIEVEABLE) I (WILLIAM HERBERT VILLAR) SHOULD HAVE been FOUND NOT GUILTY by TOTAL LACK OF PHYSICAL EVIDENCE AR403 III 3A

ACCORDING TO CONSTITUTIONAL LAW 272 (2) U.S.C.A.
CONSTITUTION AMENDMENT 14
PRISONS 13 (8,9)
INMATES FACING DISCIPLINARY PROCEEDING IS ENTITLED
TO NOTICE OF CLAIMED VIOLATION RIGHT TO CALL WITNESSES
AND PRESENT documENTARY evidence IN his behalf AND
WRITTEN STATEMENTS by FACT FINDERS AS TO evidence
Relied ON AND REASON FOR DISCIPLINARY ACTION
U.S.C.A. CONST. Amend 14 (see kevin F HEARIN V. STATE)
WITNESSES REQUESTED (see Line 8,9 ON DISCIPLINARY #06-671)
WITNESSES DENIED (see Line 18 #1. AND 2 of DISCIPLINARY #06-671)


13 (7.17)
WHERE ONLY evidence TO SUPPORT FINDING OF
PRISONERS MISCONDUCT IS TESTIMONY OF INVESTIGATING
OFFICER AND THAT TESTIMONY INDICATES THAT officers
decision WAS BASED ENTIRELY ON INFORMATION
Recieved FROM CONFIDENTIAL INFORMANTS There MUST
be SOME INDEPENDENT INVESTIGATION OF INFORMANTS
ReLiAbiLiTY by HEARING OFFICER USCA CONST 14


HEARING OFFICER COI LINDA Glenn ERRED by FAiling
TO INDEPENDENTLY INVESTIGATE The ReliAbiliTY OF
The CONFIDENTIAL INFORMANT U.S.C.A. CONST. 14
HEARING OFFICER ERRED IN FINDING INMATE VILLAR
GUILTY BECAUSE she based her findings soley on HEARSAY
evidence (see Line 20 DISCIPLINARY #06-671 BASIS of FACT)

The ARRESTING OFFICERS TESTIMONY (CAPTAIN KNOX) WAS
INSUFFICENT TO MEET The (SOME evidence) STANDARD
AND THAT The decision OF The HEARING OFFICER WAS
CONTRAY TO The GREAT weight OF The evidence
(see Line 20 DISCIPLINARY #06-671
ONLY HEARSAY evidence NO OTHER evidence
brought IN TO SUPPORT even Though Requested
by INMATE VILLAR.

IN CONCLUSION I (William Herbert Villar) Pray That This Honorable Court That Due To The Long Term effects of This Disciplinary Rule #46 of Regulation # AR403 will have on me (William Herbert Villar) FOR consideration of Parole by The Alabama Department of Pardons And Parole Adding AN Possible Unjust Number of Years I (William Herbert Villar) may have To Serve And FOR consideration of Any And All Favors considered FOR me IN my Favor by The Alabama Department of Corrections And According To Hebeas Corpus 342 Pursuent To 28 U.S.C.A. E-2254 Do Ask Pray And Petition This Honorable Court To

1. Remove Disciplinary #06-671 Specifically Attempt To Escape by Force From The File of William Herbert Villar 245066 At Easterling Correctional Facility As well As Personal File of William Herbert Villar Alabama Department of Corrections And The Files of The Alabama Department of Pardons And Parole

2. Grant A Judgement of Punitive Damages To William Herbert Villar 245066 FOR Violations
Of 1. First Amendment Right of Freedom of Religeon To Worship God IN A Religeious service Denied Church service

2. Eighth Amendment Right of Proper medical Care Which Constitutes Cruel And Unusual Punishment

3. mental Anguish Locked IN A one man cell Threats of Imprisonments of Family And Friends As well As Threats made by Captain Jeffery Knox Upon The Person of William Herbert Villar 245066

4. Total Disregaurd FOR The AR403 And Constitution of The Amendments of The United States of America by Hearing officer Co.1 Linda Glenn And Discrimination Due To Race (Caucasion) of William Herbert Villar 245066 by Captain Jeffery Knox And Hearing officer Co.1 Linda Glenn Amount Tobe Set by Court Of Five Hundred Thousand Dollars

