IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WILLIAM HERBERT VILLAR,          *
#245 066
    Plaintiff,                    *

       v.                         *        2:07-CV-134-WKW
                                                 (WO)
ALABAMA DEPARTMENT OF            *
CORRECTIONS, *et al*.,
                                 *
    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

I. INTRODUCTION

Plaintiff, Herbert Villar, is an inmate in the custody of the Alabama Department of Corrections. He filed this 42 U.S.C. § 1983 action on February 14, 2007 complaining that Defendants denied him adequate medical care and violated his Fourteenth Amendment right to due process during disciplinary proceedings. The complaint is filed against the Alabama Department of Corrections ["ADOC"], the Eastering Correctional Facility, Warden Gwendolyn Mosley, Captain Jeffery Knox, Sergeant Lewis Hulett, and Correctional Officer Linda Glen. Plaintiff seeks damages and injunctive relief.

Upon review of the complaint, the court concludes that dismissal of some of Plaintiff's claims and some of the named defendants prior to service of process is appropriate

in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

*A. The ADOC and Easterling Correctional Facility*

The Easterling Correctional Facility and the ADOC are not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Easterling Correctional Facility and the ADOC are "based on an indisputably meritless legal theory," and they are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. The Disciplinary Claim*

Plaintiff complains that Defendants falsely charged him with attempting to escape because they relied solely on information provided by a confidential reliable source. He contends that as a result of the disciplinary action, he has remained in segregation since October 2006. Plaintiff further complains he should have been released from segregation in November 2006, but instead has been improperly held in segregation as a result of Defendants' failure to comply with administrative regulations regarding the time frame

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

within which they should have charged him with disciplinary action. Additionally, Plaintiff contends that as a result of Defendant Knox's power and position within Easterling Correctional Facility, the failure to bring in an official from another correctional facility to conduct the disciplinary proceedings violated his right to a fair hearing. (Doc. No. 1, Attachment.)

Plaintiff's claim that Defendants denied him due process in regard to his misconduct charge does not state a violation of his constitutional rights. The Supreme Court has held that prison regulations on confinement of inmates do not create a liberty interest enforceable in a § 1983 action. *Sandin v. Conner,* 515 U.S. 472 (1995). In *Sandin,* the Court determined that the added restraint of prison discipline "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976), *quoted in Sandin,* 515 U.S. at 480.

Here, Plaintiff does not allege or show that his confinement in restricted custody as a result of the misconduct charge subjected him to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin* , 515 U.S. at 484, 115. Because Plaintiff has not alleged deprivation of a protected liberty interest, his complaints in relation thereto fail to state a due process claim based upon alleged procedural and/or administrative

errors or the alleged false charge. *See id.* at 487; *Griffin v. Vaughn,* 112 F.3d 703, 706 (3rd Cir. 1997).

Plaintiff contends that the disciplinary action in question might result in a denial of parole which could "add[] years that [he] m[ight] have to spend unjustly in prison." (Doc. No. 1 at pg. 14.) Plaintiff indicates that he is currently serving a life sentence along with four 10 year sentences running concurrently. (*Id*.)

"There is no constitutional or inherent right of a convicted person to be conditionally released [e.g., paroled] before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979). The Constitution of the United States does not require a state to provide a parole system. *See Pennsylvania v. Finley,* 481 U.S. 551 (1987). More importantly, inmates in the Alabama prison system possess no liberty interest in being granted parole as the State has a completely discretionary parole system. *See Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard v. Alabama Board of Pardons and Paroles*, 824 F.2d 937 (11th Cir. 1987). Here, Plaintiff's eligibility or non-eligibility for parole does not affect the manner in which he is confined and any impact his disciplinary for escape may potentially have on his future eligibility for parole is, without more, too attenuated to infer a liberty interest.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Easterling Correctional Facility and the Alabama Department of Corrections be DISMISSED with prejudice prior to service of process under

4

28 U.S.C. § 1915(e)(2)(B);

    2.  The Easterling Correctional Facility and the Alabama Department of Corrections be DISMISSED as parties to this cause of action;

    3.  Plaintiff's claims challenging his disciplinary proceedings be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B);  and

    4.  This case with respect to Plaintiff's allegation of inadequate medical care  be referred back to the undersigned for further proceedings.

    It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **March 28, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

DONE, this 15th day of March, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE