In The United States District Court
For The Middle District of Alabama
Northern Division

William Herbert Villar, 245066
    Plaintiff
    v.
Alabama Department of
Corrections, et, al.,
    Defendants

RECEIVED
2007 MAR 23 A 9:39
_____ P. HACKETT __
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

2:07-cv-134-WKW
    (wo)

---

Comes Now The Plaintiff

William Herbert Villar 245066 Pursuant To

Objection of The Recommendation of The Magistrate Judge To

II Conclusion

1. Plaintiffs claims against The Easterling Correctional Facility and The Alabama Department of Corrections be Dismissed with Prejudice Prior to Service of Process

2. The Easterling Correctional Facility and The Alabama Department of Corrections be Dismissed as Parties to This Cause of Action

3. Plaintiffs claims Challenging his disciplinary Proceedings be Dismissed With Prejudice:

1.

## The A.D.O.C. and Easterling Correctional Facility

### Absolute and Qualified Immunity from suit under Section 1983

Offical immunity whether absolute or qualified may bar a prisoner from obtaining damages under Section 1983 despite the Section 1983 does not facially provide for official immunity in determining which catagories of official action merit absolute immunity the court employs a "functional approach" and looks to the nature of the official function not to the identity of the official actor or to his or her employment title. Absolute immunity is designed to protect judicial functions, accordingly courts have granted absolute immunity to prosecutors at trial to judges and to other officials performing judicial acts even if absolute immunity is not available government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known this qualified immunity applies to the remaining official functions particularly executive functions such as those commonly performed by prison personnel or police officers If officials who usually perform judicial functions such as those involved in most prosecutional work are instead performing functions akin to those typically performed by executive officers such conduct merits only qualified not absolute immunity Immunity is a question for the court not the jury Appellate courts review qualified immunity dispositions de novo yet a government offical entitled to assert qualified immunity may not seek immediate appeal of a district court order denying his or her motion for summary judgement if the order is based upon a genuine issue of material fact:

see Hunter V. Bryant  Snyder V. Trepagnier (but see) Elden V. Holloway (5th cir 1998) Proper to leave immunity determination to Jury if disputed issues of material fact to immunity remain unresolved

## The Disciplinary Claim

Constitutional Law 272 (2) USCA Constitution Amendment 14
Prisons 15 (7)

Inmate had to be afforded minimum requirements of procedural due process at prison disciplinary wherein he lost liberty interest since liberty interest was implicated by loss of right to worship recreation yard removed from Crime Bill Program denied proper medical care restricted custody confinement which did subject to atypical and significant hardship(s) to Plaintiff (see Kevin Hearin V. State CR-98-1117) Violates First Amendment right to worship Eighth Amendment right of adequate medical care Right of Fourteenth Amendment Due Process of a fair and impartial hearing: First Amendment right of Religion.

## Conclusion

Before the Disciplinary Action by Easterling Correctional Facility and Captain Jeffery Knox I (William Herbert Villar) was able to tutor at the Trade School Participate in the SAP - Crime Bill Program go to church to worship as well as freely walk in the Recreation yard Recieve proper medical care the same liberties as other inmates with the same sentences and lived in non Restrictive custody Plaintiff had a Level Four (4) meadium custody rating

3.

This Disciplinary Action did subject Plaintiff to Atypical and Significant hardship as a Result of The misconduct Charges in Relation to The Ordinary incidents of Prison Life Plaintiff is Now in Restrictive Custody Locked down Twenty Four (24) hours A day Only Allowed Five (5) hours of exercise A Week (To Walk in A dog Type Cage) Allowed to Shower Once every other day (Where as before Disciplinary Shower Daily) Not Allowed to Attend Church or Recieve any Type of Religious Services And even denied Proper medical Care Plaintiff has had Three (3) Prior heart Attacks) Should A heart Attack occur There is No Way For Plaintiff to Contact help Locked in A one (1) man cell with no means of Communication given one (1) bottle of Nitroglycrin Tablets medication is handed Through A Tray hole in A Solid Steel door Vitals Taken Once A Month (maybe) Nurses bring medication in morning And Late at Night with no verbal contact when Told of Chest Pains will give A sick Call Slip. Plaintiff Was Also Closed out And up Graded To A Level Five (5) maximum Security Prison by The Alabama Department of Corrections:

This does violate in fact (not Theory) And does show deprivation of Plaintiffs Liberty Intrest Protected by The First Amendment Right of Religeon The Eighth Amendment Right of Adequate medical Care Also Eighth Amendment infliction or Cruel and Unusual Punishment of A Person Convicted of A Crime As well as Constitutional Law 272 USCA Constitution Amendment (14) Fourteen of Procedural due Process Right To A Fair hearing which Was clearly Violated by Easterling Correctional Facility Captain Jeffery Knox hearing Officer Col Linda Glenn The A.D.O.C. Submitted in Civil Action Case 2:07-CV-00134-WKW-SRW If Not For Disciplinary Action Constitutional Amendments would Not have been Violated The Disciplinary Proceedings Should Not be Dismissed but instead Reversed And Remanded: (see Kevin F Hearin V. State CR-98-1117 741 So 2d 1122 Washington V. State 690 So 2d 539-540

Submitted This 20th day of March 2007

signed William Herbert Villar 245066

4. William Herbert Villar 245066

CERTIFICATE OF SERVICE

I (William Herbert Villar) hereby certify I have served the forgoing by placing a copy of same in the United States Mail First Class Postage PrePaid And Addressed As Follows on This 20th day of March 2007

        Office of The Clerk
        United States District Court
        P.O. Box 711
        Montgomery, Alabama 36101-0711

    Signed William Herbert Villar 245066
      William Herbert Villar 245066

5.

William Herbert Villar 245006   M1-23A
J.C. Holman Correctional Facility
Holman 3700
Atmore, Alabama 36503

Legal Mail
Do not Censor

Office Of The Clerk
United States District Court
P.O. Box 711
Montgomery Alabama 36101-0711