**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **WILLIAM HERBERT VILLAR** | ) |
| | ) |
| **Plaintiff(s),** | ) |
| | ) |
| **v.** | ) |
| | )    **2:07-CV-134-WKW** |
| **ALABAMA DEPARTMENT OF** | ) |
| **CORRECTIONS, ET AL.** | ) |
| | ) |
| **Defendant(s).** | ) |
| | ) |

**SPECIAL REPORT**

COME NOW the remaining Defendants[1] in this action, **Jeffery Knox, Gwendolyn Mosley, Lewis Hulett and Linda Glenn**, by and through undersigned counsel, and in accordance with this Honorable Court's April 23, 2007 Order, offer the following written report.

**PARTIES**

1.    The Plaintiff, William H. Villar, is an Alabama Department of Corrections ("ADOC") inmate, who was incarcerated at the Easterling Correctional Facility in Clio, Alabama and who is currently incarcerated at Holman Correctional Facility.

2.    Plaintiff has named the following Defendants:

    a.    Gwendolyn Mosley, who serves as Warden III at Easterling Correctional Facility.

    b.    Jeffery Knox, who is a Captain at Easterling Correctional Facility.

---

[1] On April 23, 2007, the Plaintiff's claims against the Easterling Correctional Facility and the Alabama Department of Corrections were dismissed and these entities were also dismissed as parties to this case.

    c.      Lewis Hulett who is a Sergeant at Easterling Correctional Facility

    d.      Linda Glenn who is a Correctional Officer I, who also serves as a Hearing

Officer at Easterling Correctional Facility

## DEFENDANTS' EXHIBITS

In accordance with this Court's Order, the Defendants submit the following exhibits:

1.      Exhibit A – Affidavit of Warden III Gwendolyn Mosley (with attachments);

2.      Exhibit B – Affidavit of Captain Jeffery Knox (with attachments);

.3      Exhibit C – Affidavit of Correctional Sergeant Lewis Hulett;

3.      Exhibit D – Affidavit of Correctional Lieutenant Willie Bryant (with attachments); and,

4.      Exhibit E – Addendum to Affidavit of Correctional Lieutenant Willie Bryant (with attachments labeled Ex. 1 and Ex. 2).

## PLAINTIFF'S CLAIMS[2]

Plaintiff Inmate Villar's only remaining claim appears to be one for monetary relief based on allegations that he was provided inadequate medical care at Easterling Correctional Facility while confined there in segregation.  (See April 23, 2007 Order; also see March 15, 2007 Order, page 5, ¶ 4)

## DEFENDANTS' RESPONSE

Defendants respond to the Plaintiff Inmate Villar's complaint as follows:

---

[2]      The Plaintiff's First Amendment claim, as well as his claims challenging his disciplinary proceedings were dismissed with prejudice on or about April 23, 2007  (See Order dated April 23, 2007).

1.     Defendants deny Plaintiff's allegations and demand strict proof thereof.

2.     Defendants deny that any of Plaintiff's constitutional rights have been violated.

3.     Defendant Gwendolyn Mosley cannot be held liable under respondeat superior.

4.     Defendants assert the defenses of sovereign immunity and qualified immunity.

### Warden Mosley, Captain Jeffery Knox,  Sgt. Lewis Hulett, and Hearing Officer/COI Linda Glenn Should Be Dismissed With Prejudice As Parties To This Case

Plaintiff's claim against Sgt. Lewis Hulett appears to rise out of Sgt. Hulett's alleged failure to give Plaintiff his Miranda rights at the time of his arrest.  Plaintiff's claims against Linda Glenn arise out of matters relating to the Plaintiff's disciplinary hearing, specifically her role and rulings as his Hearing Officer.   Plaintiff's claims against Jeffery Knox rise out of events surrounding the Plaintiff's arrest and subsequent disciplinary hearing relating to the same.  However, these aforementioned claims appear to have been dismissed since the Court dismissed with prejudice Inmate Villar's  First Amendment claim as well as Inmate Villar's claims challenging his disciplinary proceedings. (See Order dated April 23, 2007 at ¶¶ 5 and 8)

It is difficult to determine, what, if any, specific claims the Plaintiff may have against Warden Mosley.  Regardless, the only claim that appears to remain is one for monetary relief arising from alleged inadequate medical care the Plaintiff received while in Easterling Correctional Facility's segregation unit.  Significantly, Inmate Villar does not set forth any set of facts that suggest any of the aforementioned Defendants were

responsible for the alleged inadequate medical care in question.  Hulett notes that he has no control over the Health Care Unit Staff.  (See Hulett Affidavit)

## ARGUMENT OF FACT AND LAW

**I.      No Constitutional Violation For Inadequate Medical Care And/Or Denial Of Medical Care Has Been Alleged**

It is well-settled that to establish liability under §1983 for inadequate medical treatment, a prisoner must show that the failure to provide him with medical care amounted to cruel and unusual punishment under the Eight Amendment of the United States Constitution.  *Estelle v Gamble*, 429 U.S. 97, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  That is, a prisoner must show his inadequate care arose from a "deliberate indifference to [his] serious medical needs."   This standard encompasses both objective and subjective components.  First, the prisoner must prove an objectively serious medical need, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow v West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation and citation omitted).  Second, the prisoner must show the prison official acted with deliberate indifference to that need.  To establish the requisite deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of a serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence."  *Brown v Johnson*, 387 F.3d 1244, 1351 (11th Cir. 2004).  Put generally, deliberate indifference is medical treatment that is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  *Rogers v Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986).  Such was clearly not the case here.

Furthermore, Inmate Villar was NOT, as he alleges, denied proper medical care. On October 23, 2006, Inmate Villar was placed in Administrative Segregation for investigation of Violation of Rules #46-Attempt to Escape by Force.  (See Addendum to Bryant Affidavit) That day, before Inmate Villar was placed in a segregation cell, Inmate Villar received a medical examination from the Health Care Unit.  (See Exhibit # 1 to Addendum to Bryant affidavit) This record reflects that Inmate Villar was in good condition upon admission and satisfactory condition upon discharge from the Health Care Unit. That day, on October 23, 2007, (sic) Inmate Villar was also seen by Dr. Darbouze for chronic care at which time his vital signs being taken.  (See Bryant Affidavit)

Inmate Villar, like all other inmates assigned to the Segregation Unit, received an orientation which was verbal as well as written regarding, among other things, procedures relating to sick call requests while assigned to the Segregation Unit.  (See Addendum to Bryant Affidavit).  With regard to sick call requests, said orientation states as follows: "Sick call screening will be held Sunday through Thursday, excluding weekends and holidays. When routine medical attention is needed, notify the nurse in writing, during the second pill call, at approximately 11:00AM….If an emergency situation arises, advise the officer on duty in the block"  (See Administrative Segregation Orientation  Easterling Correctional Facility, ¶ 12, at Exhibit #2 to Addendum to Bryant Affidavit)

Moreover, Inmate Villar was not nearly as isolated as he would have one believe. To the contrary, medical staff visits Easterling's Segregation Unit at least three (3) times each day.  (See Hulett Affidavit; Also See Knox's Affidavit) Consequently, not only was Inmate Villar afforded the opportunity on a daily basis to submit a Sick Care Request to a member of the medical staff, he was also afforded the opportunity to see a Supervisor at

least three (3) times a day.  (See Mosley Affidavit; Also See Knox's Affidavit)  Further, in addition to the medical staff's visits, the security staff conducts a security check every thirty minutes on all inmates.  (See Addendum to Bryant Affidavit)  And, notwithstanding Inmate Villar's indications to the contrary, segregation cells are not sound proof and have a window, a door with a window and a tray door.  (See Addendum to Bryant Affidavit)

Finally, although Inmate Villar obviously had numerous opportunities to report his complaint to a staff member, he did not do so.  (See Knox's Affidavit) Significantly, after he was transferred to Holman, Inmate Villar signed a waiver refusing to be seen on sick call on January 28, 2007.  (See Bryant affidavit)

## II.    Warden Mosley

Inmate Villar's claims against Warden Mosley fail to the extent Inmate Villar may be attempting to hold Warden Mosley liable for Inmate Villar's purported lack of medical  care  under the doctrine of respondeat superior.  A prisoner simply cannot rely on theories of vicarious liability or respondeat superior to establish liability pursuant to §1983.  *See Cook, ex. Rel. Estate of Tessier  v Sheriff of Monroe County, Fla*., 402 F.3d 1092, 1115-16 (11th Cir. 2005).  Instead, Section 1983 requires proof of an affirmative causal link between the official's acts or omissions and the alleged constitutional deprivation.  *See Zatler v Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  The causal connection may be proven by showing the official (1) was personally involved in the acts or omissions which resulted in the constitutional deprivation; (2) established a policy or custom that resulted in the constitutional deprivation; or (3) breached a duty imposed by state  or  local  law.  *Id.*  A failure to adequately train subordinates "constitutes an

actionable policy or custom for §1983 purposes 'only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [subordinates] come into contact.'"  *Cook*, 402 F.3d at 1116 (quoting *City of Canton v Harris*, 489 U.S. 378, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989)).  Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.  The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and she fails to do so.  *Cross v Alabama Dep't. of Mental Health & Mental Retardation,* 49 F.3d 1490, 1508 (11th Cir. 1995) (quoting *Brown v Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)); accord *Dean v Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) ([A]) supervisor may be held liable under §1983 if the supervisor had personal involvement in the constitutional deprivation or if a sufficient causal connection exists between the supervisor's conduct and the constitutional violation.)

To survive a motion for summary judgment, Inmate Villar must present evidence creating a genuine issue of material fact.  Although a pro se plaintiff, Inmate Villar is not absolved of his duty to provide the Court with specific facts showing that there is a genuine issue for trial.  *Brown v Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Inmate Villar has presented no evidence and makes no argument against Warden Mosley that she either personally participated in the alleged constitutional violation or instigated or adopted a policy that violated Inmate Villar's constitutional rights.[3]  See *Hill v Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176 at 1192 (11th Cir. 1994), abrogated on other grounds

---

[3]    Supervisory personnel cannot be held liable under §1983 for the actions of their subordinates under a theory of respondeat superior.  *Monell v Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).

by <u>Hope v Pelzer</u>, 536 U.S. 730, 739 (2002).  In light of Villar's failure to state a claim for which relief can be granted, all claims against Warden Mosley must be dismissed with prejudice.

###  III .   Warden Mosley, As Well As The Other  Defendants, is immune from suit.

This case should also  be dismissed because Warden Mosley, as well as the other Defendants, is immune from suit.  The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry.  *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890).  The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest.  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984).  "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit."  *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendants should be dismissed based on immunity.

In addition, the Defendants are protected by qualified immunity.  As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials

and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'"   *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).   The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979).   The Defendants have not violated Inmate Villar's clearly established rights; thus, they are entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law.   WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING (KIN047)
Attorney General


 /s/  MARY GOLDTHWAITE
Mary Goldthwaite (GOL013)
Assistant Attorney General
Counsel for Defendants

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 353-9189
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 13th day of June, 2007, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

William Herbert Villar, #245066
Holman Correctional Facility
Holman 3700
Atmore, AL  36503

  /s/  MARY GOLDTHWAITE
OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066 )
    Plaintiff, )
     )
     )
VS. )
     )    CASE NO. 2:07-CV-134-WKW
     )
ALABAMA DEPARTMENT OF )
CORRECTIONS, et al., )
    Defendant (s) )

## AFFIDAVIT

    Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Gwendolyn Mosley, who being known to me and being by me duly sworn, deposes and says under oath as follows:

    My name is Gwendolyn Mosley, and I am presently employed as Warden III, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

    On October 23, 2006, Mr. Travis White, (Mental Health Management Staff), informed Captain Jeffery Knox that he had an inmate in his office with some information about an escape plot. Captain Knox questioned the inmate and found that Inmate William Villar, #245606, and several other inmates were involved. It was revealed that Inmate Randy Nichols, #117491, was the mastermind behind the plot to escape (Exhibit #1). I questioned Inmate Villar about the incident. Inmate Villar denied having any involvement in the escape plot. Inmate Villar was placed in our Administrative Segregation pending further investigation. An extensive investigation was conducted by our Investigation and Intelligence Investigator (I&I). On November 8, 2006, Inmate Villar was served a Disciplinary for violation of Rule #46-Attempt to Escape by Force (Exhibit #2). I have no evidence that Inmate Villar's Due Process was violated.

    Inmate Villar was given a written notice of his charges at least 24 hours prior to his Disciplinary Hearing.. He was permitted to attend the hearing. He was permitted to call a reasonable number of witnesses and to prepare and submit written questions to the Hearing Officer.

    Inmate Villar was not falsely arrested. The Medical Staff visits our Segregation Unit at least three (3) times each day. Inmate Villar was afforded the opportunity to submit a Sick Call Request.

    I have seen no evidence that Inmate Villar's constitutional rights have been violated.

_Gwen C. Mosley_
GWENDOLYN MOSLEY

**EXHIBIT**
**A**

Affidavit – Gwendolyn Mosley
Civil Action – 2:07-CV-134-WKW
Page 2

SWORN TO AND SUBSCRIBED TO before me this the 29th day of

_Ghauch_, 2007.