5. To Transfer William Herbert Villar 245066 To Hamilton ANI For Proper medical Care

Respectfully Submitted This      OF           2007

Plaintiff  William Herbert Villar · 245066

William Herbert Villar 245066

ATTached STATemeNTS
Submitted To HeARing OFFiceR
CO.1 LindA Glenn ON November
13, 2006  AT DiSC.PliNARY HeARing
OF William HeRbeRT VillAR 245066
ENTeRed INTO RecoRdS OF
HeARiNg by CO1 LiNdA GleNN
copied ANd plAced INTO File
OF William HeRbeRT VillAR 245066

Also Rules OF AR 403 AS USed by
The AlAbAMA DePARTment OF CORRECT.oNS
FOR ViolAT.oNS ANd HeARiNgS
Excepted by HeARiNg OFFiceR CO1
LiNdA GleNN AS A RecoRd OF FACT
ON November 13, 2006

DiSC.PliNARY RePORT #06-671 ANd
ExTeNSioN 10/26/06 ATTAched

FOR purpose of appeal

HEARIN OFFICER

Because of the Severity of these allagations against me, and the long adverse consequences of these charges against me. I, (William Villar 245066) am formally Requesting

1. That this whole entire Hearing be Tape Recorded. If it is necessary To postpone this hearing, Please do so at your dicretion to make whatever arrangements you deem tobe necessary.

Thank you very much

2. I am also Requesting a copy of all 601 incident Reports, as well as all Body Charts of anyone alleged to be involved in and or injured in the above said incidents, such as administration, workers, officers, inmates or anyone else (male or female) alleged to be taken by Force, or other wise as a hostage. I ask for all of these documents to be notarized and for a copy of all such documents For the purpose of appeal or for the preparation of a trial should charges be Filed against me.

Respectfully
William villar 245066
11-9-06

Submitted to the Hearing Officer
for the purpose of appeal
Rule #46 Regulation #403

November 9, 2006

Attempt To Escape by Force

## Hearing Officer

According To Form Annex 403 Persuent To Form 225B Disciplinary Report Starting at Number (3) Captain Jeffery Knox Charged me (William Villar 245066) with Violation Rule #46 Attempt To Escape By Force From Regulation #403. According to Captain Jeffery Knox This did occure on or about October 23, 2006 at time 1:00 P.M. and the Location was a Mr. Travis White's office.

One (1.)      For The Record

On October 23, 2006, (a Monday) I (William Villar 245066) was called to The H.C.U. To see Mrs. Floyd, (Her Request - see News letter dated Monday october 23, 2006, To see Mrs. Floyd 11:30 a.m. appointment) (Also see Records of H.C.U. Mrs. Floyd) I (William Villar 245066) Reported at 7:30 a.m. for Vitals (see Sign in Sheet for October 23, 2006 Verified by Showing I.D. Card To The H.C.U. D.O.C. officer in charge of H.C.U.) and I (William Villar 245066) did not leave until on or about time 11:40 a.m. Please Explain to me, How I (William Villar 245066) could be Conspiring to escape by force with anyone at this time and place, as I, (William Villar 245066) was not only in the presence of Mrs. Floyd, but also clearly in the Presence of all the Nurses (The The nurses Took my Vitals) and medical staff as well as the correctional officer in charge of checking and signing in all inmates comming to

Submitted to The Hearing Officer
for The purpose of appeal
Rule #46 Regulation #403

November 9, 2006

## Attempt To Escape by Force

The H.C.U. (see sign in Book) Letting inmates and
other officers in and out the H.C.U. door, (Door
kept Locked) I (william villar 245066) was searched
when entering The H.C.U (standard Procedure) No
contriband was found. (I would have been detained).
after leaving H.C.U. I (william villar 245066) went
stright Back to Dorm 9B. (where I was housed) at
or about 12:30 P.M. I (william villar 245066) did
sign out To go To The Trade school where I
(william villar) 245066) was a tutor (see sign out
Book Dorm 9B). as usual officer Temple (Trade
school D.O.C. officer) called roll and checked I.D.
as inmates entered through the gate. (see
officer Temples Roll call list.) (Roll called at or about
12:35 P.M. By D.O.C. officer Temple). I Then stopped
at the clearks office to pick up my roll call
sheet. I also Let Dean Kimble I had returned from
The H.C.U. at on or about time 12:55 P.M I (william
villar 245066) at my assigned D.O.C. Job Did call
roll call. Present were students L.D. Brock,
Mr. Cruz, Mr. Galved, Mr. Kennedy and myself
(william villar 245066) So on October 23, 2006, on
or about time 1:00 P.M until on or about 3:00 P.M
I (william villar 245066) was locked in The G.E.D.
part of the Trade school in the presence of
Dean Kimble, officers and four (4) D.O.C. students
in a class room where I william villar was
Tutoring. (see roll call officer Temple and roll call