_Susan Bohannon_
NOTARY PUBLIC

My Commission Expires: 1-16-08

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: **Easterling Correctional Facility** | 2. Date: **October 23, 2006** | 3. Time: **1:00 P.M.** | 4. Incident Number: **ECF 06-1271** | Class Code: **C** |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: **Dormitory #9, B-Side** | 6. Type of Incident: **RV#46-Attempt To Escape By Force** |
|---|---|

| 7. Time Incident Reported: **2:00 P.M.** | 8. Who Received Report: *Gwendolyn C. Mosley* **Gwendolyn C. Mosley, Warden III** |
|---|---|

9. Victims:

| | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | N/A |
| b. | | No. | |
| c. | | No. | |

10. Suspects:

| | Name | No. | AIS | | Name | No. | AIS |
|---|---|---|---|---|---|---|---|
| a. | Wood, James | No. | W/M 246878 | f. | Goldsmith, Joe | No. | B/M 143142 |
| b. | Villar, William | No. | W/M 245066 | g. | Williams, Otis | No. | B/M 112991 |
| c. | Nichols, Randy | No. | W/M 117491 | h. | Addison, Jeffery | No. | W/M 163724 |
| d. | Johnson, Don | No. | W/M 149934 | i. | Clark, David | No. | W/M 248446 |
| e. | Pitts, David | No. | W/M 247960 | j. | Johnson, Chase | No. | W/M 248222 |
| | | | | k. | Cole, Norris | No. | B/M 162745 |
| | | | | l. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

N/A

13. Description of Evidence:

N/A

14. Chain of Evidence:

a. N/A
b.
c.
d.
e.

15. Narrative Summary:

On October 23, 2006, at approximately 1:00 P.M., Mr. Travis White, Mental Health Management Staff, summoned Captain Jeffery Knox to his (Mr. White) office. Mr. White informed Captain Knox that Inmate Wood, James, W/246878, had some information. Inmate Wood reported to Mr. White's Office. Inmate Wood informed Captain Knox in the presence of Mr. White that he had some information about an escape plot. Inmate Wood reported that three weeks prior, while he was getting some water in Dormitory 9B, he overheard Inmate Villar, William, W/245066, talking about escaping with Inmate Nichols, Randy, W/117491. Inmate Wood reported that he was interested in escaping from Easterling. Inmate Nichols was the mastermind behind the plot and informed Inmate Wood to attend the afternoon church services for more details about the escape plot. Inmate Wood reported that he attended several afternoon Chapel Services and the following inmates were in attendance: Inmates Nichols, Villar and Johnson, Don, W/149934, and Pitts, David, W/247960. Inmate Wood reported that they talked about escaping from Easterling. Inmate Johnson was from Ariton, Alabama and knew the area. The first escape plan was for all the inmates to attend Chapel Service on October 29, 2006 and escape during darkness when the officer assigned to the Chapel dozed-off. If the officer did not doze off, the plan called for one of the inmates to stick the officer with a weapon that was made in the Maintenance Shop. Inmate Wood reported that each of the inmates involved did not want to hurt any staff members but Inmate Nichols wanted to kill the Officer to show that they meant business. Once the Inmates were inside the Visitation Building, they would go through the front windows of the building because the windows did not have any metal guards over the windows. The inmates planned to cut the fence and run to the Exxon Gas Station

Distribution:   ORIGINAL AND ONE (1) COPY to Central I & I Division          COPY to Deputy Commissioner of Operations (Class A and B ONLY)
                COPY to Institutional File                                    COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>**Easterling Correctional Facility** | Incident Number:<br>**ECF 06-** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>**October 23, 2006** | Type of Incident:<br>**RV#46-Attempt To Escape By Force** | |

Narrative Summary (Continued) Page No. 2

on Highway #10 and a vehicle would be there with keys. Inmate Johnson's mother would furnish the vehicle along with $1,000 dollars. The inmates planned to conduct several robberies and steal different vehicles until they reached Mobile, Alabama. When they reached Mobile, the plan was to rob the Pilot Trucking Company. Inmate Villar was employed with the company and informed the inmates that the company kept a large amount of money and company checks on hand. The inmates would proceed to Mexico. Inmate Woods reported that they asked him to be a part of the plan because of his physical size so he could strong-arm the officer if it was needed. Inmate Woods reported that another plan was for Inmate Nichols to get housed in the Health Care Unit by faking to have a seizure and Inmate Villar would get housed by cutting himself or complaining of a heart problem. Both inmates would wait until 2nd Shift conducted Diabetic Pill Call and the remaining inmates would rush the Health Care Unit and take a Nurse hostage. Inmate Nichols would kill a Nurse and the inmates would take a Nurse hostage and be allowed to leave the facility. Once the inmates were allowed to walk out of the prison, they would run to the Exxon Gas Station and a female named Theresa Guy (White Female, 3117 Callie De Coretez Drive, Navarre, Florida, 30566, Telephone Number 334-296-3424) would pick up the inmates and drive them to Mobile where they would rob the Trucking Company. Inmate Wood reported that he did not want to participate in the escape and was afraid to report it to any staff members. Inmate Wood reported that he telephoned his ex-wife (White Female, Jerris Wood, 801 Geneva Street, Prattville, Alabama, Telephone Number 334-491-1507) and informed her of the escape plot. Mrs. Wood advised Inmate Wood that she would talk to a church member that was a FBI Agent and ask him to visit with Inmate Wood to discuss the matter. Inmate Wood reported that he wrote a letter explaining the details to his ex-wife and she wrote him a letter advising that she had spoken to the FBI Agent. Captain Knox monitored Inmate Wood's call to Mrs. Wood and heard Inmate Woods discussing the matter with Mrs. Wood and asking if she had spoken to the FBI Agent. At approximately 2:00 P.M., Captain Knox informed Warden Gwendolyn Mosley and Deputy Warden Carter F. Davenport of the escape plot. Inmate Wood was escorted to the Administrative Building and questioned by Warden Mosley, Deputy Warden Davenport and Captain Kenneth Scoryers. Inmate Wood repeated the same aforementioned information. Inmate Wood was placed in the Administrative Building Holding Cell. At Approximately 4:00 P.M., Inmate Villar was escorted to the Administrative Building and questioned. Inmate Villar denied having any knowledge about the escape plot. Inmate Villar admitted that he was employed with the Pilot Trucking Company. Inmate Villar was escorted to the Health Care Unit and examined. Inmate Villar was placed in Administrative Segregation. At approximately 4:30 P.M., Inmate Pitts was escorted to the Administrative Building and questioned. Inmate Pitts denied having any knowledge about the escape plot. Inmate Pitts was escorted to the Health Care Unit and examined. Inmate Pitts was escorted to Administrative Segregation and placed in Administrative Segregation. At approximately 4:50 P.M., Inmate Duff was escorted to the Administrative Building and questioned. Inmate Duff denied having any knowledge about the escape plot. On October 24, 2006, at approximately 10:00 A.M., Captain Knox briefed I & I Investigator Eric Bascomb about the escape plot. Mr. Bascomb began an investigation into the plot. Captain Knox continued to investigate the incident until November 1, 2006. Captain Knox questioned several of the inmates involved in the plot and other inmates throughout the facility and obtained information about the details of the escape plot. Captain Knox discussed the information with Mr. Bascomb and collectively determined that the following inmates were involved in the escape plot. Inmates Nichols and Villar were the masterminds behind the plot. Both inmates actively recruited inmates that had lengthy sentences. Inmate Johnson was recruited because he lived in the area and provided details of the highways throughout the area. Captain Knox obtained information that Inmate Johnson's mother (Mary Flowers, SSN 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 P.O. Box 194, Ariton, Alabama 36311, Telephone Number 334-762-9890) would leave a vehicle with the keys left inside of it at the Exxon Gas Station near the prison, and $1,000 dollars would be left in the vehicle to be used in the escape. Inmate Pitts was an active member of the escape plot and attended several meetings and conspired to escape. Inmate Goldsmith, Joe, B/143142, was recruited to escape because he had a lengthy sentence and provided the location of a house in Pike County near the Springhill Community where the inmates could hideout if needed. Inmate Williams, Otis, B/112991, was recruited because he had a lengthy sentence and his physical size would be used if force had to be used. Inmate Addison, Jeffery, W/226761, was recruited because he could get inmates assigned to various programs and the Trade School. The plan was to steal wire cutters from the Trade School to be used to cut the fence. Inmate Clark, David, W/248446, was recruited because he was friends with Inmates Nichols and Villar and he volunteered to be a part of the escape. Inmate Johnson, Chase, W/ 248222, volunteered to be a part of the escape and had an escape history and knew Inmate Nichols. Inmates Johnson and Nichols are known Aryan Nation members. Inmate Cole, Norris, B/162745, was assigned to the Maintenance Department and confirmed that he made five (5) knives in the Maintenance Shop and did make a deal with Inmate Nichols. Inmate Cole exchanged store goods with Inmate Nichols for trading three (3) inmate-made knives. Inmate Cole admitted to making the knives. All of the aforementioned inmates were examined by the Health Care Unit staff, and placed in Administrative Segregation for their participation in the escape plot. Several institutional searches were conducted by Easterling Correctional Staff and the Central, South Central and Southern C.E.R.T. Teams. No weapons or tools were discovered. The Maintenance Department installed window guards on the front windows of the Visitation Building. Enhanced Security procedures were taken in the Health Care Unit and the Chapel. This incident is pending further investigation. See attached Medical Reports.

Jeffery Knox, COSII

1. INMATE : **Villar, William**        CUSTODY: **Medium**    AIS NO.: **W/M 245066**

2. FACILITY: **EASTERLING CORRECTIONAL FACILITY**

3. The above named inmate is being charged by **Captain Jeffery Knox** with violation of Rule **#46** , specifically **Attempt To Escape By Force** from Regulation # **403**, which occurred on or about **October 23 , 2006** at (time) **1:00** (pm), Location: **Mr. Travis White's Office** . A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **Captain Jeffery Knox conducted an investigation and discovered that Inmate William Villar, W/M 245066, did conspire with several inmates to escape by force and take a hostage from Easterling Correctional Facility.**

5. Date **11/8/06**        **Jeffery Knox, COSII**
   Arresting Officer / Signature / Rank
   **Jeffery Knox, COSII**

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **8TH** day of **nov.** , 2006, at (time) **12:17** (am/pm).

7. Serving Officer / Signature / Rank        **William Villar 245066**
   Inmate's Signature / AIS Number

8. Witnesses desired?    NO _____
   Inmate's Signature        (YES) **William Villar**
   Inmate's Signature

9. If yes, list: **ALL THE INMATES THAT WERE INVOLVED IN THE PLOT**

10. Hearing Date **11 - 13 - 06**    Time **4:52 p.m.**    Place **Segregation Office**

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is) is not capable of representing himself.
    Signature / Hearing Officer

13. Plea: **Wil. Villar, Inmate** Not Guilty _____ Guilty

14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): **I received information that Inmate William Villar was involved in a plan to try and escape using force. I conducted a thorough investigation. Several inmates, some reliable sources, and some just volunteered to give information, told me that Inmate Villar planned to escape through the Health Care Unit by faking an illness to get up there, then take a nurse hostage and go through the front gate. Also, that Inmate Villar also had a plan to steal a car at the store above the prison once outside the gate, and go to the place of his former employment in Mobile, which is a trucking company, and steal some money there to continue on. I read mail and listened to phone calls that also confirmed this information. An inmate in Trade School admitted to me that Villar asked him to make knives in the Trade School to assist with this escape. Lie**

Annex C to AR 403 ( Page 1 of 2 pages )    **(Con't)**

Witness: **N/A**                    Substance of Testimony: **N/A**

Witness: _____                    Substance of Testimony: _____

Witness: _____                    Substance of Testimony: _____

17.    The Inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

*Linda Glenn COI*
Signature / Hearing Officer

18.    The Following witnesses were not called        -    reason not called
   1. **No witnesses were called because Inmate Villar gave no inmate names or other**
   2. **witnesses' names.**
   3. _____

19.    After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that : **On 10/23/06, at approximately 1:00 PM, in Mr. Travis White's Office, Inmate William Villar, W/245066, did attempt to escape by conspiring with several inmates to escape by force and take a hostage from Easterling Correctional Facility.  Therefore, Inmate Villar was in violation of Rule #46-Attempt to Escape by Force.**

20.    Basis for Finding of Fact:  **Captain Jeffery Knox stated under oath that he conducted an investigation which revealed that Inmate Villar planned to escape by force.  Several in-mates, some confidential sources and some not, told Captain Knox that Inmate Villar was planning to escape throught the Health Care Unit by faking an illness and taking a nurse**

21.    Hearing Officer's Decision:        **X**    Guilty                    **(Con't)**
                                                      Not Guilty

22.    Recommendation of Hearing Officer: **Hearing officer recommends 45 days Disciplinary Segregation and 45 days loss of privileges.  *Inmate earns 40 days for every 30 served. Good time balance:  1 year, 1 month, 14 days.  (Life Sentence).**

*Linda Glenn COI*
Signature / Hearing Officer

**Linda Glenn, COI**
Typed Name and Title

23.    Warden's Action – Date    *11-16-06*
   Approved      *Kenneth Scroupin, CoII*
   Disapproved  _____
   Other (specify)  _____

24.
   Reason if more then 30 calendar days delay in action.  _____

25.    I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the *18* day of *November* 2006, at (time) *7:35* (am) pm).

*J.W.*
*Inmate Refused To Sign Same*          *Inmate Refused To Sign Same will*
Signature / Serving Officer / Title    *will COI*  Inmate's Signature and AIS Number    *COI*