Submitted to the hearing officer
For the purpose of appeal
Rule #46 Regulation #403

#4 of 21

November 9, 2006

## Attempt To Escape by Force

For Dean Kimble and The Trade School) as I — William Villar 245066) was leaving the Trade School we (as is done twice a day) was completly stripped searched by D.O.C. Officer Temple. No weapons or contriband of any kind was found on my persons on in my belongings. I would have been detained. So where is the weapon that I (William Villar 245066) was suppose to use to take a hostage by force. Who is Mr. Travis White? Where is his (Mr. Travis White's) office? How was I (William Villar conspiring with him or anyone else to take a hostage at or about time 1:00 P.M.? When I (William Villar) was Tutoring at The Trade School? (a matter of fact - D.O.C. Records) After Trade I (William Villar 245066) Returned to Dorm9B where I (William Villar 245066) am housed. (See Time in Sheet. I was only there a brief time twenty (20) or thirty (30) minits before the cube officer told me to report to seg asap. I (William Villar) came stright to seg. Where Immediately I was placed in handcuffs and seperated from everyone until I was unhandcuffed and escorted to Warden Mosley's office. I (William Villar 245066) was then questioned by Warden Mosley, asst. Warden Davenport Captain Jeffery Knox, and other members of staff I do not know. I was then returned to Seg. I (William Villar 245066) an still in seg charged with attempt To Escape By Force.

To The Hearing officer
For The Purpose of appeal
Rule #46  Regulation #403

5.

November 9, 200_

attempt To Escape by Force

From the start of my day before being sent and put in seg. The only people I saw and spoke with are Mrs. Floyd, The nurses (took my vitals) correction officer at H.C.U. (verified my ID and searched me) 9B Dorm officer (told me to go to H.C.U. and to seg) officer Temple (checked me off at Roll call, checked my I.D going into the school, stripped searched me before leaving the Trade school. So Please Explain to me which one or one(s) of these people was I (william Villar 245066) Suppose To Conspire To attempt To Escape By Force with? Mrs. Floyd, The nurses, HCU officer, 9B officers Dean Kimble or officer Temple? you can see how ridiciouls This statement sounds. So far I have been told that the evidence against me is that of a confidential Source. at this time I am asking that the Disciplinary be dismissed Persuent To Regulation #403 VI a #3. Arrest and Hearing Based on confidential Sources. If the arrest was made upon information Recieved from confidential source(s) the following procedures should be followed VI (3a) No decision in a disciplinary proceeding may be based upon information from an undisclosed informant unless there is corroborating information or eveidence or unless of the Reliability of the source —

For The purpose of appeal                                Page 6 OF 21          6

Rule#46 Regulation #403                                                        6.

attempt To Escape by Force

satisfies the Hearing officer, that the information is True. The basis for excepting the source as Reliable Should be indicated in item 18 of Form 225B. To except the word of confidential sources would be to say That all the Evidence which I (william Villar 245066) have Factually Provided is unReliable. This is a paper Trail as well as witness who are Known And Respected here at Easterling. I have Shown Visible Evidence from MRS. Hoyd, seeing The NuRses, I.D checked by officeRs, searched and stripped searched not once but twice by being stripped and once shook down at the Time or about the charged attempt to Escape by force. Other facts at 1:00 P.M on october 23 shows. I (william Villar 245066) Was locked in The Trade School with officer Temple, Dean Kimble and others! so To say confidential sources are truthful would be to say The Records and Employees, correction officeRs, medical Staff and Dean Kimble are all UnReliable. If there was a consipercy To attempt To Escape by force on october 23, At time or about the time of 1:00 P.M. I (william villar 245066) by the Physical Proof which can be verified by checking Records of Easterling correctional Facility. These Records and Documents will verify My actions by proof of physical evidence that I was not involved.