Witness:  __N/A__                           Substance of Testimony:  __N/A__

Witness:  _____                    Substance of Testimony:  _____

Witness:  _____                    Substance of Testimony:  _____

17.  The Inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_Linda Glenn_ CoI
Signature / Hearing Officer

18.  The Following witnesses were not called    -    reason not called
   1.  __No witnesses were called because Inmate Villar gave no inmate names or other__
   2.  __witnesses' names.__
   3.  _____                     _____

19.  After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
   The Hearing Officer finds that :  __On 10/23/06, at approximately 1:00 PM, in Mr. Travis__
   __White's Office, Inmate William Villar, W/245066, did attempt to escape by conspiring__
   __with several inmates to escape by force and take a hostage from Easterling Correctional__
   __Facility.  Therefore, Inmate Villar was in violation of Rule #46-Attempt to Escape by__
   __Force.__

20.  Basis for Finding of Fact:  __Captain Jeffery Knox stated under oath that he conducted an__
   __investigation which revealed that Inmate Villar planned to escape by force.  Several in-__
   __mates, some confidential sources and some not, told Captain Knox that Inmate Villar was__
   __planning to escape throught the Health Care Unit by faking an illness and taking a nurse__

21.  Hearing Officer's Decision:           __X__   Guilty                          **(Con't)**
                                         _____   Not Guilty

22.  Recommendation of Hearing Officer:  __Hearing officer recommends 45 days Disciplinary__
   __Segregation and 45 days loss of privileges.  *Inmate earns 40 days for every 30 served.__
   __Good time balance:  1 year, 1 month, 14 days.  (Life Sentence).__

_Linda Glenn_ CoI
Signature / Hearing Officer
**Linda Glenn, COI**
Typed Name and Title

23.  Warden's Action – Date   _11-16-06_
   Approved   _Kenneth Sconyers, CoII_
   Disapproved   _____
   Other (specify)   _____

24.  _____
   Reason if more then 30 calendar days delay in    _____
   action.   _____                         _____

25.  I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
   Named inmate on this the _18_ day of _November_ 2006, at (time) _2.35_ (am/ pm).
   _J.W._
   _Inmate Refused To Sign Name_   _Inmate Refused To Sign Name will_
   Signature / Serving Officer / Title   _will CoI_  Inmate's Signature and AIS Number   _CoI_

(Page 2 of 2 pages)

Easterling

*(INSTITUTION)*

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_

AIS NO: _W245066_ CELL: _5 A 15_

VIOLATION OR REASON: _R/U R 46_

ADMITTANCE AUTHORIZED BY: _Capt Knox_

DATE & TIME RECEIVED: _10-29-06_

DATE & TIME RELEASED:

PERTINENT INFORMATION:

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|---|---|---|---|---|---|
| 1/14/07 | MORN | Y | | | | | | | | Hartae |
| | DAY | | N | | | R | | | | B. Anthony |
| | EVE | | | y | y | | | | | J. Scott |
| 1/15/07 | MORN | Y | | | | FR | | | | McLeod |
| | DAY | Y | N | | | | | | | Over |
| | EVE | Y | | y | n | | | | | J. Scott |
| 1/16/07 | MORN | Y | | | | | | | | McFerr |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 1/12/07 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 1/18/07 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 1/19/07 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 1/20/07 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*(INSTITUTION)*

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villas_    AIS NO: _W 245066_    CELL: _5a/15_

VIOLATION OR REASON: _Rv #46_

ADMITTANCE AUTHORIZED BY: _Capt. Knox_

DATE & TIME RECEIVED: _10·23·06_

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|---|---|---|---|---|---|
| Jan 7 07 | MORN | 4 | | | | | | | | David Johnson C01 |
| | DAY | | N | | | | | | | |
| | EVE | Y | | y | N | | | | | Delrngle Robson |
| Jan 8 | MORN | 1 | | | | | | | | Mchud |
| | DAY | Y | | Ly | | + | | | | Jones - Bart |
| | EVE | | | y | y | | | | | Deus Ken |
| Jan 9 | MORN | X | | | | | | | | RM |
| | DAY | | Y | | | | | | | D.Bug |
| | EVE | | | y | N | | | | | S.Seay |
| Jan 10 | MORN | Y | | | | | | | | A. wil |
| | DAY | Y | Y | | | ISRB | | | | |
| | EVE | | | y | y | | | | | Deus Ken |
| Jan 11 | MORN | N | | | | | | | | Mchud |
| | DAY | Y | | y | | R | | | | Barke |
| | EVE | | | y | N | | | | | Delrngle Robson |
| Jan 12 | MORN | N | | | | | | | | Burde |
| | DAY | | Y | | | R | | | | Kirp |
| | EVE | | | y | y | | | | | L.Ball |
| Jan 13 07 | MORN | Y | | | | | | | | RM |
| | DAY | | Y | | | R | | | | Bart |
| | EVE | | | Y | N | | | | | Steve Ken |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.
**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)
**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
      9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:** Physician will sign each time the inmates is seen.
**Psych:** Psychological Counselor will sign each time the inmate is seen.
**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
      and include date, signature, and title.
**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Esterling*
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: William Villar    AIS NO: W/245066    CELL: 5A-15

VIOLATION OR REASON: tnv # 46

ADMITTANCE AUTHORIZED BY: Capt. Knox

DATE & TIME RECEIVED: 10-23-06

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---------|---------|---------|-----|----------|---------------|-------------|-----------|----------------|
| 12/30/06 | MORN | Y | | | | | | | | O. Scott |
| | DAY | | N | | | | | | | |
| | EVE | | | Y | Y | | | | | DeAngelo Fortson |
| 1/1/07 | MORN | Y | | | | | | | | R.S. |
| | DAY | | N | | | R | | | | Boatwright |
| | EVE | | | Y | N | | | | | Young |
| 1/2/07 | MORN | Y | | | | | | | | Harris |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | Y | | | | | W. Senn |
| 1/3/07 | MORN | Y | | | | | Waddell | | | James |
| | DAY | | Y | | | ISRB | | | | R. Barnes |
| | EVE | | | Y | N | | | | | J. Scott |
| 1/4/07 | MORN | Y | | | | | | | | Verdell |
| | DAY | | Y | | | Rain | | | | |
| | EVE | | | Y | Y | | | | | DeAngelo Fortson |
| 1/5/07 | MORN | | | | | | | | | Senora Porter |
| | DAY | | Y | | | Rain | | | | |
| | EVE | | | Y | N | | | | | L. McClung |
| 1/6/07 | MORN | Y | | | | | | | | DeAngelo Fortson |
| | DAY | | Y | | | Yog | | | | Scanlon |
| | EVE | | | Y | Y | | | | | DeAngelo Fortson |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

EhSterlin6
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_                AIS NO: _W245066_   CELL: _5A-15_

VIOLATION
OR REASON: _IRV. # 46_

ADMITTANCE
AUTHORIZED BY: _Capt Knox_

DATE & TIME
RECEIVED: _10.23.06_

DATE & TIME
RELEASED:_____

PERTINENT
INFORMATION:_____

| DATE | SHIFT | B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/24 /06 | MORN | Y | | | | R | | | | Charlie Haynes |
| | DAY | | N | | | | | | | Mill J. |
| | EVE | | | Y | N | | | | | Jordan |
| 12/25 /06 | MORN | Y | | | | Rain | | | | J Bryant |
| | DAY | Y | N | | Y | | | | | Pri lee. |
| | EVE | | | Y | Y | | | | | L McClary |
| 12/26 /06 | MORN | Y | | | | Rain | | | | Sm |
| | DAY | | Y | | | | | | | Jolee |
| | EVE | | | | Y | | | | | m |
| 12/27 /06 | MORN | Y | | | | JSRB | | | | Verdell |
| | DAY | | Y | | | | | | | Willishing |
| | EVE | | | Y | Y | | | | | Campbell |
| 12/28 /06 | MORN | Y | | | | R | | | | Verdell |
| | DAY | | Y | | | | | | | Sm |
| | EVE | | | Y | N | | | | | J Scott |
| 12/29 /06 | MORN | Y | | | | R | | | | Mcleod |
| | DAY | | Y | | | | | | | Boatwright |
| | EVE | | | Y | Y | | | | | M. SCATFE COE |
| 12/30 /06 | MORN | Y | | | | R | | | | A Jour ew |
| | DAY | | Y | Y | N | | | | | Camp |
| | EVE | | | | | | | | | MeTum |

**Pertinent Info:**  i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:**  Shower- Yes (Y); No (N); Refused (R)

**Exercise:**  Enter Actual Time Period and Inside or Outside (i.e.,
                     9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:**  Physician will sign each time the inmates is seen.

**Psych:**  *Psychological Counselor will sign each time the inmate is seen.*

**Comments:**  i.e., Conduct; Attitude, etc.  *Use reverse side for additional comments
                     and include date, signature, and title.

**OIC Signature:**  OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_    AIS NO: _W/245066_ CELL: _5A12_

VIOLATION OR REASON: _INV # 46_    ADMITTANCE AUTHORIZED BY: _Capt Knox_

DATE & TIME RECEIVED: _10-23-06    525 Pm_    DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 12/17/06 | MORN | Y | | | | | | | | R. Beulah |
| | DAY | | N | | | | | | | JAv |
| | EVE | | | Y | Y | | | | | D. Jostrom |
| 12/18/06 | MORN | N | | | | | | | | J. Lowe CO |
| | DAY | Y | | | | | | | | |
| | EVE | | | Y | N | | | | | McGin |
| 12/19/06 | MORN | Y | | | | | | | | McCoy |
| | DAY | | Y | | | R | | | | Comin |
| | EVE | | Y | Y | | | | | | D. Dingle Jostrom |
| 12/20/06 | MORN | Y | | | | | Mitchell | | | Middle |
| | DAY | Y | Y | | N | ISRB | | | | McCollins |
| | EVE | | | Y | N | | | | | McCollin |
| 12/21/06 | MORN | Y | | | | | | | | Camila Brown |
| | DAY | | Y | | | R | | | | |
| | EVE | | Y | N | N | | | | | D. Allen |
| 12/22/06 | MORN | Y | | | | | | | | Verdell |
| | DAY | Y | | | | Rim | | | | Barr |
| | EVE | | | Y | N | | | | | J. Scoot |
| 12/23/06 | MORN | Y | Y | | | | | | | |
| | DAY | | | | | R | | | | |
| | EVE | | Y | Y | Y | | | | | McGin |

**Pertinent Info:** *i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.*
**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)
**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:** Physician will sign each time the inmates is seen.
**Psych:** Psychological Counselor will sign each time the inmate is seen.
**Comments:** *i.e., Conduct; Attitude, etc.* *Use reverse side for additional comments and include date, signature, and title.
**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_    AIS NO: _W/245066_ CELL: _5A12_

VIOLATION OR REASON: _Inv. #46_    ADMITTANCE AUTHORIZED BY: _Capt Knox_

DATE & TIME RECEIVED: _10/23/06 525pm_    DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/10/06 | MORN | Y | | | | | | | | M. Brinn |
| | DAY | | N | | | R | | | | S. anthony |
| | EVE | | | Y | N | | | | | J. Wells |
| 12/11/06 | MORN | Y | | | | | | | | R. Bell |
| | DAY | | Y | | | R | | | | Boatwright |
| | EVE | | | Y | Y | | | | | D. McClurry |
| 12/12/06 | MORN | Y | | | | | | | | T. Lee |
| | DAY | | Y | | | R | | | | R. Barnes |
| | EVE | | | Y | R | | | | | D. Scott |
| 12/13/06 | MORN | Y | | | | | mitchell | | | M. Reed |
| | DAY | | Y | | | ISRB | | | | M. Ellum |
| | EVE | | | Y | Y | | | | | |
| 12/14/06 | MORN | Y | | | | | | | | Verdell |
| | DAY | | X | | | N | | | | Boatwright |
| | EVE | | | Y | N | | | | | Whitehead |
| 12/15/06 | MORN | Y | | | | | | | | Jordan |
| | DAY | | Y | | | R | | | | Price |
| | EVE | | | Y | Y | | | | | T. Scott |
| 12/16/06 | MORN | Y | | | | | | | | J. Burks |
| | DAY | | Y | | | R | | | | Arnwright |
| | EVE | | | Y | N | | | | | Bryant |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

Custer Corry
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: William Villar

AIS NO: 10/24507dp CELL 5A-12

VIOLATION OR REASON: Inv. #46

ADMITTANCE AUTHORIZED BY: Capt. Cook

DATE & TIME RECEIVED: 10/23/06 5:25 pm

DATE & TIME RELEASED:

PERTINENT INFORMATION:

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 12/3/06 | MORN | Y | | | | | | | | N. Burden |
| | DAY | | N | | | R | | | | Boatwright |
| | EVE | | | Y | X | | | | | Joel |
| 12/4/06 | MORN | Y | | | | | | | | A. Drew |
| | DAY | Y | Y | | | Q | | | | J. Anthony |
| | EVE | | Y | N | | | | | | McDonal |
| 12/5/06 | MORN | Y | | | | | | | | J. Bryant |
| | DAY | Y | Y | | | R | | | | Jerome Porter |
| | EVE | | | Y | Y | | | | | J. Latt |
| 12/6/06 | MORN | Y | N | | | | Birkhead | | | Verdell |
| | DAY | | | | | JSRB. | | | | Salery (CO) |
| | EVE | | | Y | N | | | | | McCa |
| 12/7/06 | MORN | Y | | | | | | | | Jama |
| | DAY | Y | Y | | | R | | | | Coleman |
| | EVE | | | Y | Y | | | | | B. |
| 12/8/06 | MORN | Y | | | | | | | | Jordan |
| | DAY | Y | Y | | | R | | | | A. Lee |
| | EVE | | | Y | N | | | | | CO. |
| 12/9/06 | MORN | Y | | | | | | | | RBA |
| | DAY | Y | U | | | R | | | | J. Boatwright |
| | EVE | | | Y | Y | | | | | McDon |

Pertinent Info: i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

Meals/ SH: Shower- Yes (Y); No (N); Refused (R)

Exercise: Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

Medical: Physician will sign each time the inmates is seen.