Respectfully Submitted 11-9-06<br/>William Villar 245066

Attempt To Escape by Force
Rule # 46 FROM Regulation # 403
FOR The purpose of appeal          November 9, 2006
by Heabeas Potition
by William Villar 245066

Hearing Officer

I (William Villar 245066) am charged with Rule # 46 Regulation # 403 Specifically - attempt To Escape by Force. by Captain Jeffery Knox. Rule # 46 of — Regulation # 403 is written - (attempt To Escape by Force) an endeavor to escape, or conspire to escape by Force (see Rule # 45 above) Resulting in Recapture Prior to leaving state custody or other controlling agency. ON My annex C AR 403 Disciplinary Report (same as Al Doc Form 225 B. On # 3 I am Specifically Charged with Rule # 46 attempt To escape by Force. on line 4 it Reads Circunstances of the Violation(s) are as Pollows; Captain Jeffery Knox conducted an investigation and discovered that inmate william villar wlm — 245066, did conspire with several inmates to escape by force and take a hostage from Easterling Correctional Facility. In Rule # 46 Regulation 403 there is No mention of the word Hostage, Is this a direct attempt of the arresting officer to either - gain support for getting a guilty verdict on the accused, an over zealious and extream play of unnecessary words, or is this in fact a Second Charge against The accused? Either way according to the Circumstances on Line # 4 of Annex C AR 403 and to take a hostage. The Charge is written Wrong and Should be dismissed

Continued

Attempt To Escape by Force
Rule #46 From Regulation 403        Page 8 of 21
For the Purpose, of appeal
                                    by William Villar 24 5th November 9, 200

as the Phrase (and Take a hostage) actually
implies and Refurs to an additional Charge
See AR 403 Page 14 Rule #32 of Regulation # 403
it States;

32. Seizing or Holding of Hostages in any manner -
abducting any individual with the intent to hold
him/her For Ransom or Reward, to use him/her
as a shield, or to use him/her as an aid in
the commission of a felony or escape.

This is a Seperate Charge which Should not
have been Stated on this Annex C- AR 403-225B

III     See Procedure Befor Hearing
Page 3 AR 403 (January 30, 2003)
See III D. Preparation of Charges
A.L.D.O.C. Form 225 B Disciplinary Report
(annex C AR 403) items 1-4 must be completed
when the inmate is charged. If the inmates
actions in one incident Violates Various or Major
Rules, then the arresting officer may use his/her
discreation in which charges to bring. All offenses
growing out of the same incident, may be
charged at the same time (using Seperate 22
B Forms For each charge. The charge(s) should
be filed and served within Ten (10) calendar
days after the inmate is arrested. or charged.
If the charge is escape, the writer
of the incident Report, will complete an
incident Report, which will be notrized See (AR302)

Rule #46 From Regulation 403
For The purpose of appeal
by william villar 245066
November 9, 2006

It will include there in additional information such as contracts for evidence and testimony including law enforcement officers, free world witnesses and, ALDOC personel.

The Phrase and Take a hostage should not been anywhere on this 225B annex c AR 403 Form. It is misleading and does apply another charge which was not charged 10 calendar days after my (william villar 245066) arrest. I have not been given a notarized copy of the attemp to Escape within Ten working days see (AR 302) also see page 3 D. Preperation of Charges Line 6
   If the Charge is escape the writer of the incident Report will complete an incident Repor which will be Notarized.

also according my Right To Due Process has been Violated
according to Pag2 of AR403
III Procedure Before Hearing (Page 2)
(arrest or charge of inmate. III a)
The arrest and charge of an inmate for a Rule Violation may be made by any employee or contract medical employee of the A.L.D.OC. The person making the arrest or Charge is designated as the arresting officer. The arresting officer will appear as a witness at the Disciplinary Hearing. For the purpose of this Regulation ———

Attempt To Escape By Force
Rule 46 Regulation #403
For the purpose of appeal
by william villar 245066