Psych: Psychological Counselor will sign each time the inmate is seen.

Comments: i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

OIC Signature: OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: William Villor   AIS NO: WR45066   CELL: 5A-12

VIOLATION OR REASON: Inv. #46   ADMITTANCE AUTHORIZED BY: Capt. Knox

DATE & TIME RECEIVED: 10/23/06 5:25pm   DATE & TIME RELEASED:

PERTINENT INFORMATION:

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 11/26/06 | MORN | Y | | | | | | | | V. Burden |
| | DAY | Y | | | | | | | | |
| | EVE | | | Y | N | | | | | Grimsley |
| 11/27 | MORN | Y | | | | | | | | |
| | DAY | Y | Y | Y | Y | R | | | | Woodson for Vas |
| | EVE | | | | | | | | | McClin |
| 11/28 | MORN | Y | | | | | | | | Daney |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | N | | | | | Slan |
| 11/29 | MORN | Y | | | | | | Mitchell | | J. Bryant |
| | DAY | Y | Y | | | all RB | | | | S. Anthony |
| | EVE | | | Y | N | | | | | Campbell |
| 11/30 | MORN | Y | | | | | | | | |
| | DAY | | Y | | | R | | | | Candy |
| | EVE | | | Y | N | | | | | Grimsley |
| 12/1 | MORN | Y | | | | | | | | Beddi |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | Y | | | | | Baito |
| 12/2/06 | MORN | Y | | | | | | | | Charlie Harper |
| | DAY | | Y | | | R | | | | Siler, cpl |
| | EVE | | | Y | N | | | | | McClin |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_  AIS NO: _W/245066_ CELL: _5A-12_

VIOLATION OR REASON: _Inv. #46_

ADMITTANCE AUTHORIZED BY: _Capt. Knox_

DATE & TIME RECEIVED: _10-23-06  5:25 pm_

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----|------|------|----------|----------|
| 11/19/06 | MORN | Y | | | | | | | | |
| | DAY | | N | | N | R | | | | |
| | EVE | | | Y | Y | | | | | |
| 11/20 | MORN | Y | | | | | | | | |
| | DAY | | Y | Y | N | P | | | | |
| | EVE | | | | | | | | | |
| 11/21 | MORN | Y | Y | | | | | | | |
| | DAY | | | | | Declante | | | | |
| | EVE | | | Y | Y | | | | | |
| 11/22 | MORN | Y | | | | | | R | | |
| | DAY | | Y | | N | ISRB | | | | |
| | EVE | | | Y | N | | | | | |
| 11/23 | MORN | Y | N | | | R | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | Y | Y | | | | | |
| 11/24 | MORN | Y | | | | | | | | |
| | DAY | | N | | | Cancel | | | | |
| | EVE | | | Y | N | | | | | |
| 11/25 | MORN | Y | | | | | | | | |
| | DAY | | N | | | R | | | | |
| | EVE | | | Y | Y | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
          9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
          and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Easterling Correctional Facility*
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: *William Villes*

AIS NO: *W/ 245006* CELL: *5B.R*

VIOLATION OR REASON: *INV.*

ADMITTANCE AUTHORIZED BY: *Capt Knox*

DATE & TIME RECEIVED: *10.23.06    5:25 pm*

DATE & TIME RELEASED:

PERTINENT INFORMATION:

| DATE | SHIFT | MEALS B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---------|---|---|----|----|------|------|----------|---------------|
| 11/12 | MORN | Y | | | | | | | | *Chris Finch* |
| | DAY | | | | | *R Brown* | | | | |
| | EVE | | | Y | n | | | | | |
| 11/13 | MORN | Y | | | | | | | | |
| | DAY | | Y | Y | Y | R | | | | |
| | EVE | | | | | | | | | |
| 11/14 | MORN | Y | | | | | | | | *K Richardson* |
| | DAY | | Y | | | R | | | | |
| | EVE | | Y | Y | N | | | | | |
| 11/15 | MORN | Y | | | | | *Mitchell* | | | |
| | DAY | | Y | | N | ISL43 | | | | |
| | EVE | | Y | Y | Y | | | | | |
| 11/16 | MORN | Y | | | | | | | | |
| | DAY | | Y | Y | W | R | | | | |
| | EVE | | | | | | | | | |
| 11/17 | MORN | Y | | | | | | | | N Richardson |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | Y | | | | | |
| 11/18 | MORN | Y | | | | | | | | *James* |
| | DAY | | Y | Y | N | R | | | | |
| | EVE | | | | | | | | | |
| 2006 | | | | | | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Easterling Corr. Facility*
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: *William Vilas*           AIS NO: *112450016*   CELL: *SB.12*

VIOLATION OR REASON: *Inv.*            ADMITTANCE AUTHORIZED BY: *Capt. Knox*

DATE & TIME RECEIVED: *10.23.06*   *5:25 pm*     DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 11/5/06 | MORN | N | N | | | R | | | | Johnson, Col |
| | DAY | | | | | | | | | B. Anthony |
| | EVE | | | Y | Y | | | | | Gorton |
| 11/6/06 | MORN | Y | | | | R | | | | Wilson |
| | DAY | | Y | | N | | | | | Seraja Porter |
| | EVE | | | Y | | | | | | J. Scott |
| 11/7/06 | MORN | N | | | | R | | | | J. Hom |
| | DAY | | Y | | | | | | | Berasa Porter |
| | EVE | | | Y | Y | | | | | J. Scott |
| 11/8/06 | MORN | Y | | | | | Mitchell | | | Hines |
| | DAY | | Y | Y | N | ISRB | | | | B. Sw |
| | EVE | | | | | | | | | Fri |
| 11/9/06 | MORN | Y | | | | R | | | | men |
| | DAY | | Y | | | | | | | Siegel |
| | EVE | | | Y | Y | | | | | McCain, Col. |
| 11/10/06 | MORN | Y | | | | R | | | | Hines |
| | DAY | | N | | N | | | | | B. Sw |
| | EVE | | | Y | N | | | | | Diaz |
| 11/11/06 | MORN | Y | | | | R | | | | N. Cushinton |
| | DAY | | Y | | | | | | | Col. Siler |
| | EVE | | | Y | Y | | | | | J. Scott |

Pertinent Info:  i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

Meals/ SH:  Shower- Yes (Y); No (N); Refused (R)

Exercise:  Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

Medical:  Physician will sign each time the inmates is seen.

Psych:  Psychological Counselor will sign each time the inmate is seen.

Comments:  i.e., Conduct; Attitude, etc.  *Use reverse side for additional comments and include date, signature, and title.

OIC Signature:  OIC must sign all record sheets each shift.

DOC FORM N912

*Sterling Correctional Facility*
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: *William Villar*    AIS NO: *245066*    CELL: ___ SB/12 SH 20

VIOLATION OR REASON: *Investigation*    ADMITTANCE AUTHORIZED BY: *Capt Knox*

DATE & TIME RECEIVED: *10-23-06  5:25PM*    DATE & TIME RELEASED: ___

PERTINENT INFORMATION: ___

| DATE | SHIFT | B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/29 | MORN | Y | | | | | | | | Chris Knox |
| | DAY | | N | | | R | | | | new |
| | EVE | | | Y | N | | | | | Grimsley |
| 10/30 | MORN | Y | Y | | | | | | | A-Lipscos |
| | DAY | | | | | | | | | Jones |
| | EVE | | | Y | Y | | | | | Davis |
| 10/31 | MORN | Y | Y | | | R | | | | M Jordan |
| | DAY | | | | | | | | | Tyler |
| | EVE | | | Y | N | | | | | L McCurvey |
| 11/1 | MORN | Y | | | | | MixRoll | | | |
| | DAY | | Y | | | #SRB | | | | R Jones |
| | EVE | | | Y | Y | | | | | J Scott |
| 11/2 | MORN | N | | | | | | | | R H |
| | DAY | | Y | | | R | | | | R H |
| | EVE | | | Y | N | | | | | J S Scott |
| 11/3 | MORN | N | | | | | | | | Jordan |
| | DAY | | Y | | | R | | | | T S Anthony |
| | EVE | | | Y | Y | | | | | L McCurvey |
| 11/4 | MORN | Y | | | | | | | | A. Wil |
| | DAY | | Y | | | R | | | | Branch |
| | EVE | | | Y | N | | | | | McGee |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.
**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)
**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:** Physician will sign each time the inmates is seen.
**Psych:** Psychological Counselor will sign each time the inmate is seen.
**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.
**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_    AIS NO: _245066_    CELL: _SA-20_ ~~SB-12~~

VIOLATION OR REASON: _Investigation_

ADMITTANCE AUTHORIZED BY: _CapT Knox_

DATE & TIME RECEIVED: _10-23-06    5:25pm_

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 10/23/06 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | Y | N | | | | | L. Scott |
| 10/24/06 | MORN | Y | | | | | | | | O. Scott |
| | DAY | | Y | | | R | | | | CO Tyler |
| | EVE | | | Y | N | | | | | L. Scott |
| 10/25/06 | MORN | Y | | | | | Mitchell | | | Wee |
| | DAY | | Y | | | ISRO | | | | B. Banks |
| | EVE | | | Y | Y | | | | | |
| 10/24/06 | MORN | Y | | | | | | | | Vardell |
| | DAY | | Y | | | Cancel | | | | Conner |
| | EVE | | | Y | Y | | | | | Davis |
| 10/27/06 | MORN | C | | | | | | | | McLEOD |
| | DAY | | Y | | | rain | | | | McClain |
| | EVE | | | Y | R | | | | | L McGaurey |
| 10/28/06 | MORN | Y | | | | | | | | DRM |
| | DAY | | Y | | | R | | | | Boatwright |
| | EVE | | | Y | Y | | | | | McJann |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066      )
    Plaintiff,      )
              )
    VS.      )
              )     CASE NO. 2:07-CV-134-WKW
              )
ALABAMA DEPARTMENT OF      )
CORRECTIONS, et al.,      )
    Defendant (s)      )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared <u>Jeffery Knox</u>, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is <u>Jeffery Knox</u>, and I am presently employed as <u>Correctional Captain</u>, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

On October 23, 2006, at approximately 1:00PM, Captain Jeffery Knox began an investigation into an escape plot from Easterling Correctional Facility. Captain Knox obtained information that Inmate Villar, William, W/245066, was involved in the escape plot. Inmate Villar was escorted to the Administrative Building Conference Room and questioned by Warden Gwendolyn Mosley and Captain Knox. Inmate Villar denied having any involvement in the escape plot. Inmate Villar was escorted to the Health Care Unit. Inmate Villar was examined. Inmate Villar was escorted to Administration Segregation (Exhibit #1) pending further investigation. Inmate Villar was served with a Detention Notification advising him that he was being investigated for a violation of Rule #46, Attempt to Escape by Force. An extensive investigation was launched by the Senior Administrative Staff at Easterling and Investigation and Intelligence Investigator Eric Brascom. On November 8, 2006, at approximately 12:17AM, Inmate Villar was served a Disciplinary for violation of Rule #46, Attempt to Escape by Force (Exhibit #2). Inmate Villar was afforded the opportunity to list witnesses. On November 13, 2006, at approximately 4:52PM, Inmate Villar attended a Disciplinary Hearing that was conducted by Officer Linda Glenn. The hearing was conducted in accordance with Administrative Regulation 403. Inmate Villar was found guilty and received (45) days Disciplinary Segregation and (45) days Loss of Privileges (Exhibit #3). Captain Knox submitted a sworn testimony that he had obtained information that Inmate Villar was involved in the escape plot and his involvement could be corroborated by numerous facts that was listed in his Institutional and Medical File. Inmate Villar's claims are false. Inmate Villar was not falsely arrested and he received due process. Inmate Villar was afforded access to medical care. A nurse walked throughout the Segregation



EXHIBIT

*B*

Affidavit – Jeffery Knox
Civil Action – 2:07-CV-134-WKW
Page 2

Unit at least three (3) times each day and Inmate Villar was afforded the opportunity to submit a Sick Care
Request and see a Supervisor at least three (3) times a day. Inmate Villar did not report his complaint to
any staff member. Please refer to the attached copies of the Incident Report and Form 912 (Exhibit #4).

 I have not violated Inmate Villar's constitutional rights.


_____
JEFFERY KNOX


SWORN TO AND SUBSCRIBED TO before me this the 29th    day of
March              , 2007

                                    _____
                                    NOTARY PUBLIC

My Commission Expires: 9/16/2007

**EASTERLING CORRECTIONAL FACILITY**
**200 WALLACE DRIVE**
**CLIO, AL  36017**

<u>DETENTION NOTIFICATION</u>

TO INMATE:  <u>William Villar</u>        R/S <u>W/M</u>        AIS# 245066

This is to inform you that you are presently being investigated by:

<u>Capt. J. Knox</u>    for <u>Pending investigation.</u>
(Supervisor's Name)                    (Briefly, describe reason for detention)

_____

_____

_____

As a result of this, you are being placed in a single cell pending completion of the investigation or evaluation.  You are hereby notified that this investigation or evaluation may take longer than 72 hours. Before the end of the 72-hour period, you will either receive additional notification or be released from the single cell.  The 72-hour period excludes weekends and holidays.  By your signature below, you acknowledge receipt of a copy of this notice.