An arrest is defined as-                    November 9, 2006
The taking of an inmate into custody, or making
a charge by the authority of this Regulation.
Federal Law, Alabama Law, or Municipal Law for
the purpose of charging him/her with an offense
or violation of a departmental administrative
Regulation. or institutional Rule and Regulation
of charges.
The arrest should be made within Ten(10)
calendar days after the violation is
reported, discovered, or within Ten(10)
calendar days after an escapee in an
escape charge is back in custody.
I (william villar 245066) was taken into
custody on october 23, 2006, I was not
charged until november 8, 2006. November 2,
2006 was Ten(10) calendar days, almost 1 week
over Due Process. Even if you count the
Notice of Extension I (william villar 245066)
was given on october 26, 2006.
I am Still three days past Due Process of
being charged, (6) days from the 23rd of October
and three(3) days from the 26th of october.
I am Respectfully asking that Since my
Right of Due Process according to AR 403
III (a) arrest and charge of inmate has been
Violated I am asking that all charge
be droped at this Time.

Continued    Attempt to Escape of Force
Rule #46 Regulation #403
For the purpose of appeal
by william villar 245066    10 B OF 21
November 9, 2006    10 B

I do thank you for you Patience as all
of the Charges against me are very
serious and will have a major effect on
me, Now and years To Come.
Thank you for your fairness in this matter
Respectfully yours
William Villar 245066

William Villar 245066

Submitted To The Hearing Officer

In The matter of William Villar 245066 November 9, 2006
Rule #46 From Regulation #403
Attempt To Escape By Force

11

Hearing Officer

If for any, and all Reasons that you may find any part of my statements, and questions, to The Hearing Officer, The arresting officer, any and all Witnesses Pursuaent to this case irrlevant, Please put your Name, Rank, date, and the Reason why the statement, or question was deemed tobe irrlevant by you on the back of said Document, as all statements and questions, From all parties involved will become a part of my permanent Records, tobe placed in my Jacket. any and all Records Are tobe Used in Further Court actions, and or hearings to Remove this Charge from my files, you may Also be subponed to testify in a court of law as to why you deemed these statements, and or questions to all parties concerned irrlevant due to the Serious nature, and long term damaging effects these Charges will have on my Future custody in the present Time, and in years to come, as Far as parole, and other favorabl considerations by The Department of corrections, and by The Department of Pardons and Parole. This Request is submitted tobe placed in my permant Records Under Penalty of The Law of PerJury. This Request also tobe used for the purpose of appeal

Respectfully Submitted
This 9th day of November 2006
by William Villar 245066
William Villar 245066

Witness
David Joseph Lowry
245466  11/13/06

D.T.C.P.Twork Hearing
Rule #46 Regulation #403
For The purpose of appeal
by william villar 245066

November 9, 2006

I am William villar 245066. I am over 21 years of age. I am capable, and able to make this statement Pursuient to 28 U.S.C. and 1746(a) under penalty of Law.

On October 23, 2006 after return in from the Trade School (where I was a Tutor) Which is a matter of Record. (See Dean Kimble and D.O.C. Officer Temple.) I was told to Report to the Seg Office by the Officer in the cube of 9 Dorm. When I Reported to Seg, I was placed in handcuffs and told I was under investigation by Captain Knox.
I was then unhandcuffed and Taken to see Warden mosley.

Upon arriving to warden mosleys office, there were several members of the E.C.F. Staff including asst. Warden Davenport, Captain Knox and others I did not know.
I was told to sit down and asked If I knew why I was there. My Response was no mam.
Warden mosley asked me if I was trying to leave Easterling? my Response was yes mam.
My family and I have been working towards a medical Transfer Due to the serious medical Proublems (family members unable to Travel Long