**** CHECK APPROPRIATE BOXES BELOW TO INDICATE PLACEMENT/STATUS  ****
( X ) Investigate for violation of rules/regulations
(   ) Pending investigation for Protective Custody
(   ) Pending Reclassification
(   ) Suicide/Self Injury Watch
(   ) Hunger Strike

**INITIAL ENTRY PHONE CALL**
Was inmate allowed phone call?
(√) YES      ( ) NO      Why? <u>Inmate stated that he has no one to call</u>

_L. Hubbard for Capt Knox_ 10/23/06        _William Villar_ 245066
SHIFT SUPERVISOR'S SIGNATURE/DATE              INMATE'S SIGNATURE / AIS #

_Lewis Smith_ CoI                             **10/23/06**
SERVING OFFICER'S SIGNATURE                    DATE AND TIME OF SERVICE

**DISTRIBUTION:**
Original / Segregation
Deputy Warden
Captain (x2)
Classification
Inmate's File

ALABAMA DEPARTMENT OF CORRECTION
DISCIPLINARY REPORT

1. INMATE : **Villar, William**    CUSTODY: **Medium**    AIS NO.: **W/M 245066**

2. FACILITY: **EASTERLING CORRECTIONAL FACILITY**

3. The above named inmate is being charged by **Captain Jeffery Knox** with violation of Rule **#46**, specifically **Attempt To Escape By Force** from Regulation # **403**, which occurred on or about **October 23**, **2006** at (time) **1:00** **(pm)**, Location: **Mr. Travis White's Office**. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **Captain Jeffery Knox conducted an investigation and discovered that Inmate William Villar, W/M 245066, did conspire with several inmates to escape by force and take a hostage from Easterling Correctional Facility.**

5. _Date_ **11/8/06**    _Arresting Officer / Signature / Rank_ **Jhy Knox, COSII**
   **Jeffery Knox, COSII**

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **8TH** day of **NOV**, 2006, at (time) **12:17** (am/**pm**).

7. _Serving Officer / Signature / Rank_    _Inmate's Signature / AIS Number_ **William Villa 245066**

8. Witnesses desired?    NO _____    _Inmate's Signature_
   _Inmate's Signature_    (YES) _William Villar_    _Inmate's Signature_

9. If yes, list: **ALL THE INMATES THAT WERE INVOLVED IN THE PLOT**

10. Hearing Date _____    Time _____    Place _____

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is / is not) capable of representing himself.

    _____
    Signature / Hearing Officer

13. Plea: _____ Not Guilty    _____ Guilty

14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _____
    Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): _____

_____
_____
_____
_____
_____
_____
_____
_____

16. Inmate's Testimony: _____

_____

_____

_____

Witness: _____ Substance of Testimony: _____

_____

Witness: _____ Substance of Testimony: _____

_____

Witness: _____ Substance of Testimony: _____

_____

17. The Inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_____
Signature / Hearing Officer

18. The Following witnesses were not called    -    reason not called
   1. _____    _____
   2. _____    _____
   3. _____    _____

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that : _____

_____

_____

_____

20. Basis for Finding of Fact: _____

_____

_____

21. Hearing Officer's Decision:    _____ Guilty
                                   _____ Not Guilty
22. Recommendation of Hearing Officer: _____

_____

_____

_____
Signature / Hearing Officer

_____
Typed Name and Title

23. Warden's Action – Date    _____
Approved        _____
Disapproved     _____
Other (specify) _____
24. _____
Reason if more then 30 calendar days delay in    _____
action.    _____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
Named inmate on this the _____ day of _____ 2006, at (time) _____ (am / pm).

_____          _____
Signature / Serving Officer / Title          Inmate's Signature and AIS Number

(Page 2 of 2 pages)

16.   Inmate's Testimony: _____ _____ _____

_____

_____

_____

Witness: _____    Substance of Testimony: _____

_____

Witness: _____    Substance of Testimony: _____

_____

Witness: _____    Substance of Testimony: _____

_____

17.   The Inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are
      attached.

                                    _____
                                    Signature / Hearing Officer

18.   The Following witnesses were not called     -     reason not called
      1. _____        _____
      2. _____        _____
      3. _____        _____

19.   After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
      The Hearing Officer finds that : _____

_____

_____

20.   Basis for Finding of Fact: _____

_____

_____

21.   Hearing Officer's Decision:     _____    Guilty
                                      _____    Not Guilty

22.   Recommendation of Hearing Officer: _____

_____

_____

                                    _____
                                    Signature / Hearing Officer

                                    _____
                                    Typed Name and Title

23.   Warden's Action – Date _____
      Approved       _____
      Disapproved
      Other (specify) _____
24.   _____
      Reason if more then 30 calendar days delay in
      action. _____    _____

25.   I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
      Named inmate on this the _____ day of_____ 2006, at (time) _____(am / pm).


_____        _____
Signature / Serving Officer / Title       Inmate's Signature and AIS Number

## ALABAMA DEPARTMENT OF CORRECT
### DISCIPLINARY REPORT

SC. #06-671

1. INMATE : **Villar, William**    CUSTODY: **Medium**    AIS NO.: **W/M 245066**

2. FACILITY: **EASTERLING CORRECTIONAL FACILITY**

3. The above named inmate is being charged by **Captain Jeffery Knox** with violation of Rule **#46**, specifically **Attempt To Escape By Force** from Regulation # **403**, which occurred on or about **October 23**, **2006** at (time) **1:00** (pm), Location : **Mr. Travis White's Office**. A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **Captain Jeffery Knox conducted an investigation and discovered that Inmate William Villar, W/M 245066, did conspire with several inmates to escape by force and take a hostage from Easterling Correctional Facility.**

5. Date **11/8/06**    Arresting Officer / Signature / Rank **Jly Knox, COSII**
   **Jeffery Knox, COSII**

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I informed inmate of his right to present a written or oral statement at the hearing and to present written questions for the witnesses on this the **8TH** day of **NOV.**, 2006, at (time) **12:17** (am/pm).

7. Serving Officer / Signature / Rank    Inmate's Signature / AIS Number **William Villar 245066**

8. Witnesses desired?    NO _____    (YES) **William Villar**
   Inmate's Signature                              Inmate's Signature

9. If yes, list: **ALL THE INMATES THAT WERE INVOLVED IN THE PLOT**

10. Hearing Date **11-13-06**    Time **452 pm**    Place **Segregation Office**

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is / is not) capable of representing himself.
    Signature / Hearing Officer

13. Plea: **William Villar Jr. no** Not Guilty _____ Guilty

14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
    Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): **I received information that Inmate William Villar was involved in a plan to try and escape using force. I conducted a thorough investigation. Several inmates, some reliable sources, and some just volunteered to give information, told me that Inmate Villar planned to escape through the Health Care Unit by faking an illness to get up there, then take a nurse hostage and go through the front gate. Also, that Inmate Villar also had a plan to steal a car at the store above the prison once outside the gate, and go to the place of his former employment in Mobile. which is a trucking company, and steal some money there to continue on. I read mail and listened to phone calls that also confirmed this information. An inmate in Trade School admitted to me that Villar asked him to make knives in the Trade School to assist with this escape. Lie**

Annex C to AR 403 (Page 1 of 2 pages) **(Con't)**

Witness: **N/A**      Substance of Testimony: **N/A**

Witness: _____      Substance of Testimony: _____

Witness: _____      Substance of Testimony: _____

17. The Inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

*Linda Glenn C/O1*
Signature / Hearing Officer

18. The Following witnesses were not called    -    reason not called
   1. **No witnesses were called because Inmate Villar gave no inmate names or other**
   2. **witnesses' names.**
   3. _____

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that : **On 10/23/06, at approximately 1:00 PM, in Mr. Travis White's Office, Inmate William Villar, W/245066, did attempt to escape by conspiring with several inmates to escape by force and take a hostage from Easterling Correctional Facility. Therefore, Inmate Villar was in violation of Rule #46-Attempt to Escape by Force.**

20. Basis for Finding of Fact: **Captain Jeffery Knox stated under oath that he conducted an investigation which revealed that Inmate Villar planned to escape by force. Several inmates, some confidential sources and some not, told Captain Knox that Inmate Villar was planning to escape throught the Health Care Unit by faking an illness and taking a nurse**    **(Con't)**

21. Hearing Officer's Decision:     **X**   Guilty
                             Not Guilty

22. Recommendation of Hearing Officer: **Hearing officer recommends 45 days Disciplinary Segregation and 45 days loss of privileges. *Inmate earns 40 days for every 30 served. Good time balance: 1 year, 1 month, 14 days. (Life Sentence).**

*Linda Glenn C/O1*
Signature / Hearing Officer
**Linda Glenn, COI**
Typed Name and Title

23. Warden's Action – Date   *11 16-06*
     Approved   *Kenneth Screugen, Col II*
     Disapproved
     Other (specify) _____

24.
     Reason if more then 30 calendar days delay in action.

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the *18* day of *November* 2006, at (time) *7.35* (am/ pm).
*J.W.*
*Inmate Refused To Sign Same*   *Inmate Refused To Sign Same will*
Signature / Serving Officer / Title   *will COI*   Inmate's Signature and AIS Number   *COI*

16.   Inmate Testimony:   (See attached statements and question)

_____

Witness:  **N/A** _____   Substance of Testimony:  **N/A** _____

Witness: _____   Substance of Testimony: _____

Witness: _____   Substance of Testimony: _____

17.   The Inmate was allowed to submit written question to all witnesses.  Copy of questions and answers are attached.

_Linda Glenn C/01_
Signature / Hearing Officer

18.   The Following witnesses were not called      -      reason not called
   1.  No witnesses were called because Inmate Villar gave no inmate names or other
   2.  witnesses' names.
   3.  _____   _____

19.   After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
   The Hearing Officer finds that :  On 10/23/06, at approximately 1:00 PM, in Mr. Travis White's Office, Inmate William Villar, W/245066, did attempt to escape by conspiring with several inmates to escape by force and take a hostage from Easterling Correctional Facility.  Therefore, Inmate Villar was in violation of Rule #46—Attempt to Escape by Force.

20.   Basis for Finding of Fact:  Captain Jeffery Knox stated under oath that he conducted an investigation which revealed that Inmate Villar planned to escape by force.  Several inmates, some confidential sources and some not, told Captain Knox that Inmate Villar was planning to escape throught the Health Care Unit by faking an illness and taking a nurse

21.   Hearing Officer's Decision:          __X__  Guilty                          **(Con't)**
                                                  ____  Not Guilty

22.   Recommendation of Hearing Officer:  Hearing officer recommends 45 days Disciplinary Segregation and 45 days loss of privileges.  *Inmate earns 40 days for every 30 served.  Good time balance:  1 year, 1 month, 14 days.  (Life Sentence).

_Linda Glenn C/01_
Signature / Hearing Officer

**Linda Glenn, COI**
Typed Name and Title

23.   Warden's Action – Date   _11-16-06_
   Approved              _Kenneth Sconyers, CoII_
   Disapproved
   Other (specify)   _____

24.   _____
   Reason if more than 30 calendar days delay in action.
   _____

25.   I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above Named inmate on this the _18_ day of _November_ 2006, at (time) _7:35_ (am/ pm).

_J.W._
_Inmate Refused To Sign Name_     _Inmate Refused To Sign Name — will_
Signature / Serving Officer / Title          _— will CoI_  Inmate's Signature and AIS Number          _CoI_

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution:<br>**Easterling Correctional Facility** | 2. Date:<br>**October 23, 2006** | 3. Time:<br>**1:00 P.M.** | 4. Incident Number:<br>**ECF 06-1271** | Class Code:<br>**C** |
|---|---|---|---|---|

| 5. Location Where Incident Occurred:<br>**Dormitory #9, B-Side** | 6. Type of Incident:<br>**RV#46-Attempt To Escape By Force** |
|---|---|

| 7. Time Incident Reported:<br>**2:00 P.M.** | 8. Who Received Report:<br>**Gwendolyn C. Mosley, Warden III** |
|---|---|

9. Victims:

| | Name | | No. | AIS |
|---|---|---|---|---|
| a. | N/A | | No. | N/A |
| b. | | | No. | |
| c. | | | No. | |

10. Suspects:

| | Name | No. | AIS | | Name | No. | AIS |
|---|---|---|---|---|---|---|---|
| a. | Wood, James | No. | W/M 246878 | f. | Goldsmith, Joe | No. | B/M 143142 |
| b. | Villar, William | No. | W/M 245066 | g. | Williams, Otis | No. | B/M 112991 |
| c. | Nichols, Randy | No. | W/M 117491 | h. | Addison, Jeffery | No. | W/M 163724 |
| d. | Johnson, Don | No. | W/M 149934 | i. | Clark, David | No. | W/M 248446 |
| e. | Pitts, David | No. | W/M 247960 | j. | Johnson, Chase | No. | W/M 248222 |
| | | | | k. | Cole, Norris | No. | B/M 162745 |
| | | | | l. | | No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence
N/A