Statement continues
by william villar 245066
FOR THE PURPOSE OF appeal

distances, due to heart conditions that
run in my whole entire family (myself included)
Warden mosley abruptly cut me off and
Stated; "I knew why I was there!" I honestly
replied "I do Not Know" - again, abroptly
Warden mosley cut me off, and called
me a liar. I felt stressed, uncertain, and
intimidated. I was then hit with a bourage
of questions by captain Knox, asst. Warden
Davenport, and others I did not know. I
tried to answer each question (openly and honestly)
but was abruptly cut off, and called a liar
by Warden mosley. She became visibly upset
and yelled at me that, (you haven't told us
anything, and you are not going to tell
us anything.) captain Knox then asked
me who I was in contact with? I
responded, my brother, sisters, and a couple
of close friends. Then he (captain Knox) asked
me if I was in contact with my two sons?
I replied, I wrote them, but they have not
written me back. Warden mosley then asked, why
are you taking your time in answering my (her-
Warden mosleys) questions? and why was I
deliberly choosing my answers? I told her (warden
mosley) I was scared and unsure of what I was
being accused of. Again warden mosley called me

Statement Continued
by William Villar 245066
For The Purpose of appeal

a liar. Captain KNOX then said that they had
letters, and recorded Phone conversations that
my family was involved in helping me to leave
Easterling. (This is a falsehood as I have had no
verbal or visual contact with my family or friends
Since leaving Mobile county metro Jail for Kilby in
March of 2006) (See Phone and Visitation Records
from Kilby and Easterling Correctional Facility.)
Captain KNOX Futher said, my sons probation could
be revoked as he (my son) was under a no contact
order by the courts. Warden Mosley then said, I needed
sometime in lock up to decide if I wanted to
cooperate with them. As I was leaving I asked
asst. Warden Davenport why Warden Mosley kept
calling me a liar? He (asst. Warden Davenport) replies
I'm not the nice one! I saw Captain Knox a
couple days later in the Seg office. He (captain Knox)
said that if I did cooperate with I and I. He
(captain Knox) would help me. Captain Knox said Jand he
would see me on monday. On monday I was
taken to see Investigator Eric Bascomb
(Security Threat Group cooridnator) I was
Assured if I did cooperate that I would be
transfered that Very day. The Subject of my
sons probation if I had contact with him
was brought up. Being scared and fearful
that my sons probation would be revoked I
Signed the waver and I spoke with investigat

by William Villat 245066
For the purpose of appeal
15 of 21
by William Villar 245066
November 9, 2006

Bascomb. We spoke of different subjects Which investigator told me not to discuss With anyone; that he (investigator Bascomb) would be back in touch with me as this was an on going investigation. I told investigator Bascomb by that what we had talked about that I felt Like my life was in immediate danger. He (investigator Bascomb) informed me that he already knew some of what I had told him, but he — (investigator Bascomb) did feel my life was in danger, and He (investigator Bascomb) was going to see Warden Mosley, and have me transfered right then, that captin Knox should see me within an hour.

Since that time, I have not seen Captain Knox, Warden Mosley, or investigator Bascomb. I did cooperate fully and truthfully with investigator Bascomb. I was told I would be moved to another facility, (we discussed Kilby or Hamilton a N.I as I have health and medical proublens.) I kept my end of the bargin. I am still at Easterling. I will cooperate with investigator Bascomb. I am Respectfully Requesting to see investigator Bascomb at this time.

Respectfully Submitted
This 9th day of November 2006
William Villar 245066
William Villar 245066

Questions For The Hearing and arresting Officers

For The Purpose of appeal

Direct To captain Knox

12-0F-13
11-9-06
William Villar
245066
16 of 21

1. I am Charged With Rule #46. Specifically, Attempt To Escape By Force. Yet, Captain Knox States.

(Captain Jeffery Knox conducted an investigation, and discovered that inmate William Villar wlm 245066 did conspire with Several inmates to escape by force from Easterling Correctional Facility. Please help me to understand this., either I, (according to captain Knox) attempted To Escape by using Force, or I conspired To Escape by using Force? There is a major difference. These are Two Seperate Charges.

According to The Oxford Dictionary

attempt? - make an Effort To complete. (something (Typically, a difficult Task), or Action!

Effort? a vigorous, or determined attempt.

action? The Fact, or Process of doing something. (Typically To achieve an aim) A Thing Done!

Hostage? a person seized, or held as security for the fulfillment of a condition

The Phrase (By Force of). means - exercising authority by force of arms.

Conspire - make a secret plan to commit an unlawful, or Harmful act
To Talk about, Not To Do!