13. Description of Evidence:
N/A

14. Chain of Evidence:
a. N/A
b.
c.
d.
e.

15. Narrative Summary:

On October 23, 2006, at approximately 1:00 P.M., Mr. Travis White, Mental Health Management Staff, summoned Captain Jeffery Knox to his (Mr. White) office. Mr. White informed Captain Knox that Inmate Wood, James, W/246878, had some information. Inmate Wood reported to Mr. White's Office. Inmate Wood informed Captain Knox in the presence of Mr. White that he had some information about an escape plot. Inmate Wood reported that three weeks prior, while he was getting some water in Dormitory 9B, he overheard Inmate Villar, William, W/245066, talking about escaping with Inmate Nichols, Randy, W/117491. Inmate Wood reported that he was approached later by Inmate Nichols and asked if he was interested in escaping from Easterling. Inmate Nichols was the mastermind behind the plot and informed Inmate Wood to attend the afternoon church services for more details about the escape plot. Inmate Wood reported that he attended several afternoon Chapel Services and the following inmates were in attendance: Inmates Nichols, Villar and Johnson, Don, W/149934, and Pitts, David, W/247960. Inmate Wood reported that they talked about escaping from Easterling. Inmate Johnson was from Ariton, Alabama and knew the area. The first escape plan was for all the inmates to attend Chapel Service on October 29, 2006 and escape during darkness when the officer assigned to the Chapel dozed-off. If the officer did not doze off, the plan called for one of the inmates to stick the officer with a weapon that was made in the Maintenance Shop. Inmate Wood reported that each of the inmates involved did not want to hurt any staff members but Inmate Nichols wanted to kill the Officer to show that they meant business. Once the Inmates were inside the Visitation Building, they would go through the front windows of the building because the windows did not have any metal guards over the windows. The inmates planned to cut the fence and run to the Exxon Gas Station

Distribution:   ORIGINAL AND ONE (1) COPY to Central I & I Division         COPY to Deputy Commissioner of Operations (Class A and B ONLY)
        COPY to Institutional File                  COPY to Central Records Office

**ADOC Form 302-A – June 1, 2005**



# INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: | Incident Number: | Class Code: |
|---|---|---|
| Easterling Correctional Facility | ECF 06- | C |

| Date: | Type of Incident: |
|---|---|
| October 23, 2006 | RV#46-Attempt To Escape By Force |

Narrative Summary (Continued) Page No. 2

on Highway #10 and a vehicle would be there with keys. Inmate Johnson's mother would furnish the vehicle along with $1,000 dollars. The inmates planned to conduct several robberies and steal different vehicles until they reached Mobile, Alabama. When they reached Mobile, the plan was to rob the Pilot Trucking Company. Inmate Villar was employed with the company and informed the inmates that the company kept a large amount of money and company checks on hand. The inmates would proceed to Mexico. Inmate Woods reported that they asked him to be a part of the plan because of his physical size so he could strong-arm the officer if it was needed. Inmate Woods reported that another plan was for Inmate Nichols to get housed in the Health Care Unit by faking to have a seizure and Inmate Villar would get housed by cutting himself or complaining of a heart problem. Both inmates would wait until 2nd Shift conducted Diabetic Pill Call and the remaining inmates would rush the Health Care Unit and take a Nurse hostage. Inmate Nichols would kill a Nurse and the inmates would take a Nurse hostage and be allowed to leave the facility. Once the inmates were allowed to walk out of the prison, they would run to the Exxon Gas Station and a female named Theresa Guy (White Female, 3117 Callie De Coretez Drive, Navarre, Florida, 30566, Telephone Number 334-296-3424) would pick up the inmates and drive them to Mobile where they would rob the Trucking Company. Inmate Wood reported that he did not want to participate in the escape and was afraid to report it to any staff members. Inmate Wood reported that he telephoned his ex-wife (White Female, Jerris Wood, 801 Geneva Street, Prattville, Alabama, Telephone Number 334-491-1507) and informed her of the escape plot. Mrs. Wood advised Inmate Wood that she would talk to a church member that was a FBI Agent and ask him to visit with Inmate Wood to discuss the matter. Inmate Wood reported that he wrote a letter explaining the details to his ex-wife and she wrote him a letter advising that she had spoken to the FBI Agent. Captain Knox monitored Inmate Wood's call to Mrs. Wood and heard Inmate Woods discussing the matter with Mrs. Wood and asking if she had spoken to the FBI Agent. At approximately 2:00 P.M., Captain Knox informed Warden Gwendolyn Mosley and Deputy Warden Carter F. Davenport of the escape plot. Inmate Wood was escorted to the Administrative Building and questioned by Warden Mosley, Deputy Warden Davenport and Captain Kenneth Sconyers. Inmate Wood repeated the same aforementioned information. Inmate Wood was placed in the Administrative Building Holding Cell. At Approximately 4:00 P.M., Inmate Villar was escorted to the Administrative Building and questioned. Inmate Villar denied having any knowledge about the escape plot. Inmate Villar admitted that he was employed with the Pilot Trucking Company. Inmate Villar was escorted to the Health Care Unit and examined. Inmate Villar was placed in Administrative Segregation. At approximately 4:30 P.M., Inmate Pitts was escorted to the Administrative Building and questioned. Inmate Pitts denied having any knowledge about the escape plot. Inmate Pitts was escorted to the Health Care Unit and examined. Inmate Pitts was escorted to Administrative Segregation and placed in Administrative Segregation. At approximately 4:50 P.M., Inmate Duff was escorted to the Administrative Building and questioned. Inmate Duff denied having any knowledge about the escape plot. On October 24, 2006, at approximately 10:00 A.M., Captain Knox briefed I & I Investigator Eric Bascomb about the escape plot. Mr. Bascomb began an investigation into the plot. Captain Knox continued to investigate the incident until November 1, 2006. Captain Knox questioned several of the inmates involved in the plot and other inmates throughout the facility and obtained information about the details of the escape plot. Captain Knox discussed the information with Mr. Bascomb and collectively determined that the following inmates were involved in the escape plot. Inmates Nichols and Villar were the masterminds behind the plot. Both inmates actively recruited inmates that had lengthy sentences. Inmate Johnson was recruited because he lived in the area and provided details of the highways throughout the area. Captain Knox obtained information that Inmate Johnson's mother (Mary Flowers, SSN 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 P.O. Box 194, Ariton, Alabama 36311, Telephone Number 334-762-9890) would leave a vehicle with the keys left inside of it at the Exxon Gas Station near the prison, and $1,000 dollars would be left in the vehicle to be used in the escape. Inmate Pitts was an active member of the escape plot and attended several meetings and conspired to escape. Inmate Goldsmith, Joe, B/143142, was recruited to escape because he had a lengthy sentence and provided the location of a house in Pike County near the Springhill Community where the inmates could hideout if needed. Inmate Williams, Otis, B/112991, was recruited because he had a lengthy sentence and his physical size would be used if force had to be used. Inmate Addison, Jeffery, W/226761, was recruited because he could get inmates assigned to various programs and the Trade School. The plan was to steal wire cutters from the Trade School to be used to cut the fence. Inmate Clark, David, W/248446, was recruited because he was friends with Inmates Nichols and Villar and he volunteered to be a part of the escape. Inmate Johnson, Chase, W/ 248222, volunteered to be a part of the escape and had an escape history and knew Inmate Nichols. Inmates Johnson and Nichols are known Aryan Nation members. Inmate Cole, Norris, B/162745, was assigned to the Maintenance Department and confirmed that he made five (5) knives in the Maintenance Shop and did make a deal with Inmate Nichols. Inmate Cole exchanged store goods with Inmate Nichols for trading three (3) inmate-made knives. Inmate Cole admitted to making the knives. All of the aforementioned inmates were examined by the Health Care Unit staff, and placed in Administrative Segregation for their participation in the escape plot. Several institutional searches were conducted by Easterling Correctional Staff and the Central, South Central and Southern C.E.R.T. Teams. No weapons or tools were discovered. The Maintenance Department installed window guards on the front windows of the Visitation Building. Enhanced Security procedures were taken in the Health Care Unit and the Chapel. This incident is pending further investigation. See attached Medical Reports.

Jeffery Knox, COSII

EXHIBIT #4

*Easterling*
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_   AIS NO: _W345066_ CELL: _5A15_

VIOLATION OR REASON: _R/U # 46_   ADMITTANCE AUTHORIZED BY: _Capt Knox_

DATE & TIME RECEIVED: _10-29-06_   DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/14/07 | MORN | Y | | | | | | | | Hawkins |
| | DAY | | N | | | R | | | | B. Anthony |
| | EVE | | | y | y | | | | | J. Scott |
| 1/15/07 | MORN | ✓ | | | | FC | | | | McLeod |
| | DAY | | N | | | | | | | Oliver |
| | EVE | ✓ | | y | n | | | | | J. Scott |
| 1/16/07 | MORN | y | | | | | | | | McLeod |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 1/17/07 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 1/18/07 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 1/19/07 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 1/20/07 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.
**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)
**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:** Physician will sign each time the inmates is seen.
**Psych:** Psychological Counselor will sign each time the inmate is seen.
**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.
**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*(INSTITUTION)*

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villas_

VIOLATION OR REASON: _Rv # 46_

DATE & TIME RECEIVED: _10.23.06_

PERTINENT INFORMATION: _____

AIS NO: _W 245066_   CELL: _5a/15_

ADMITTANCE AUTHORIZED BY: _Capt. Knox_

DATE & TIME RELEASED: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| Jan 7, 07 | MORN | Y | | | | | | | | Smith Johnson C01 |
| | DAY | | N | | | | | | | |
| | EVE | | | Y | N | | | | | Deborah Folson |
| Jan 8 | MORN | Y | | | | | | | | Mchell |
| | DAY | | Y | | | ⊕ | | | | Does-Carter |
| | EVE | | | Y | Y | | | | | Clews Per |
| Jan 9 | MORN | X | | | | | | | | R— |
| | DAY | | Y | | | | | | | D.B.C |
| | EVE | | | Y | N | | | | | S Seay |
| Jan 10 | MORN | Y | | | | | | | | A. wil — |
| | DAY | | Y | | | ISRB | | | | |
| | EVE | | | Y | Y | | | | | Clews Per |
| Jan 11 | MORN | Y | | | | | | | | Mchell |
| | DAY | | Y | | | R | | | | Carte |
| | EVE | | | Y | N | | | | | Deborah Folson |
| Jan 12 | MORN | Y | | | | | | | | V Burden |
| | DAY | | Y | | | P | | | | |
| | EVE | | | Y | Y | | | | | D Bell |
| Jan 13, 07 | MORN | Y | | | | | | | | R— |
| | DAY | | Y | | | R | | | | Bol |
| | EVE | | | Y | N | | | | | New Gru |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*E Sterling*
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: William Villar                              AIS NO: W245066   CELL: 5A-15

VIOLATION
OR REASON: trw # 46                                       ADMITTANCE
                                                          AUTHORIZED BY: Capt. Knox

DATE & TIME
RECEIVED: 10-23-06                                        DATE & TIME
                                                          RELEASED:

PERTINENT
INFORMATION:

| DATE | SHIFT | B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 12/30/06 | MORN | Y | | | | | | | | O Scott |
| | DAY | | N | | | | | | | |
| | EVE | | | Y | Y | | | | | DiAngelo Fortson |
| 1/1/0 | MORN | Y | | | | | | | | P 2 |
| | DAY | | N | | | R | | | | Bootwright |
| | EVE | | | Y | N | | | | | Young |
| 1/2/07 | MORN | Y | | | | | | | | Stanies |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | Y | | | | | Karl Br |
| 1/3/07 | MORN | Y | | | | | MDell | | | James |
| | DAY | | Y | | | ISRB | | | | P. Barnes |
| | EVE | | | Y | N | | | | | J. Scott |
| 1/4/07 | MORN | Y | | | | | | | | Verdell |
| | DAY | | Y | | | Rain | | | | |
| | EVE | | | Y | Y | | | | | DiAngelo Totson |
| 1/5/07 | MORN | | | | | | | | | Donna Porter |
| | DAY | | Y | | | Rain | | | | |
| | EVE | | | Y | N | | | | | L McClung |
| 1/6/07 | MORN | Y | | | | | | | | DiAngelo Totson |
| | DAY | | Y | | | Yoga | | | | Paston |
| | EVE | | | Y | Y | | | | | DiAngelo Fortson |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
        9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude; etc. *Use reverse side for additional comments
        and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

EHSterling

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_    AIS NO: _W245066_  CELL: _5A-15_

VIOLATION
OR REASON: _INV. # 46_

ADMITTANCE
AUTHORIZED BY: _Capt Knox_

DATE & TIME
RECEIVED: _10.23.06_

DATE & TIME
RELEASED:_____

PERTINENT
INFORMATION:_____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/24/06 | MORN | Y | | | | R | | | | Charlie Haynes |
| | DAY | | N | | | | | | | Rugley J. |
| | EVE | | | Y | N | | | | | Jordan |
| 12/25/06 | MORN | Y | | | | Rain | | | | JBryant |
| | DAY | | N | | | | | | | Russell |
| | EVE | | | Y | Y | | | | | Lindsey |
| 12/26/06 | MORN | Y | | | | Rain | | | | Sm |
| | DAY | | Y | | | | | | | Russell |
| | EVE | | | Y | | | | | | N |
| 12/27/06 | MORN | Y | | | | JSRB | | | | Verdell |
| | DAY | | Y | | | | | | | Williams |
| | EVE | | | Y | Y | | | | | Campbell |
| 12/28/06 | MORN | Y | | | | R | | | | Verdell |
| | DAY | | Y | | | | | | | Sm |
| | EVE | | | Y | N | | | | | J Scott |
| 12/29/06 | MORN | Y | | | | R | | | | Mcleod |
| | DAY | | N | | | | | | | Boatwright |
| | EVE | | | Y | Y | | | | | M. Scaife cor |
| 12/30/06 | MORN | Y | | | | R | | | | S. Love cor |
| | DAY | | Y | | | | | | | Camp |
| | EVE | | Y | N | | | | | | Mcbm |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_    AIS NO: _W/245066_    CELL: _5A12_