Attempt To Escape by Force
Rule # 46 Regulation # 403    Page 17 of 21
For The purpose of appeal
by William D, 11 GR 245066

②

November 9 2006

2. How can I be charged with an attempt to Escape, when no attemp was made by me to Escape? Attempt was made by planning escape Soliciting other Inmates to be involved. Planning & Surveilance.

3. Who did I allegedly use force on while allegedly Trying to Escape? No One, but was planning to.

4. From where, and when did I allegedly try to Escape? The dorms, Yard & Visitation yard were Areas planned to escape From.

5. Who was I supposedly with when I allegedly tried to Escape Planned to escape With Several other Inmates.

6. Who is MR. Travis White, and where is his office? Mental Health Counselor.

7. Who saw, and stopped me From allegedly Escaping? Attempt was Intercepted.

8. What hostage did I supposedly take by Force From Easterling correctional Facility during this alleged Escape, and what alleged force was Used No Hostage Planned to escape was intercepted.

9. At 1:00 P.M. I was Tutoring over at the Trade School (see Roll call Records of office Temple). How Could I allegedly be Escaping

Questions for the Hearing,
and arresting officer
For The Purpose of appeal

Direct To captain Knot

William Villar 245066
November 9, 2006

at the same time on october 23, 2006?
This is time Investigated was Investigated.

10. What alleged weapons, or conttiband was
found in my posession, on my person, or in
my belongings by the investigating officers?
None

11 Was anyone injured in this alleged attempt
to escape? No

B. If so, who, when, where, and by whom
were they Allegedly injured? Please Furnish Body Char-
No One was injured because Escape Plan was intercepted.

12. Who (if anyone) had force taken upon then
in this alleged escape attempt? Furnish Body Char-
Same Answer to question 11 Part B.

B By who, or whom was this alleged force
imposed? Please furnish 601 incident Report.
No One Plan Was Intercepted.

Hearing officer
Please provide for the purpose of appeal, any and
All communication, written statements, and
testimonies to these charges for The Purpose of
appeal. I humbly thank you for your fairness in
this matter.

Respectfully submitted
This 9th day of November
William Villar 245066

Questions for Wittnesses
Attemp To Escape By Force Rule #46
by William Villar 245066
FOR The PURpose of appeal
by William Villar 245066
11-9-06

Dave Pitts - NONE, I have his written statement in my statements

all other wittnesses
(UNdeR Penality of PeRjury PeRsuent to 28 u.s.c 1746(a)

1. We are charged with Rule #46 From Regulation #403
Attempt To Escape By Force.

according To The Oxford Dictionary
attempt - make an Effort to complete. (something (Typically, a difficult Task), or action!

Effort? - a vigorous, or determined attempt.

action? - The Fact, or Process of doing something. (Typically To achieve an aim) a Thing Done!

Hostage? - a person seized, or held as Security for the fulfillment of a condition

The Phrase (By Force of)? means - exercising authority by Force of arms.

conspire? make a secret plan to commit an unlawful, or Harmful act
To Talk about, NOT To DO!

Questions To Witnesses For The Purpose of appeal
attempt To Escape By Force - page 20 of 21
by William Villar 245066 11-9-06

Escape? Break Free from confinement or control,
or elude or get free from Someone.

Under Oath, and By Penality of The Law
Of Perjury. Having been given the exact
definition and meanings To the words
attempt, Escapt, and Hostage and The
Phrase By Force of, Have you With your own
Eyes seen me attempt (To Do) To Escape
By Taking a Hostage by Force (Not conspire)
From Easterling Correctional Facility?

Respectfully Submitted
This 9th day of November 2006
by William Villar 245066
William Villar 245066

11/8/06

My name is David Shane Pitts #247960

I am an inmate here at Easterling Correctional Facility
also I am over the age of 21 who can Read or write.

my name is David Shane Pitts #247960. I have only met
Inmate william villar 3 or 4 time at church, he told
me he was a tutor over at the School and I asked
if he would try to help me get into school he said he
would try.

We have never in no way talked or tried to Escape
from Easterling Correctional facilaty.

I do not Know what is going on or why I am
being treated the way that I am buy the State.

This letter that I have wrote here is the truth
it was done the 8th day of November 2006

X Shane Pitts #247960

Please Put this Statement in my Permanent File
william Villar
William Villar
Recieved          11-9-06