VIOLATION OR REASON: _INV #46_    ADMITTANCE AUTHORIZED BY: _CAPT Knox_

DATE & TIME RECEIVED: _10-23-06    525 Pm_    DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---------|---------|---------|-----|----------|---------------|-------------|-----------|---------------|
| 12/17/06 | MORN | V | | | | | | | | R. Beulah |
| | DAY | | ^ | | | | | | | TAv |
| | EVE | | | Y | Y | | | | | D. Fortson |
| 12/18/06 | MORN | V | | | | | | | | A. Douvcez |
| | DAY | | | | | | | | | |
| | EVE | V | | Y | N | | | | | Mr. Yun |
| 12/19/06 | MORN | V | | | | R | | | | McCoy |
| | DAY | | | V | | | | | | Conner |
| | EVE | | | Y | Y | | | | | D'Angle Fortson |
| 12/20/06 | MORN | V | | | | ISRB | Mitchell | | | Middleton |
| | DAY | Y | Y | | N | | | | | Williams |
| | EVE | | | Y | N | | | | | McCoy |
| 12/21/06 | MORN | V | | O | | | | | | Camila |
| | DAY | | Y | | | R | | | | Brown |
| | EVE | | | Y | N | | | | | Killeen |
| 12/22/06 | MORN | Y | | | | | | | | Verdell |
| | DAY | | Y | | | Rec | | | | Dop |
| | EVE | | | Y | N | | | | | T. Scott |
| 12/23/06 | MORN | V | | | | R | | | | D. ___ |
| | DAY | | | Y | Y | | | | | Mr. Yun |
| | EVE | | | | | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

_Eastdaling_
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_

AIS NO: _W/245066_ CELL: _5A12_

VIOLATION OR REASON: _Inv. # 46_

ADMITTANCE AUTHORIZED BY: _Capt Knox_

DATE & TIME RECEIVED: _10/23/06 525pm_

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/10/06 | MORN | Y | | | | | | | | M. Brun |
| | DAY | | N | | | CR | | | | S. Anthony |
| | EVE | | | Y | N | | | | | F. Wells |
| 12/11/06 | MORN | Y | | | | | | | | R. Bell |
| | DAY | | Y | | | R | | | | Brattwright |
| | EVE | | | Y | Y | | | | | L. McLaury |
| 12/12/06 | MORN | Y | | | | | | | | R. Lee |
| | DAY | | Y | | | R | | | | R. Byrnes |
| | EVE | | | Y | N | | | | | S. Scott |
| 12/13/06 | MORN | Y | | | | | | Mitchell | | M. Neil |
| | DAY | | Y | | | ISR.B | | | | R. Riffin |
| | EVE | | | Y | Y | | | | | M. Allen |
| 12/14/06 | MORN | Y | | | | | | | | Verdell |
| | DAY | | Y | | | N | | | | Brattwright |
| | EVE | | | Y | N | | | | | M. Howard |
| 12/15/06 | MORN | Y | | | | | | | | Carter |
| | DAY | | Y | | | R | | | | S. Scott |
| | EVE | | | Y | Y | | | | | J. Bird |
| 12/16/06 | MORN | Y | | | | | | | | J. Bird |
| | DAY | | Y | | | R | | | | Knight |
| | EVE | | | Y | N | | | | | S. Scott |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: William Villar

VIOLATION OR REASON: Inv. #46

DATE & TIME RECEIVED: 10/23/06 5:25 pm

PERTINENT INFORMATION:

AIS NO: 10/245026 CELL 5A 12

ADMITTANCE AUTHORIZED BY: Capt. Rook

DATE & TIME RELEASED:

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---------|---------|---------|-----|----------|---------------|-------------|-----------|---------------|
| 12/3/06 | MORN | Y | | | | | | | | N. Burden |
| | DAY | | N | | | R | | | | Braturight |
| | EVE | | | Y | Y | | | | | Joel |
| 12/4/06 | MORN | Y | | | | | | | | A. Seger |
| | DAY | | Y | | | Q | | | | A. Anthony |
| | EVE | | Y | Y | N | | | | | McDermott |
| 12/5/06 | MORN | Y | | | | | | | | J. Bryant |
| | DAY | | Y | | | R | | | | Jerome Porter |
| | EVE | | | Y | Y | | | | | T. Latt |
| 12/6 | MORN | Y | | | | | | Mitchell | | Verdell |
| | DAY | | N | | | JSRB. | | | | Syler (co) |
| | EVE | | | Y | N | | | | | McCa |
| 12/7 | MORN | Y | | | | | | | | Jona |
| | DAY | | Y | | | R | | | | Comer |
| | EVE | | | Y | Y | | | | | B. |
| 12/8/06 | MORN | Y | | | | | | | | Jordan |
| | DAY | | Y | | | R | | | | A. Mlee |
| | EVE | | | Y | N | | | | | 2001 |
| 12/9/06 | MORN | Y | | | | | | | | RH |
| | DAY | | Y | | | R | | | | A. Braturight |
| | EVE | | | Y | Y | | | | | McDermott |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude; etc.  *Use reverse side for additional comments
and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: William Villor                    AIS NO: WR45066   CELL 5A-12

VIOLATION OR REASON: Inv. #46

ADMITTANCE AUTHORIZED BY: Capt. Knox

DATE & TIME RECEIVED: 10/23/06   5:25pm

DATE & TIME RELEASED:

PERTINENT INFORMATION:

| DATE | SHIFT | B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 11/26/06 | MORN | Y | | | | | | | | V. Burden |
| | DAY | | | | | | | | | |
| | EVE | | | Y | N | | | | | Grimsley |
| 11/27 | MORN | Y | | | | | | | | Don |
| | DAY | Y | Y | Y | Y | R | | | | Robinson for Dan |
| | EVE | | | | | | | | | McGee |
| 11/28 | MORN | Y | | | | | | | | Danjey |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | N | | | | | Harris |
| 11/29 | MORN | Y | | | | | | Mitchell | | J. Bryant |
| | DAY | | Y | Y | | all RB | | | | S. Anthony |
| | EVE | | | Y | N | | | | | Campbell |
| 11/30 | MORN | Y | | | | | | | | Hase |
| | DAY | | Y | | | R | | | | Canby |
| | EVE | | | Y | N | | | | | Grimsley |
| 12/1 | MORN | Y | | | | | | | | Budd |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | Y | | | | | Davis |
| 12/2/06 | MORN | Y | | | | | | | | Charlie Harper |
| | DAY | | Y | | | R | | | | Siler, Sgt |
| | EVE | | | Y | N | | | | | McGee |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.
**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)
**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:** Physician will sign each time the inmates is seen.
**Psych:** Psychological Counselor will sign each time the inmate is seen.
**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.
**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Everling Correctional Facility*
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_  AIS NO: _W/245066_ CELL: _SA-12_

VIOLATION OR REASON: _Inv. #46_

ADMITTANCE AUTHORIZED BY: _Capt. Knox_

DATE & TIME RECEIVED: _10-23-06  5:25 pm_

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---------|---|---|----|----------|---------------|-------------|-----------|---------------|
| 11/19/06 | MORN | Y | | | | | | | | |
| | DAY | | N | | N | R | | | | |
| | EVE | | | Y | Y | | | | | |
| 11/20 | MORN | Y | | | | | | | | |
| | DAY | | Y | Y | N | R | | | | |
| | EVE | | | | | | | | | |
| 11/21 | MORN | Y | | | | | | | | |
| | DAY | | Y | | | Declined | | | | |
| | EVE | | | Y | Y | | | | | |
| 11/22 | MORN | Y | | | | | Mitchell | | | |
| | DAY | | Y | | N | ISRB | | | | |
| | EVE | | | Y | N | | | | | |
| 11/23 | MORN | Y | | | | | | | | |
| | DAY | | N | | | R | | | | |
| | EVE | | | Y | Y | | | | | |
| 11/24 | MORN | Y | | | | | | | | |
| | DAY | | N | | | Cancel | | | | |
| | EVE | | | Y | N | | | | | |
| 11/25 | MORN | Y | | | | | | | | |
| | DAY | | N | | | R: | | | | |
| | EVE | | | Y | Y | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Easterling Correctional Facility*
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: *William Villas*   AIS NO: *W/294500.6* CELL: *5B.R*

VIOLATION OR REASON: *INV.*   ADMITTANCE AUTHORIZED BY: *Capt Knox*

DATE & TIME RECEIVED: *10.23.06   5:25 pm*   DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---------|---------|---------|----|----------|---------------|-------------|-----------|---------------|
| 11/12 | MORN | Y | | | | | | | | *Chris Finch* |
| | DAY | | Y | | | R Brown | | | | |
| | EVE | | | Y | N | | | | | |
| 11/13 | MORN | Y | | | | | | | | |
| | DAY | Y | Y | Y | | R | | | | |
| | EVE | | | | Y | | | | | |
| 11/14 | MORN | Y | | | | R | | | | K Richardson |
| | DAY | | Y | | | | | | | Chris Copp |
| | EVE | Y | Y | N | | | | | | |
| 11/15 | MORN | Y | | | | | | | | |
| | DAY | | Y | | N | ISR43 | | | | |
| | EVE | | Y | Y | | | | | | |
| 11/16 | MORN | Y | | | | R | | | | |
| | DAY | | Y | | | | | | | |
| | EVE | | Y | Y | N | | | | | |
| 11/17 | MORN | Y | | | | R | | | | N Richardson |
| | DAY | | Y | | | | | | | |
| | EVE | | Y | Y | Y | | | | | |
| 11/18 | MORN | Y | | | | R | | | | |
| | DAY | | Y | | | | | | | |
| | EVE | | Y | Y | N | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.
**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)
**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
          9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:** Physician will sign each time the inmates is seen.
**Psych:** Psychological Counselor will sign each time the inmate is seen.
**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
          and include date, signature, and title.
**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Easterling Corr. Facility*
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: *William Villas*    AIS NO: *W245006*  CELL: *SB.12*

VIOLATION OR REASON: *Inv.*    ADMITTANCE AUTHORIZED BY: *Capt. Knox*

DATE & TIME RECEIVED: *10.23.06    535 pm*    DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 11/5/06 | MORN | | | | | | | | | |
| | DAY | Y | N | | | R | | | | Johnson, col. / Anthony |
| | EVE | | Y | Y | | | | | | Jordan |
| 11/6/06 | MORN | Y | | | | | | | | White |
| | DAY | | Y | | | R | | | | Sergio Porter |
| | EVE | | | Y | N | | | | | J. Scott |
| 11/7/06 | MORN | N | | | | | | | | J. How |
| | DAY | | Y | | | R | | | | Sergio Porter |
| | EVE | | | Y | Y | | | | | J. Scott |
| 11/8/06 | MORN | Y | | | | | Mitchell | | | Haynes |
| | DAY | | Y | Y | N | ISRB | | | | J. Sw |
| | EVE | | | | | | | | | Ht |
| 11/9/06 | MORN | Y | | | | | | | | men |
| | DAY | | Y | | | R | | | | Sievers |
| | EVE | | | Y | Y | | | | | McVain, col. |
| 11/10/06 | MORN | Y | | | | | | | | Haynes |
| | DAY | | N | | N | R | | | | J. Sw |
| | EVE | | | Y | N | | | | | Doug |
| 11/11/06 | MORN | Y | | | | | | | | N. Edmodson |
| | DAY | | Y | | | R | | | | Col. Siler |
| | EVE | | | Y | Y | | | | | J. Scott |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.
**Meals/SH:** Shower- Yes (Y); No (N); Refused (R)
**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:** Physician will sign each time the inmates is seen.
**Psych:** Psychological Counselor will sign each time the inmate is seen.
**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.
**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Custerling Correctional Facility*
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

5B/12
5A 20

INMATE NAME: *William Villar*　　AIS NO: *245066*　CELL: _____

VIOLATION OR REASON: *Investigation*

ADMITTANCE AUTHORIZED BY: *Capt Knox*

DATE & TIME RECEIVED: *10-23-06   5:25 PM*

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/29 | MORN | Y | | | | | | | | *Chris Knox* |
| | DAY | | N | | | R | | | | *how* |
| | EVE | | | Y | N | | | | | *Gumsley* |
| 10/30 | MORN | Y | Y | | | | | | | *D-dis cos* |
| | DAY | | | | | | | | | |
| | EVE | | | Y | Y | | | | | *Doug* |
| 10/31 | MORN | Y | Y | | | R | | | | *m. order* |
| | DAY | | | | | | | | | *Miler* |
| | EVE | | | Y | N | | | | | *L McCurLey* |
| 11/1 | MORN | Y | | | | | *Mitchell* | | | |
| | DAY | | Y | | | #SRO | | | | *R. Janes* |
| | EVE | | | Y | Y | | | | | *S. Scott* |
| 11/2 | MORN | N | | | | | | | | |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | N | | | | | *S.J. Scott* |
| 11/3 | MORN | N | | | | | | | | *Jordan* |
| | DAY | | Y | | | R | | | | *L. Anthony* |
| | EVE | | | Y | Y | | | | | *L McCurLey* |
| 11/4 | MORN | Y | | | | | | | | *A. wils* |
| | DAY | | Y | | | R | | | | *Boatwright* |
| | EVE | | | Y | N | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

## SEGREGATION UNIT RECORD SHEET

(INSTITUTION)

INMATE NAME: _William Villar_    AIS NO: _245066_    CELL: _SA-20_ ~~SR-12~~

VIOLATION OR REASON: _Investigation_

ADMITTANCE AUTHORIZED BY: _CapT Knox_

DATE & TIME RECEIVED: _10-23-06    5:25pm_

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | | | | | | | |
| 10/24/06 | MORN | | | | | | | | | |
| | DAY | | | | | | | | | |
| | EVE | | | Y | N | | | | | L. Smith |
| 10/24/06 | MORN | Y | | | | | | | | O. Scott |
| | DAY | | Y | | | R | | | | CO. Tyler |
| | EVE | | | Y | N | | | | | L. Smith |
| 10/25/06 | MORN | Y | | | | | Mitchell | | | Wee |
| | DAY | | Y | | | ISRB | | | | L. Banes |
| | EVE | | | Y | Y | | | | | |
| 10/26/06 | MORN | Y | | | | | | | | Vardell |
| | DAY | | Y | | | Cancel | | | | Conner |
| | EVE | | | Y | Y | | | | | Davis |
| 10/27/06 | MORN | Y | | | | | | | | McLEOD |
| | DAY | | Y | | | Rain | | | | McClan |
| | EVE | | | Y | R | | | | | L. McClevery |
| 10/28/06 | MORN | Y | | | | | | | | D.R.H |
| | DAY | | Y | | | R | | | | Boatwright |
| | EVE | | | Y | Y | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066       )
    Plaintiff,                    )
                                       )
VS.                                    )
                                       )         CASE NO. 2:07-CV-134-WKW
                                       )
ALABAMA DEPARTMENT OF                  )
CORRECTIONS, et al.,                   )
    Defendant (s)                  )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared <u>Lewis Hulett</u>, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is <u>Lewis Hulett,</u> and I am presently employed as <u>Correctional Sergeant</u>, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

On October 23, 2006, Inmate William Villar, W/245066, was placed into Administrative Segregation under investigation for Rule Violation #46-Attempt to Escape by Force, per orders of Captain Jeffery Knox. I have no knowledge of Inmate Villar being falsely accused. Inmate Villar was served a Notice of Extension (Exhibit #1) within the 72-hour time frame, due to the ongoing investigation. I have no control over the Health Care Unit staff. The medical staff visits the Segregation Unit at least three (3) times daily.

*I have not violated any of Inmate Villar's constitutional rights.*

LEWIS HULETT

SWORN TO AND SUBSCRIBED TO before me this the ___30th___ day of
___March___, 2007.

Linda E. Deal
NOTARY PUBLIC

My Commission Expires: ___7-15-07___

**EXHIBIT**
**C**

# DEPARTMENT OF CORRECTIONS
# EASTERLING CORRECTIONAL FACILITY

10/26/06
DATE

FROM:    Sgt. Lewis Hulett
_____
Printed  Name  of  Supervisor
Extended  Time  in  Segregation

TO:    William Villar                    R/S    W/M    AIS#    245066
_____
Printed  Name  of  Inmate

SUBJ:    **Notice of Extension in Segregation Status**

**( X )**    This  is  to  inform  you  that  your  investigation  status  involving  your
alleged  violation  of  Rule  Number  _____ ,  **Pending investigation** _____
_____  and  has  been  extended  until  **further notice**    due
to  the  following  reason:  **Ongoing investigation.** _____
_____

( )    This  is  to  inform  you  that  a  Notice  of  Disciplinary  Hearing  Form  has  not
been  served  on  you  as  of  this  date  for  a  violation  of  Rule  Number  _____
_____  which  occurred  on  _____ ,
at  the  approximate  time  of  _____  because  _____
_____

( )    This  is  to  inform  you  that  an  Enemies  Validation  Committee  has  not  been
held  as  of  this  date  to  determine  whether  or  not  you  will  be  placed  in
Protective  Custody.

( )    This  is  to  inform  you  that  a  psychological  evaluation  has  not  been  completed
as  of  this  date.

**Due  to  the  reason  checked  above  you  will  be  required  to  remain  in  Segregation
until  action  has  been  taken  to  determine  your  status.**

_William Villar 245066_____        10/26/06            2:20 PM
SIGNATURE  OF  INMATE                         DATE               TIME

_____        10/26/06            2:20 PM
SIGNATURE  OF  NOTIFYING  OFFICIAL            DATE               TIME

DISTRIBUTION
Inmate Concerned
Inmate's Institutional File
Inmate's Segregation file
Segregation Supervisor

ATTACHMENT 2 TO SOP C-30

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066 )
    Plaintiff, )
    )
VS. )
    )    CASE NO. 2:07-CV-134-WKW
    )
ALABAMA DEPARTMENT OF )
CORRECTIONS, et al., )
    Defendant (s) )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Willie Bryant, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is Willie Bryant, and I am presently employed as Correctional Lieutenant, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

On January 16, 2007, Inmate William Herbert Villar, #245066, was transferred to Holman Correctional Facility. On May 11, 2007, I had our Health Care Unit to call Holman Health Care Unit to get information from Inmate Villar's medical file concerning his complaint. According to our Health Care Unit, Inmate Villar's medical file reflects the following information. On January 23, 2007, he was seen for chronic care and he had vital signs taken. On January 28, 2007, he signed a waiver refusing to be seen on sick call. According to his master problem list it states he had a heart catheterization in 2006 but did not find any documentation stating he had three heart attacks.

While Inmate Villar was at Easterling Correctional Facility, he was seen by Dr. Darbouze in May, 2006, and July, 2006, and vital signs were taken at both visits. On October 23, 2007, he was seen by Dr. Darbouze for chronic care with vital signs being taken.

_____
WILLIE BRYANT

SWORN TO AND SUBSCRIBED TO before me this the 23ʳᵈ day of May, 2007.

_____
NOTARY PUBLIC

My Commission Expires: 9/16/07

**EXHIBIT D**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066 )
    Plaintiff, )
)
    VS. )
)    CASE NO. 2:07-CV-134-WKW
)
ALABAMA DEPARTMENT OF )
CORRECTIONS, et al., )
    Defendant (s) )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared <u>Willie Bryant</u>, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is <u>Willie Bryant</u>, and I am presently employed as <u>Correctional Lieutenant</u>, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

## ADDENDUM TO PREVIOUS AFFIDAVIT

Inmate William Villar, #245066, allegation that he was denied proper medical care is false. On October 23, 2006, Inmate Villar was placed in Administrative Segregation for investigation for Violation of Rules #46-Attempt to Escape by Force. Prior to Inmate Villar being placed in a cell he was escorted to the Health Care Unit for examination (Exhibit #1).

All inmates assigned to the Segregation Unit received an orientation. The orientation will be verbal as well as written. It will let all inmates be aware of sick call and other procedures while assigned to the Segregation Unit (Exhibit #2). A medical staff visits the Segregation Unit every day, if Inmate Villar had any medical complaints he could have advised the medical staff.

Our Segregation Cells has a window, door with small window and tray door. Security staff conducts a security check every 30minutes on all inmates. Inmate's cells are not sound proof.

Inmate Villar was placed in a single cell due to his Rule Violation.

<u>    Lt. Willie Bryant    </u>
WILLIE BRYANT

SWORN TO AND SUBSCRIBED TO before me this the  <u>29th</u>  day of
<u>  May  </u>, 2007.     <u>Linda E. Teal  </u>
                           NOTARY PUBLIC
My Commission Expires:   <u>7-15-07</u>



EXHIBIT

E



Exhibit #1

PHS
PRISON
HEALTH
SERVICES

# EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY | |
|---|---|---|---|
| 10/23/06 | 6:00 ☑AM ☐PM | ECF | ☐ SICK CALL  ☐ EMERGENCY |
| | | ☐SIR ☐PDL ☐ESCAPEE ☐_____ | ☑ OUTPATIENT |

ALLERGIES  Codeine - vomiting   SpO2 98% on A

CONDITION ON ADMISSION ☑GOOD ☐FAIR ☐POOR ☐SHOCK ☐HEMORRHAGE ☐COMA

| VITAL SIGNS: TEMP 97.0 ☑ORAL ☐RECTAL | RESP. 18 | PULSE 65 | B/P 138/72 | RECHECK IF SYSTOLIC <100> 50 |

**NATURE OF INJURY OR ILLNESS**

S - "I don't know."

O - W/m ambulates c̄ even, steady gait. A+O x 3  Resp even + unlabored. Skin warm, dry, intact. Denies body injuries. No c/o voiced. No body injuries noted upon examination. NAD noted.

A - DOC Body Chart

P - Release to DOC

| ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE z z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | CONDITION ON DISCHARGE |
|---|---|---|---|
| 10/23/06 | 5:05 ☑AM ☐PM | ☑DOC ☐AMBULANCE ☐ | ☑SATISFACTORY ☐POOR ☐FAIR ☐CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| C. Chambless RN | 10/23/06 | | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Villar, William | 245066 | 7-8-52 | W/m | ECF |

ATTACHMENT #5

## ADMINISTRATIVE SEGREGATION ORIENTATION
## EASTERLING CORRECTIONAL FACILITY

1.   It is your responsibility to abide with and obey all rules established in the Handbook of Rules and Information for Inmates, the Administrative Regulations of the Alabama Department of Corrections and the laws of the State of Alabama.

2.   All cells will be kept clean and orderly.  Do not write, mar, deface, or attach objects on the walls or any part thereof.  Each cell will be in inspection order Monday through Friday, from 8:00 AM to 5:00 PM.  Failure to comply will result in denial of privileges such as store, visitation, and telephone.

3.   Only authorized items are permitted.  Other items may be considered as contraband, subject to disciplinary action.  Items that are authorized are:

   a.   Current legal papers and only two (2) law books at any time. Law books and materials will be delivered three (3) times weekly, if available.

   b.   Stationary items limited to stamps, envelopes, a pad of paper, and one writing instrument, all contained neatly in an approved container.

   c.   Only the following clothing and bedding items are permitted:

   | # | Item | Quantity |
   |---|------|----------|
   | 1. | Socks | 2 Pair |
   | 2. | Jumpsuits | 2 Pair |
   | 3. | Shirt | 2 Each |
   | 4. | Undershorts | 2 Pair |
   | 5. | Undershirts | 2 Each |
   | 6. | Shoes | 1 Pair |
   | 7. | Slippers | 1 pair |
   | 8. | Sheets | 2 Each |
   | 9. | Pillow Case | 1 Each |
   | 10. | Mattress | 1 Each |
   | 11.** | Blanket | 1 Each |
   | 12.** | Jacket | 1 Each |

**Inmates in segregation may have their blanket and jacket during the same period of the year when population inmates have theirs.  Once the blankets and jackets have been picked up from population inmates in the spring for cleaning and storage, they will also be taken from segregation inmates.

    d.    Issued personal hygiene items limited to one (1) small hair comb, one (1) bar of soap, one (1) toothbrush, one (1) tube of toothpaste, toilet tissue, one (1) towel and one (1) face cloth.

    e.    Three (3) personal books and one (1) book from the institutional library.

    f.    One (1) radio with earphones.

4.    All other personal property will be inventoried and stored in the segregation property room until your release.

5.    A shower and shave will be done every other day. Electric clippers or shaving powder will be provided.

6.    Meals are served three (3) times daily except Sundays and holidays. A cup will be provided. No food items or eating implements will be kept in your cell. Retaining, throwing, or intentionally spilling food is in violation of items #2 and #3 above and subject to disciplinary action.

7.    When your canteen privileges have not been withdrawn, and when security permits, permission may be granted for up to $15.00 worth of authorized store items each week. Submit a store request to the Segregation Supervisor each Monday. Once approved, your order will be brought to you.

8.    If your visitation privileges have not been lost, you may receive one (1) visit per month. This will be on the third (3rd) Friday of each month from 9:00 AM to 12:00 PM. All visitors must be on your approved visiting list before the visitor's arrival. Inform all potential visitors of your status and visitation restrictions.

9.    You are permitted one (1) telephone call per month. The telephone number called must be one on your approved telephone number list.

10.    Inmate requests for canteen, telephone, or visiting privileges will be considered in relationship to the reason and status of your being in segregation. Your conduct and demonstrated attitude will be considered as well, along with daily cell inspections.

11.    A minimum of forty-five (45) minutes of exercise will be offered daily when weather and security permits.

12.    Sick call screening will be held Sunday through Thursday, excluding weekends and holidays. When routine medical attention is needed, notify the nurse in writing, during the second pill call, at approximately 11:00 AM. On your request place your name, AIS

number; cell number, and the nature of your illness.  Failure to follow the procedure will result in your not been seen by the screening nurse.  Pill call will be held three (3) times a day. Sign up for dental care on Monday evenings for Tuesday mornings.  If an emergency situation arises, advise the officer on duty in the block.

13.  A supervisor will visit the segregation unit daily.

14.  A staff mental health employee will visit the unit twice a week.

15.  The Institutional Segregation Review Board will meet to consider your status and progress every seven (7) days of continuous segregation.

16.  Administrative Segregation inmates under investigation will receive written notice of action to be taken within 72 hours of their placement in segregation, excluding weekends and holidays.

17.  Notary public service will be offered to the inmates in the segregation unit at least twice per week.

18.  It is your responsibility to cancel all newspaper and or magazines that you have subscriptions to if your confinement in Administrative Segregation is thirty (30) days or more. Failure will result in these items being destroyed as contraband.

19.  When additional questions or emergencies arise, advise the officer on duty.