IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 AUG 17 A 9: 12

WILLIAM HERBERT VILLAR

PLAINTIFF

V.

ALABAMA DEPARTMENT OF
CORRECTIONS, ET AL.

CASE NUMBER
2:07-CV-134-WKW

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

---

COMES NOW THE PLAINTIFF IN THIS ACTION
WILLIAM HERBERT VILLAR IN ANSWER TO
THE DEFENDENTS WRITTEN REPORT AVERS
AND STATES THE FOLLOWING:

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066  )
    Plaintiff,  )
      )
    VS.  )
      )    CASE NO. 2:07-CV-134-WKW
      )
ALABAMA DEPARTMENT OF  )
CORRECTIONS, et al.,  )
    Defendant (s)  )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Willie Bryant, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is Willie Bryant, and I am presently employed as Correctional Lieutenant, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

On January 16, 2007, Inmate William Herbert Villar, #245066, was transferred to Holman Correctional Facility. On May 11, 2007, I had our Health Care Unit to call Holman Health Care Unit to get information from Inmate Villar's medical file concerning his complaint. According to our Health Care Unit, Inmate Villar's medical file reflects the following information. On January 23, 2007, he was seen for chronic care and he had vital signs taken. On January 28, 2007, he signed a waiver refusing to be seen on sick call. According to his master problem list it states he had a heart catheterization in 2006 but did not find any documentation stating he had three heart attacks.

While Inmate Villar was at Easterling Correctional Facility, he was seen by Dr. Darbouze in May, 2006, and July, 2006, and vital signs were taken at both visits. On October 23, 2007, he was seen by Dr. Darbouze for chronic care with vital signs being taken.

                    _Willie Bryant Lt_
                    WILLIE BRYANT

SWORN TO AND SUBSCRIBED TO before me this the 23rd day of
May , 2007.

                    _Linda A. Wilkinson_
My Commission Expires: 9/16/07    NOTARY PUBLIC



**EXHIBIT**
D

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066    )
    Plaintiff,           )
                      )
VS.                    )
                      )      CASE NO. 2:07-CV-134-WKW
                      )
ALABAMA DEPARTMENT OF        )
CORRECTIONS, et al.,          )
    Defendant (s)         )

### AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared <u>Willie Bryant</u>, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is <u>Willie Bryant,</u> and I am presently employed as <u>Correctional Lieutenant</u>, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

### ADDENDUM TO PREVIOUS AFFIDAVIT

Inmate William Villar, #245066, allegation that he was denied proper medical care is false. On October 23, 2006, Inmate Villar was placed in Administrative Segregation for investigation for Violation of Rules #46-Attempt to Escape by Force. Prior to Inmate Villar being placed in a cell he was escorted to the Health Care Unit for examination (Exhibit #1).

All inmates assigned to the Segregation Unit received an orientation. The orientation will be verbal as well as written. It will let all inmates be aware of sick call and other procedures while assigned to the Segregation Unit (Exhibit #2). A medical staff visits the Segregation Unit every day, if Inmate Villar had any medical complaints he could have advised the medical staff.

Our Segregation Cells has a window, door with small window and tray door. Security staff conducts a security check every 30minutes on all inmates. Inmate's cells are not sound proof.

Inmate Villar was placed in a single cell due to his Rule Violation.

                                    _Lt. Willie Bryant_
                                      WILLIE BRYANT

SWORN TO AND SUBSCRIBED TO before me this the ___29th___ day of
_____May_____, 2007.

                                    _Linda E. Teal_
                                    NOTARY PUBLIC

My Commission Expires: ___7-15-07___



**EXHIBIT**

_E_

EXHIBIT D by Willie BRYANT STATES ON JANURARY 16
William HerbeRT VillAR 245066 WAS TRANSFERED To W.C. Holman
CORRECTIONAL FACILITY This is one of The only True
STATEMENTS iN EXHIBIT D by Willie BRYANT
ON JANURARY 28, 2007 MR. VillAR did NOT sign A
WAIVER Refusing To be Seen ON SICK CAll And Demands
STRICK PROOF THERE OF. The only S.CK CAll MR. VillAR
has Filled out WAS To have A Tooth Filled The Tooth
WAS Filled ON JANURARY 23, 2007 MR. VillAR WAS
seen FoR CHRONIC CARE And Even iF MR. VillAR had
Signed A REFUSAl FOR SiCK CAll AT Holman "Which
he did NOT" This Would be Moot As There is No
CLAIM Filed AgAiNST HolmAN CORRECTIONAL FAC.l.TY
There has NOT been iN 2006 A heART CATHETER.zATion
DONE ON WilliAM HERBERT VillAR This is A Lie And
MR. VillAR Demands STRick PROOF ThERE OF ON Where
And by Whom This Alleged heART CATHETERizATion
WAS PERFORMED bUT There is AN EKG on File AT
W.C. Holman ThAT DR. BenJAMiN SAYS is Not REAl
GREAT bot MR. VillAR is Not eNT.Tled To h.s medical
Records by The D.O.C. ON octobeR 23, Did NOT see DR.
DARbouze AN Demands STRick PROOF ThERE OF IF MR.
VillAR has No heART PRoublems According To Willie
BRYANT WhY does MR. VillAR have And WAS FuRNished
by EASTERLing CORRECTIONAl A BoTTle of NyTROGlyceRin
TableTS ARE All iNMATES Given These FOR headAchs
No HEART ATTACKS!

MR. Villar did ATTEMPT To Advise Nurses of
Chest Pains AT P.ll call but Due To The Correction
Officers Telling The Nurses That MR. Villar WAS one
of The inmates Alleged To be Taking one of Them
hostage And Killing A nurse "See A Doc Form 302-B-
June 1, 2005 Incident Report / Officer Report Capt Knox"
As The Nurses Were either Scared of MR. Villar or
in Retaliation Would Not Speak To him And some
days levenings did Not Administer his medication To
him because of The Alleged Report by Capt. Knox And
Spread by The Correction Officers Which did Deny MR.
Villar Proper medical care.

According To The Segeration Unit Record Sheet
Under medical
medical-Physcian will sign each Time The inmate
is seen
Nowhere on said medical sheet including on The
Alleged date of october 23 does A Physician sign The
Segeration Unit Record Sheet
EXHIBIT #1 Emergency Where MR. Villar WAS Alleged
To be seen by DR. Darbouze is Not Signed by The
DR. That is because MR. Villar WAS Not seen by DR.
Darbouze on october 23, 2006 AT All "Another Lie"
Exhibit 1 Emergency is Not even Filled out under
Physical Examination As Claimed by Capt. Knox in
Exhibit B As by Capt. Knoxs Statement

That inmate Villar was examined by The Health Care Unit. As Exhibit #1 Shows No Physical Examination was done on Mr. Villar. Mr. Villar Was escorted back To Segeration And Placed back in A cell And Then Denied Not Just medical Treatment But Due Process As Well by The Records That Mr. Villar Was Able To Obtain Through The Attorney Generals office As Mr. Villar has been Denied Request For Any And All Records And must use what is Available To him.

Willie Bryant Claims The officers Check The inmates Every 30 minits This is A falsehood In fact if You see Ae correction officer Anytime before meals You Are Lucky The Windows That Roll out Go To Nowhere And The Tray hole is Always Shut unless meals Are being served or Pill Call is in Process There is No way To Call For help unless You beat on The door

By The Alleged heart Catheterization Placed in Mr. Villars File As until MARCH 8,2006 MR. Villar Was in Mobile county Metro Jail From March 8, until MAY 5, 2006 MR. Villar Was At K.187 From May 5, 2006 until January 16, 2007 MR. Villar Was At Easterling Correctional Facility Yet Willie Bryant Just says 2006, who did it, where did They do it And if Mr. Villar has No heart Trouble Why did They do it?

This is An Attempted Cover up by Easterling
Correctional Facility To disprove What Their own
Records Show That Were sent To The Court.
Again Look At Exhibit #1 If Segeration sent
MR. Villar To The Health Care unit on October 23,
2006  Why does MR. Villar State under
Nature of injury or illness
S. I Don't Know  Again No Doctor signed The
Report And No Physical Examination was done
As Stated by Captain Jeffer Knox Per The
Emergency Exhibit form #1 As Supplied To The
Court by Eastern Correctional Facility. MR. Villar
did see Nurse Floyd Early A.M. on October 23 2006
At 9:30 A.M. No Doctor Though As Claimed by
MR. Willie Bryant: This Was To Renew MR. Villars
Medicines: As Shown by Easterlings Correction
Facility's own Records Provided To The Court
MR. Villars Eighth Amendment Right To Addiquite
Medical Treatment Was Denied Due To The
Disciplinary Of Rule 46 Attempt To Escape by
Force illegally Written by Captain Jeffer Knox
Violating William Herbert Villars Fourteenth Amendment
Right of Due Process

Exhibit #1

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## EMERGENCY

| ADMISSION DATE 10/23/06 | TIME 6:00 AM/PM | ORIGINATING FACILITY ECF ☐ SIR ☐ PDL ☐ ESCAPEE ☐ _____ | ☐ SICK CALL  ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

| ALLERGIES Codeine - vomiting | SpO2 98% A | CONDITION ON ADMISSION ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|---|

VITAL SIGNS: TEMP 97.0 (ORAL/RECTAL)   RESP. 18   PULSE 65   B/P 138/72   RECHECK IF SYSTOLIC <100> 50 ___/___

**NATURE OF INJURY OR ILLNESS**

S - "I don't know."

O - w/m ambulates c̄ even, steady gait. A to x3 Resp even + unlabored. Skin warm, dry, intact. Denies body injuries. NO c/o voiced. NO body injuries noted upon examination. NAD noted.

A - DOC Body Chart

P - Release to DOC

| ABRASION /// | CONTUSION # | BURN XX XX | FRACTURE Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

NO Physical as stated by Captain Knox

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| DISCHARGE DATE 10/23/06 | TIME 5:05 AM/PM | RELEASE / TRANSFERRED TO ☐ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|

| NURSE'S SIGNATURE C. Vandeles RN | DATE 10/23/06 | PHYSICIAN'S SIGNATURE NO SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) Villar, William | DOC# 245066 | DOB 7-8-52 | R/S W/M | FAC. ECF |
|---|---|---|---|---|

ECF

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_    AIS NO: _245066_  CELL: _SA-20_ ~~SB-12~~

VIOLATION
OR REASON: _Investigation_

ADMITTANCE
AUTHORIZED BY: _CapT Knox_

DATE & TIME
RECEIVED: _10-23-06      5:25pm_

DATE & TIME
RELEASED: _____

PERTINENT
INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
|  | MORN |  |  |  |  |  |  |  |  |  |
|  | DAY |  |  |  |  |  |  |  |  |  |
|  | EVE |  |  |  |  |  |  |  |  |  |
| 10/23/06 | MORN |  |  |  |  |  |  |  | Alleged Dr. visit |  |
|  | DAY |  |  |  |  |  |  |  |  |  |
|  | EVE |  |  | Y | N |  |  |  |  | L Smith |
| 10/24/06 | MORN | Y |  |  |  |  |  |  |  | O. Scott |
|  | DAY |  | Y |  |  | R |  |  |  | CO Tyler |
|  | EVE |  |  | Y | N |  |  |  |  | L Smith |
| 10/25/06 | MORN | Y |  |  |  |  | Mitchell |  |  | Wee |
|  | DAY |  | Y |  |  | ISRB |  |  |  | B Barnes |
|  | EVE |  |  | Y | Y |  |  |  |  |  |
| 10/26/06 | MORN | Y |  |  |  |  |  |  |  | Verdell |
|  | DAY |  | Y |  |  | Cancel |  |  |  | Conner |
|  | EVE |  |  | Y | N |  |  |  |  | Davis |
| 10/27/06 | MORN | N |  |  |  |  |  |  |  | McLeod |
|  | DAY |  | Y |  |  | Rain |  |  |  | McClain |
|  | EVE |  |  | Y | R |  |  |  |  | L McInerny |
| 10/28/06 | MORN | Y |  |  |  |  |  |  |  | DRM |
|  | DAY |  | Y |  |  | R |  |  |  | Boatwright |
|  | EVE |  |  | Y | Y |  |  |  |  |  |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc.  *Use reverse side for additional comments
and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Easterling Correctional Facility*
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: *William Villar*

AIS NO: *245066*   CELL: *SB/12 5A-20*

VIOLATION
OR REASON: *Investigation*

ADMITTANCE
AUTHORIZED BY: *Capt Knox*

DATE & TIME
RECEIVED: *10-23-06   5:25 PM*

DATE & TIME
RELEASED:

PERTINENT
INFORMATION:

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/29 | MORN | Y | | | | | | | | *Chris Kinsey* |
| | DAY | | N | | | R | | | | *Don* |
| | EVE | | | Y | N | | | | | *Grimsley* |
| 10/30 | MORN | Y | | | | | | | | *J. Lee COS* |
| | DAY | | Y | | | | | | | |
| | EVE | | | Y | Y | | | | | *Davis* |
| 10/31 | MORN | Y | | | | | | | | *M. Jordan* |
| | DAY | | Y | | | R | | | | *Tyler* |
| | EVE | | | Y | N | | | | | *L McClung* |
| 11/1 | MORN | Y | | | | | *Mitchell* | | | |
| | DAY | | Y | | | #SRB | | | | *B. James* |
| | EVE | | | Y | Y | | | | | *J. Scott* |
| 11/2 | MORN | CN | | | | | | | | *J. W.* |
| | DAY | | Y | | | R | | | | *B.J. Scott* |
| | EVE | | | Y | N | | | | | |
| 11/3 | MORN | U | | | | | | | | *Jordan* |
| | DAY | | Y | | | CB | | | | *L. Anthony* |
| | EVE | | | Y | Y | | | | | *L McClung* |
| 11/4 | MORN | Y | | | | | | | | *A. ____* |
| | DAY | | Y | | | R | | | | *Bradley Art* |
| | EVE | | | Y | N | | | | | *M. ____* |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Easterling Corr. Facility*
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villas_          AIS NO: _11/2450106_  CELL: _SB.12_

VIOLATION
OR REASON: _Inv._                       ADMITTANCE
                                        AUTHORIZED BY: _Capt. Knox_

DATE & TIME
RECEIVED: _10.23.06_     _5:35 pm_      DATE & TIME
                                        RELEASED: _____

PERTINENT
INFORMATION: _____

| DATE | SHIFT | MEALS B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 11/5/06 | MORN | N | | | | R | | | | Johnson, COI |
| | DAY | N | | | | | | | | B. Anthony |
| | EVE | | Y | Y | | | | | | J. Jordan |
| 11/6/06 | MORN | N | | | | | | | | Michael |
| | DAY | | Y | | N | R | | | | Serena Porter |
| | EVE | | Y | N | | | | | | J. Scott |
| 11/7/06 | MORN | N | | | | | | | | Brown |
| | DAY | | Y | | | R | | | | Serena Porter |
| | EVE | | Y | Y | | | | | | J. Scott |
| 11/8/06 | MORN | Y | | | | | Not seen | | | Hines |
| | DAY | | Y | | N | JSRB | | | | Sun |
| | EVE | | Y | Y | | | | | | Su |
| 11/9/06 | MORN | Y | | | | R | | | | men |
| | DAY | | Y | | | | | | | Siegers |
| | EVE | | | Y | Y | | | | | McClain, Cpl |
| 11/10/06 | MORN | Y | | | | R | | | | Hines |
| | DAY | | N | | N | | | | | Sun |
| | EVE | | | Y | N | | | | | Quarry |
| 11/11/06 | MORN | Y | | | | R | | | | N. Edwards |
| | DAY | | Y | | | | | | | Cpl. Siler |
| | EVE | | Y | Y | | | | | | J. Scott |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Easterling Correctional Facility*
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villas_          AIS NO: _W/295006_ CELL: _5B, R_

VIOLATION OR REASON: _INV._          ADMITTANCE AUTHORIZED BY: _Capt Knox_

DATE & TIME RECEIVED: _10.23.06    5:25 pm_          DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/12 | MORN | Y | | | | | | | | Chris Kinch |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | n | | | | | |
| 11/13 | MORN | Y | | | | | | | | |
| | DAY | | Y | Y | Y | R | | | | |
| | EVE | | | | | | | | | |
| 11/14 | MORN | Y | | | | | | | | K Richardson |
| | DAY | | Y | | | R | | | | |
| | EVE | | Y | Y | N | | | | | |
| 11/15 | MORN | Y | | | | | AB | | | |
| | DAY | | Y | | N | ISRB | | | | |
| | EVE | | | Y | Y | | | | | |
| 11/16 | MORN | Y | | | | | | | | James |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | N | | | | | |
| 11/17 | MORN | Y | | | | | | | | N Richardson |
| | DAY | | Y | Y | | R | | | | D Bell |
| | EVE | | | Y Y N | | | | | | Whitfield |
| 11/18 | MORN | Y | | | | | | | | James |
| | DAY | | Y | Y | N | R | | | | |
| 2006 | EVE | | | | | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*(INSTITUTION)*

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_  AIS NO: _W/245066_ CELL: _SA-12_

VIOLATION OR REASON: _Inv. #46_

ADMITTANCE AUTHORIZED BY: _Capt. Knox_

DATE & TIME RECEIVED: _10-23-06  5:25 Pm_

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 11/19/06 | MORN | Y | | | | | | | | |
| | DAY | | N | | N | R | | | | |
| | EVE | | | Y | Y | | | | | L. McClary |
| 11/20 | MORN | Y | | | | | | | | Hines |
| | DAY | | Y | Y | N | P | | | | Leon |
| | EVE | | | | | | | | | |
| 11/21 | MORN | Y | | | | | | | | Jordan |
| | DAY | | Y | | | Declined | | | | |
| | EVE | | | Y | Y | | | | | |
| 11/22 | MORN | Y | | | | | Nat. | | | D. Kitty |
| | DAY | | Y | | N | ISRB | | | | |
| | EVE | | | Y | N | | | | | W. Floyd |
| 11/23 | MORN | Y | | | | | | | | J. Bryant |
| | DAY | | N | | | R | | | | Silencio |
| | EVE | | | Y | Y | | | | | DAVIS |
| 11/24 | MORN | Y | | | | | | | | Hines |
| | DAY | | N | | | Cancel | | | | Cohen |
| | EVE | | | Y | N | | | | | Cook |
| 11/25 | MORN | Y | | | | | | | | Daryl |
| | DAY | | N | | | R | | | | |
| | EVE | | | Y | Y | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: William Villar                AIS NO: WR45066  CELL 5A-12

VIOLATION
OR REASON: Inv. #46                        ADMITTANCE
                                           AUTHORIZED BY: Capt. Knox

DATE & TIME
RECEIVED: 10/23/06  5:25pm                  DATE & TIME
                                           RELEASED:

PERTINENT
INFORMATION:

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---------|---------|---------|----|----------|---------------|-------------|-----------|---------------|
| 11/26/06 | MORN | Y | | | | | | | | V. Burden |
| | DAY | | | | | | | | | |
| | EVE | | | Y | N | | | | | Grimsley |
| 11/27 | MORN | Y | | | | | | | | |
| | DAY | Y | Y | Y | Y | R | | | | Kasey Fuller |
| | EVE | | | | | | | | | McClain |
| 11/28 | MORN | Y | | | | | | | | Danzey |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | N | | | | | |
| 11/29 | MORN | Y | | | | | | Mitchell | | J. Bryant |
| | DAY | | Y | | | allR8 | | | | L. Anthony |
| | EVE | | | Y | N | | | | | Campbell |
| 11/30 | MORN | Y | | | | | | | | |
| | DAY | | Y | | | R | | | | Carty |
| | EVE | | | Y | N | | | | | Grimsley |
| 12/1 | MORN | Y | | | | | | | | Bedill |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | Y | | | | | Bates |
| 12/2/06 | MORN | Y | | | | | | | | Charlie Hayner |
| | DAY | | Y | | | R | | | | Siler, Sgt |
| | EVE | | | Y | N | | | | | McClain |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.
**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)
**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
          9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:** Physician will sign each time the inmates is seen.
**Psych:** Psychological Counselor will sign each time the inmate is seen.
**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
          and include date, signature, and title.
**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: William Villar          AIS NO: W245026 CELL: 5A-12

VIOLATION OR REASON: Inv #46

ADMITTANCE AUTHORIZED BY: Capt. Cook

DATE & TIME RECEIVED: 10/23/06  5:25 pm

DATE & TIME RELEASED:

PERTINENT INFORMATION:

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/3/06 | MORN | Y | | | | | | | | N. Burden |
| | DAY | | N | | | R | | | | Braturuight |
| | EVE | | | Y | Y | | | | | |
| 12/4/06 | MORN | Y | | | | | | | | |
| | DAY | Y | Y | Y | N | Q | | | | Anthony |
| | EVE | | | | | | | | | |
| 12/5/06 | MORN | Y | | | | | | | | J. Bryant |
| | DAY | | Y | | | R | | | | Jerome Porter |
| | EVE | | Y | Y | Y | | | | | |
| 12/6 | MORN | Y | Y | | | | | | | Verdell |
| | DAY | Y | N | | | JSRB. | | | | Silas (co) |
| | EVE | | | Y | N | | | | | |
| 12/7 | MORN | Y | Y | | | | | | | Coumer |
| | DAY | Y | Y | | | R | | | | |
| | EVE | | | Y | Y | | | | | |
| 12/8/06 | MORN | Y | | | | | | | | Jordan |
| | DAY | Y | Y | | | R | | | | |
| | EVE | | | Y | N | | | | | |
| 12/9/06 | MORN | Y | | | | | | | | |
| | DAY | | Y | | | R | | | | Braturuight |
| | EVE | | Y | Y | | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

_(INSTITUTION)_

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_          AIS NO: _W/245066_ CELL: _5A12_

VIOLATION
OR REASON: _Inv. # 46_          ADMITTANCE
AUTHORIZED BY: _Capt Knox_

DATE & TIME
RECEIVED: _10/23/06  525pm_          DATE & TIME
RELEASED:

PERTINENT
INFORMATION:

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 12/10/06 | MORN | Y | | | | CR | | | | M. Grim |
| | DAY | | N | | | | | | | S. Anthony |
| | EVE | | | Y | N | | | | | J. Wills |
| 12/11/06 | MORN | Y | | | | | | | | R. Bull |
| | DAY | | Y | | | R | | | | Boatwright |
| | EVE | | | Y | Y | | | | | L. McClary |
| 12/12/06 | MORN | Y | | | | | | | | R. Ben |
| | DAY | | Y | | | R | | | | R. Barnes |
| | EVE | | | Y | R | | | | | S. Scott |
| 12/13/06 | MORN | Y | | | | | Mitchell | | | M. Oneil |
| | DAY | | Y | | | IJRB | | | | M. William |
| | EVE | | | Y | Y | | | | | |
| 12/14/06 | MORN | Y | | | | | | | | Verdell |
| | DAY | | N | Y | N | N | | | | Boatwright |
| | EVE | | | Y | | | | | | In Mitchell |
| 12/15/06 | MORN | Y | | | | | | | | Jordan |
| | DAY | | Y | | | R | | | | Rice |
| | EVE | | | Y | Y | | | | | T. Scott |
| 12/16/06 | MORN | Y | | | | | | | | J. Burk |
| | DAY | | Y | | | R | | | | Knight |
| | EVE | | | Y | N | | | | | J. Scott |

**Pertinent Info:**  i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.
**Meals/ SH:**  Shower- Yes (Y); No (N); Refused (R)
**Exercise:**  Enter Actual Time Period and Inside or Outside (i.e.,
          9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:**  Physician will sign each time the inmates is seen.
**Psych:**  Psychological Counselor will sign each time the inmate is seen.
**Comments:**  i.e., Conduct; Attitude, etc.  *Use reverse side for additional comments
          and include date, signature, and title.
**OIC Signature:**  OIC must sign all record sheets each shift.

DOC FORM N912

(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_    AIS NO: _W/245066_  CELL: _5A12_

VIOLATION OR REASON: _INV # 46_    ADMITTANCE AUTHORIZED BY: _Capt Knox_

DATE & TIME RECEIVED: _10.23-06_    _5:25 Pm_    DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|---|---|---|---|---|---|
| 12/17/06 | MORN | Y | | | | | | | | R Beclah |
| | DAY | | Λ | | | | | | | TAV |
| | EVE | | | Y | Y | | | | | D Fortson |
| 12/18/06 | MORN | Y | | | | | | | | J. Louzcir |
| | DAY | | | | | | | | | |
| | EVE | | Y | Y | N | | | | | Mr Jun |
| 12/19/06 | MORN | Y | | | | | | | | McCall |
| | DAY | Y | | Y | Y | R | | | | Connie |
| | EVE | | | Y | Y | | | | | Djungle Fortson |
| 12/20/06 | MORN | Y | Y | | | | Mitchell | | | Middleton |
| | DAY | | Y | | | ISRB | | | | Muddleton |
| | EVE | | | Y | N | | | | | McClin |
| 12/21/06 | MORN | Y | | | | | | | | Cornella |
| | DAY | | Y | | | R | | | | Brown |
| | EVE | | | Y | N | | | | | J. Allen |
| 12/22/06 | MORN | Y | | | | | | | | Verdell |
| | DAY | | Y | | | Run | | | | D Bar |
| | EVE | | | Y | N | | | | | J. Scott |
| 12/23/06 | MORN | Y | | | | | | | | J. L. |
| | DAY | | Y | | | R | | | | Mr Jun |
| | EVE | | | Y | Y | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

D H Sterling
(INSTITUTION)

## SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_   AIS NO: _W245066_  CELL: _5A-15_

VIOLATION
OR REASON: _IRV. # 46_

ADMITTANCE
AUTHORIZED BY: _Capt Knox_

DATE & TIME
RECEIVED: _10.23.06_

DATE & TIME
RELEASED:_____

PERTINENT
INFORMATION:_____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| 12/24/06 | MORN | Y | | | | | | | | Charlie Haynes |
| | DAY | | N | | | R | | | | Fuller J. |
| | EVE | | | Y | N | | | | | Jordan |
| 12/25/06 | MORN | Y | | | | | | | | J Bryant |
| | DAY | Y | N | | | Rain | | | | Fuller J. |
| | EVE | | | Y | Y | | | | | L Murray |
| 12/26/06 | MORN | Y | | | | | | | | |
| | DAY | | Y | | | Rain | | | | Fuller |
| | EVE | | | Y | | | | | | |
| 12/27/06 | MORN | Y | | | | | | | | Verdell |
| | DAY | Y | Y | | | Y SRB | | | | Williams |
| | EVE | | | Y | Y | | | | | Campbell |
| 12/28/06 | MORN | Y | | | | | | | | Verdell |
| | DAY | Y | Y | | | R | | | | |
| | EVE | | | Y | N | | | | | J Scott |
| 12/29/06 | MORN | Y | | | | | | | | McNeel |
| | DAY | Y | N | | | R | | | | Boatwright |
| | EVE | | | Y | Y | | | | | M. Scaife COI |
| 12/30/06 | MORN | Y | | | | | | | | S Doug COI |
| | DAY | | Y | Y | | R | | | | Conn |
| | EVE | | | Y | N | | | | | McKinn |

**Pertinent Info:**  i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:**  Shower- Yes (Y); No (N); Refused (R)

**Exercise:**  Enter Actual Time Period and Inside or Outside (i.e.,
        9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:**  Physician will sign each time the inmates is seen.

**Psych:**  Psychological Counselor will sign each time the inmate is seen.

**Comments:**  i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
        and include date, signature, and title.

**OIC Signature:**  OIC must sign all record sheets each shift.

DOC FORM N912

*E. Sterling*
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: William M. Villar   AIS NO: W124506b   CELL: 5A-15

VIOLATION
OR REASON: law # 46

ADMITTANCE
AUTHORIZED BY: Capt. Knox

DATE & TIME
RECEIVED: 10-23-06

DATE & TIME
RELEASED:

PERTINENT
INFORMATION:

| DATE | SHIFT | MEALS | | | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----|----|----|----|----|
| | | B | D | S | | | | | | |
| 12/30/06 | MORN | Y | | | | | | | | O Scott |
| | DAY | | N | | | | | | | DeAngelo Fortson |
| | EVE | | | Y | Y | | | | | |
| 1/1/0 | MORN | Y | | | | | | | | R. |
| | DAY | | N | | Y | R | | | | Boatwright |
| | EVE | | | Y | N | | | | | W Owny |
| 1/2/07 | MORN | Y | | | | | | | | Stines |
| | DAY | | Y | Y | Y | R | | | | |
| | EVE | | | Y | Y | | | | | |
| 1/3/07 | MORN | Y | | | | | M Dell | | | Jame |
| | DAY | | Y | | | ISRB | | | | R. Barns |
| | EVE | | | Y | N | | | | | T. Scott |
| 1/4/07 | MORN | Y | | | | | | | | Verdell |
| | DAY | | Y | | | Rain | | | | DeAngelo Tetro |
| | EVE | | | Y | Y | | | | | |
| 1/5/07 | MORN | | | | | | | | | Senora Porter |
| | DAY | | Y | | | Rain | | | | L McClung |
| | EVE | | | Y | N | | | | | |
| 1/6/07 | MORN | Y | | | | | | | | DeAngelo Tetro |
| | DAY | | Y | | | Fog | | | | Barton |
| | EVE | | | Y | Y | | | | | DeAngelo Fortson |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
            9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude. etc. *Use reverse side for additional comments
            and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

*Mercy Cross Facility* (handwritten)
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: *William Villas*  AIS NO: *W 245066*  CELL: *5a/15*

VIOLATION OR REASON: *RV # 46*

ADMITTANCE AUTHORIZED BY: *Capt. Knox*

DATE & TIME RECEIVED: *10.23.06*

DATE & TIME RELEASED: _____

PERTINENT INFORMATION: _____

| DATE | SHIFT | MEALS B | MEALS D | MEALS S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---|---|---|----|----------|---------------|-------------|-----------|---------------|
| Jan 7, 07 | MORN | Y | | | | | | | | *North Johnson, CO* |
| | DAY | | N | | | | | | | |
| | EVE | | | Y | N | | | | | *DeKrople Tobson* |
| Jan 8 | MORN | Y | | | | | | | | *Mchie* |
| | DAY | | | LX | Y | R | | | | *Sus-Sant* |
| | EVE | | Y | Y | | | | | | *Claus Ken* |
| Jan 9 | MORN | X | | | | | | | | |
| | DAY | | Y | | | | | | | *D. Bop* |
| | EVE | | | Y | N | | | | | *S. Sieg* |
| Jan 10 | MORN | Y | | | | | | | | *A. Wil* |
| | DAY | | Y | | | ISRB | | | | |
| | EVE | | | Y | Y | | | | | *Claus Ken* |
| Jan 11 | MORN | Y | | | | | | | | *Mchie* |
| | DAY | | Y | | | R | | | | *Perik* |
| | EVE | | | Y | N | | | | | *DeKrople Tobson* |
| Jan 12 | MORN | Y | | | | | | | | *Burde* |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | Y | | | | | *D. Bell* |
| Jan 13, 07 | MORN | Y | | | | | | | | |
| | DAY | | Y | | | R | | | | |
| | EVE | | | Y | N | | | | | *Stew Jm* |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.

**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)

**Exercise:** Enter Actual Time Period and Inside or Outside (i.e., 9:30/10:00 IN; 2:00/2:30 OUT)

**Medical:** Physician will sign each time the inmates is seen.

**Psych:** Psychological Counselor will sign each time the inmate is seen.

**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments and include date, signature, and title.

**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

_Easterling_
(INSTITUTION)

# SEGREGATION UNIT RECORD SHEET

INMATE NAME: _William Villar_          AIS NO: _W245066_ CELL: _5A15_

VIOLATION
OR REASON: _R/U A 4L_                  ADMITTANCE
                                       AUTHORIZED BY: _Capt Knox_

DATE & TIME
RECEIVED: _10-29-06_                   DATE & TIME
                                       RELEASED:_____

PERTINENT
INFORMATION:_____

| DATE | SHIFT | MEALS B | D | S | SH | EXERCISE | MEDICAL VISIT | PSYCH VISIT | COMMENTS* | OIC SIGNATURE |
|------|-------|---------|---|---|----|----------|---------------|-------------|-----------|---------------|
| 1/14/07 | MORN | Y | | | | ⊕ | | | | _Martha_ |
|  | DAY | | N | | | | | | | _L. Anthony_ |
|  | EVE | | | y | y | | | | | _J. Scott_ |
| 1/15/07 | MORN | √ | | | | F2 | | | | _McLeod_ |
|  | DAY | | N | | | | | | | _Oliver_ |
|  | EVE | √ | | y | n | | | | | _J. Scott_ |
| 1/16/07 | MORN | Y | | | | | | | | |
|  | DAY | | | | | | | | | |
|  | EVE | | | | | | | | | |
| 1/17/07 | MORN | | | | | | | | | |
|  | DAY | | | | | | | | | |
|  | EVE | | | | | | | | | |
| 1/18/07 | MORN | | | | | | | | | |
|  | DAY | | | | | | | | | |
|  | EVE | | | | | | | | | |
| 1/19/07 | MORN | | | | | | | | | |
|  | DAY | | | | | | | | | |
|  | EVE | | | | | | | | | |
| 1/20/07 | MORN | | | | | | | | | |
|  | DAY | | | | | | | | | |
|  | EVE | | | | | | | | | |

**Pertinent Info:** i.e., Epileptic; Diabetic; Suicidal; Assaultive; etc.
**Meals/ SH:** Shower- Yes (Y); No (N); Refused (R)
**Exercise:** Enter Actual Time Period and Inside or Outside (i.e.,
         9:30/10:00 IN; 2:00/2:30 OUT)
**Medical:** Physician will sign each time the inmates is seen.
**Psych:** Psychological Counselor will sign each time the inmate is seen.
**Comments:** i.e., Conduct; Attitude, etc. *Use reverse side for additional comments
         and include date, signature, and title.
**OIC Signature:** OIC must sign all record sheets each shift.

DOC FORM N912

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066    )
      Plaintiff,    )
          )
      VS.    )
          )    CASE NO. 2:07-CV-134-WKW
          )
ALABAMA DEPARTMENT OF    )
CORRECTIONS, et al.,    )
      Defendant (s)    )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Jeffery Knox, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is Jeffery Knox, and I am presently employed as Correctional Captain, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

On October 23, 2006, at approximately 1:00PM, Captain Jeffery Knox began an investigation into an escape plot from Easterling Correctional Facility. Captain Knox obtained information that Inmate Villar, William, W/245066, was involved in the escape plot. Inmate Villar was escorted to the Administrative Building Conference Room and questioned by Warden Gwendolyn Mosley and Captain Knox. Inmate Villar denied having any involvement in the escape plot. Inmate Villar was escorted to the Health Care Unit. Inmate Villar was examined. Inmate Villar was escorted to Administration Segregation (Exhibit #1) pending further investigation. Inmate Villar was served with a Detention Notification advising him that he was being investigated for a violation of Rule #46, Attempt to Escape by Force. An extensive investigation was launched by the Senior Administrative Staff at Easterling and Investigation and Intelligence Investigator Eric Brascom. On November 8, 2006, at approximately 12:17AM, Inmate Villar was served a Disciplinary for violation of Rule #46, Attempt to Escape by Force (Exhibit #2). Inmate Villar was afforded the opportunity to list witnesses. On November 13, 2006, at approximately 4:52PM, Inmate Villar attended a Disciplinary Hearing that was conducted by Officer Linda Glenn. The hearing was conducted in accordance with Administrative Regulation 403. Inmate Villar was found guilty and received (45) days Disciplinary Segregation and (45) days Loss of Privileges (Exhibit #3). Captain Knox submitted a sworn testimony that he had obtained information that Inmate Villar was involved in the escape plot and his involvement could be corroborated by numerous facts that was listed in his Institutional and Medical File. Inmate Villar's claims are false. Inmate Villar was not falsely arrested and he received due process. Inmate Villar was afforded access to medical care. A nurse walked throughout the Segregation



EXHIBIT

B

Affidavit – Jeffery Knox
Civil Action – 2:07-CV-134-WKW
Page 2

Unit at least three (3) times each day and Inmate Villar was afforded the opportunity to submit a Sick Care
Request and see a Supervisor at least three (3) times a day.  Inmate Villar did not report his complaint to
any staff member. Please refer to the attached copies of the Incident Report and Form 912 (Exhibit #4).

I have not violated Inmate Villar's constitutional rights.


_____ _____
JEFFERY KNOX


SWORN TO AND SUBSCRIBED TO before me this the _29th_____ day of
_March_____, 200&7

_____
NOTARY PUBLIC

My Commission Expires: _9/16/2007_____

According To The AFFiDAViT oF JeFFeRy KnoX
On October 23, AT 1:00 P.M.
CAPTAIN JeFFeRy KnoX STARTed AN iNvesTigATioN
OF AN escape PloT FRom EASTERLiNg coRReCTioNal
FACiliTy YeT AccoRdiNg To The iNcideNT RePoRT
CAPTAIN KnoX WAS Summoned To MR. TRAViS WhiTes
OFFiCe AT 1:00 P.m WiTh MR. TRAViS WhiTe ANd
iNmATe Wood, JAmes W/ 246878
This is iN diRecT CoNFLiCT WiTh CAPTAiNS KnoXS
STATemeNT oF The DiSCiPLiNARy #06-691 oF RuLe
46 ATTemPT To escape by FoRce ANd TAke A
HosTAge LiNe 3

3. The Above NAmed iNmATe is beiNg chARged by
CAPTAIN JeFFRey KnoX WiTh VioLATioN oF RuLe #46
SPeCiFiCALLy ATTemPT To EscApe by FoRce FRom
RegulATioN #403 Which occured oN oR AbouT
OCToBER 23, 2006 AT (Time) 1:00 (P.M. LocATioN
MR. TRAViS WhiTes OFFiCe A heARiNg oN This chARge
Will be held AFTeR 24 hours FRom seRvice:
IF This is TRue how Could WilLiAm ViLLAR W/m
245066 RANdy Nichols W/m 117491 Don JohNsoN
W/m 149934 DAVid PiTTS W/m 247960 Joe Goldsmith
B/m 143142 O.T.S Williams B/m 112991 JeFFRey AddisoN
W/m 163724 DAVid CLARK W/m 248446 Chase JohNsoN
W/m 248222 NoRRis Cole B/m 162745 ALL be
iN MR. TRAViS WhiTes ON OCToBER 23, 1:00 P.M.
ConsPiRiNg To escape WheN CAPTAiN JeFFeRy KnoX

According To his own Reports was himself in Travis Whites office with Mr. Travis White And James Wood AT 1:00 P.M. on October 23,

CAPTAIN KNOX LATER STATES This is Now when The investigation begin AFTER being confronted by This AT Mr. Villars Disciplinary Hearing AS Mr. Villar Proved by Dean Kimble And ALABAMA Department Of Corrections officer Mr. Temple That he William Villar WAS in Fact Tutoring A Class AT The Trade School On October 23, 1:00 P.M. And could Not be Conspiring To Escape in Mr. Travis Whites office

yet The Hearing officer CoI Linda Glenn states on Line 19

On October 23, AT Approximately 1:00 P.M. in Mr. Travis Whites office, Inmate W/245066 did Attempt To escape by Conspiring with several inmates To escape by Force And Take A hostage From Easterling Correctional Facility. Therefore inmate Villar was in Violation Of Rule 46 - Attempt To Escape by Force     CAPTAIN KNOX And CoI Linda Glenn Just Can Not Seem To get Their Lies Straight Together:

How Can All These inmates be in Travis Whites office On October 23, 2006 AT 1:00 Pm AT The Same Time Captain Jeffery Knox States he, Travis White And James Wood Are meeting yet CoI Linda Glenn Says we were All Guilty And There:

Look At The basis OF FACT Line 20

20. CAPTAIN JEFFERY KNOX STATED "UNDER OATH"
"CAPT. KNOX is CO1 Linda Glenns SUPERIOR"
That he Conducted An investigation which
Reveled That inmate Villar Planned To escape
by Force "NO Evidence OTHER Than CAPTAIN
KNOXS WORD AT hearing

Look AT DisciPlinary RePort OPTionAl

O B. H. C. WAS ANY EVidence Found That the
information given by The Confidential Reliable
sources A. Yes
Yes, Letters AND moniTored Phone ConversaTions

MR. Villar Demands STRICT PROOF CoPies OF LeTTers
And Recorded Phone ConversaTions OF William
Villar TAlking About Escaping AS MR. Villar
has made NO Phone CAlls Since LeAving mobile
CounTy Metro JAil ON mARCH 8, 2006
Also CAPTAIN JEFFERy KNOX STATES in his
incident RePort That Theresa Guy WAS going To
Pick MR. Villar UP And Take him To Rob A
Trucking ComPAny MR. Villar Demands STRiCT
PROOF That he OR SPiCiFiCAlly Theresa Guy WAS
Taking him To Rob A Trucking ComPANy. MRS. Guy
is Filing her own suite in This mATTer!

Again on Line 15 of Disciplinary Report
"Arresting officers Testimony "At the hearing"
Captain Knox States
I "Captain Knox" Read mail And Listened To
Phone Calls That Also confirmed This information

Again Captain Knox in order To Show Justification
To Place Mr. Villar illegally into Segeration
Where Mr. Villars Rights were Violated includes
This Falsehood About Mr. Villar There Are No
Such Letters To or From Mr. Villar And if
There were Any Such Phone Calls They Would
And Still be in existance And Recorded As All
inmates Phone Calls Are Recorded And in This
Case Knowing For Certain Such Proof Would or May
be Required in A Court Of Law Captain Knox
And Easterling Correctional Facility Should have
Preserved Such Valuable Evidence For Their Case
And Prosecution Of Said inmates
Where Of William Herbert Villar Demands
Strict Proof From Captain Jeffery Knox As To
Said Letters And Phone Conversations
Easterling Correction Facility Should have A Complete
List Of Numbers Called by Mr. Villar Mr. Villar
Will have Any Person he Allegebly Called Submit
Their Phone Records For That month As This Would
be A Collect Call And Recorded by Said Phone Company
And Prove Captain Knox To be The Conplusive Liar he is:

AS This Disciplinary # 06-691 is The Grounds
That did START MR. VILLARS Violation of his
Constitutional Rights And CAPTAIN JEFFERY KNOX
has SAW FIT To bring Said Disciplinary To The
light OF The COURT To discredit MR. VILLAR. MR.
VILLAR Demands CAPTAIN JEFFERY KNOX Prove That
he did listen To Phone CALLS OF MR. VILLAR "Which
There Were None" And Produce copies OF Said Letters
he CAPTAIN KNOX Allegedly Read To or From MR.
VILLAR OR FACE PERJURY CHARGES FOR Submitting A
FALSE REPORT TO The UNITED STATES DISTRICT COURT
Middle DISTRICT OF ALABAMA NORTHERN Division
This SORT OF conduct must be STOPPED LYing on
inmates To FURTHER ONES OWN CAREER AS CAPTAIN
JEFFERY KNOX has done And JUST because he is A
CAPTAIN FOR The ALABAMA DEPARTMENT OF CORRECTIONS
Does NOT give him A Right To Lie in A SWORN
AFFIDAVIT To The COURTS To MAKE himself
Look good
Even by The DETENTION NOTIFICATION To inmate
William VILLAR
INITIAL ENTRY Phone CALL
WAS inmate Allowed Phone CALL Yes is checked
Why "INMATE STATES" William VILLAR" He has
NO ONE To CALL SHIFT SUPERVISOR Signatures/DATE
L. HULETT / CAPT. KNOX inmate Signature William VILLAR
245066    I had And STILL have NO ONE To CALL 10/23/06
EXHIBIT #1.

## EASTERLING CORRECTIONAL FACILITY
## 200 WALLACE DRIVE
## CLIO, AL  36017

DETENTION NOTIFICATION

TO INMATE:  William Villar          R/S  W/M          AIS#  245066

This is to inform you that you are presently being investigated by:

Capt. J. Knox      for  Pending investigation.

(Supervisor's Name)                              (Briefly, describe reason for detention)

As a result of this, you are being placed in a single cell pending completion of the investigation or evaluation.  You are hereby notified that this investigation or evaluation may take longer than 72 hours.  Before the end of the 72-hour period, you will either receive additional notification or be released from the single cell.  The 72-hour period excludes weekends and holidays.  By your signature below, you acknowledge receipt of a copy of this notice.

**** CHECK APPROPRIATE BOXES BELOW TO INDICATE PLACEMENT/STATUS ****
( X ) Investigate for violation of rules/regulations
(   ) Pending investigation for Protective Custody
(   ) Pending Reclassification
(   ) Suicide/Self Injury Watch
(   ) Hunger Strike

### INITIAL ENTRY PHONE CALL
Was inmate allowed phone call?
( √ ) YES     ( · ) NO     Why?  Inmate stated that he has no one to call.

SHIFT SUPERVISOR'S SIGNATURE/DATE  10/23/06

INMATE'S SIGNATURE / AIS #   William Villar  245066

SERVING OFFICER'S SIGNATURE   Lewis Smith  CO I

DATE AND TIME OF SERVICE   10/23/06

### DISTRIBUTION:

Original / Segregation
Deputy Warden
Captain (x2)
Classification
Inmate's File

Another Lie Captain Jeffery Knox is caught in
How many Times is Captain Knox going to be
Allowed to use his position to Wrongfully And
Unlawfully have Charges placed on an inmate because
he is Captain Jeffery Knox And is innocent to be
Called on his Lie by An inmate Except When
Captain Knox has Lied in An Affidavit to An
Open Federal Court of Law which he has now
Done And Mr. Villar Demands Strict Proof
From Captain Jeffery Knox to Produce said Letters
To or From Threasa Guy on An Escape plot And
or Recorded Phone Calls to Anyone Anyone From
William Villar 245066 The Court may order a
List of Mr. Villar Calls From March 8, 2006
K.104 Correctional Facility, Easterling Correctional
Facility May 5, 2006 To January 16, 2007 And
Even From W.C. Holman Correctional Facility
January 16, 2007 To present There are no
Phone Calls made by William Villar 245066 to
Anyone At Any Time
Captain Jeffery Knox has Lied under Perjury
of Law To the United States District Court
by submitting said Documents To the Court And
Under Oath To be True Now Mr. Villar Demands
Strict Proof There of or Captain Jeffer Knox
Should be Treated As Anyone else who Commits
Perjury in An Open Court of Law:

William Villar hereby Petions This Honorable Court To Subpeona said Letters Phone Conversations As claimed To be in exhistance by Captain Jeffery Knox As included in his "Captain Jeffery Knox" Affidavit Which he Submitted To The Court To discredit William Villar Potraying Mr. Villar To be A Person Who was Planning To do harm To A Nurse At Easterling Correctional Facility And Then go on A Robbing Spree To Mexico

As Captain Knox did Submit This Affidavit Mr. Villar is entitled To Strict Proof There of:

Part II of O.B.H.O.:
During The course of The investigation, Was Any information uncovered To indicate That The confidential, Reliable Sources had Reason To Lie About inmate Villar.
A. No. And Other information uncorvered confirmed The sources information

Mr. Woods did Accuse Mr. Villar of Writing his "Mr. Woods" Wife. Mr. Villar did not Know Mr. Woods or his Wife

Also:

MR. Wood STATED THAT " incident REPORT" Three
Weeks earlier or PRior while he "MR. Woods" WAS
getting A DRink OF WATER in DoRmiTORy 9B ThaT
he "MR. woods" overheard inmate VillAR w1245066
TAlking About escaping From EASTERling With inmate
Nichols, RANdy W/11D491

This cold NoT have happened As CAPTAIN JeFFeRy
KNox being over SecuriTy Shold KNow. DoRm 9 B
WAS SAPP/ CRineBill MR. VillAR ANd MR. woods
WERE both Residents oF SAPP/CRine Bill MR. Nichols
WAS in DoRm 7 B. IN DoRm 9. B. FiRST OF all
The door STAys Locked As all NonResidents ARE
NOT Allowed in The DoRm THERE is A MONiTOR
ThaT siTs APPROXimATely Ten (10) FeeT FRom The
DooR. Whenever A NonResident enTERS He Yells
"And Loud" Non Resident in The DoRn. AT This
Time N DoRn LeAdER goes To The NoN Resident To
See WhAT ThaT PERSon WANTS, Noone else is
Allowed To SPEAk To ThaT PERSon IF iT is DeTERmined
ThaT PERSon is There FoR A No good ReAson ThaT
PERSon MAy be escorTed To SegeRATion FoR being ouT
OF Bounds And cold Possible be ChARged wiTh EscAPe
"ConTACT MR. WAgNER PRogRam SupERVisoR" TheRe FoRe
MR. Woods did Lie And CAPTAIN KNox being over
SecuRiTy Shold Know This, He is in ChARge OF
SoCh MATTERS.

        Also

MR. WOODS WAS ON SAPP CRIME BILL AND RETURN
MR. WOODS WAS ANGREY because he had JUST WAITED
SIX MONTHS FOR THE NEXT CRIME BILL Class AND
did NOT get INTO THE NEXT CLASS MR. WOODS
STATED he WAS going TO get TO ANOTHER CAMP
WHERE he WOULD be Able TO TAKE CRIME BILL
AND be home IN SIX MONTHS bY Telling THE LIES
ON TEN PEOPLE WHO KNEW NOTHING ABOUT WHAT MR.
WOODS WAS Alleging THEY WERE going TO do MR.
WOODS did HAVE A SERIOUS MOTIVE TO LIE bY being
C-51 TO ANOTHER CAMP MR. WOODS did Avoid HAVING
TO WAIT SIX MONTHS FOR THE NEXT CLASS SIX MORE
MONTHS in THE CLASS AND THEN SIX MONTHS AFTER
CARE. A TOTAL OF AT LEAST EIGHTEEN MONTHS STILL
TO be SERVED AT EASTERLING AND THAT WAS IF he
GOT INTO THE NEXT CLASS bY LYING MR. WOODS did
CUT his SENTENCE bY over HALF THE TIME he WOULD OF
had TO dO AT EASTERLING. THIS IS A MATTER OF RECORD
ON JAMES WOODS. KNOWING MR. WOODS HAD ONLY SAPP/CRIME
BILL/RETURN WHY WOULD ANYONE ASK him TO ESCAPE
MR. WOODS Also STATED he HAD CANCER in bOTH his
LEGS AND WAS A DIABETIC NOT in good health WHO
could only WALK A SHORT DISTANCE. He WOULD be A
BURDEN TO SOMEONE TRYING TO ESCAPE AND NO HELP AT
ALL AS CLAIMED bY CAPTAIN JEFFERY KNOX.

Even Though This WAS dismissed by The Honorable
Court CAPTAIN JEFFERY KNOX Chose To TAke it
UPON himself To Admit These EXHIBITS iNTO The
Court AS FActual Evidence To Discredit MR. VILLAR
MR. VILLAR Now has The Right To Demand STRICT
PROOF THERE OF ANd PETITIONS The Honorable Court
To SubpeonA All LETTERS ANd Recorded Phone
CONVERSATIONS OF William VILLAR Which According To
CAPTAIN JEFFERY KNOX iN EXHIBIT #3 ANd AlSo
DiSciplINARY REPORT OPTIONAL To Be TRUE "UNder OATH"
OR "be SubJECT To PERJURY" be PROVIDED To THE
COURT FOR VERIFICATION ANd ENTERED iNTO Evidence
AS THERE ARE NO LETTERS OR Phone CONVERSATIONS
Alleged by CAPTAIN JEFFERY KNOX To The COURT:
ANd MR. VILLAR Does Demand STRICT PROOF THEREOF
SPECIFICALLY To EXHIBIT #3 Which STATES ON LiNe
OR SecTioN 15

15. I "CAPTAIN JEFFERY KNOX" READ MAil ANd listened To
Phone CAllS ThAT AlSo CONFIRMed This iNFORMATiON
CAPTAIN KNOX STATED This To The COURT iN This
DOCumeNT Now MR. VILLAR DEMANdS STRICT PROOF
THERE OF OR ChARGES SHould be BROUGHT ON ONE
CAPTAIN JEFFERY KNOX FOR PERJURY by THE
HONORABle COURT FOR Lying "UNder OATH" iN The
FiRST degREE:

EXH.R. 1, P. 3

B1

ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

ISC. #06-671

1.   INMATE : __Villar, William__    CUSTODY: ___Medium___    AIS NO.: __W/M 245066__

2.   FACILITY:  __EASTERLING CORRECTIONAL FACILITY__

3.   The above named inmate is being charged by  __Captain Jeffery Knox__  with violation of Rule __#46 ,__
     specifically ___Attempt To Escape By Force___     from Regulation # __403,__ which occurred on or about
     __October 23__ , __2006__  at (time) __1:00__  (pm), Location:  __Mr. Travis White's Office__ .  A hearing on this
     charge will be held after 24 hours from service.

4.   Circumstances of the violation(s) are as follows:  __Captain Jeffery Knox conducted an investigation and__
     __discovered that Inmate William Villar, W/M 245066, did conspire with several inmates to escape by force__
     __and take a hostage from Easterling Correctional Facility.__

5.   _____ __11/8/06__ _____    ___Jfy Knox, COSII___
           Date                                          Arresting Officer / Signature / Rank
                                                         **Jeffery Knox, COSII**

6.   I hereby certify that I have personally served a copy of the foregoing upon the above named inmate and I
     informed inmate of his right to present a written or oral statement at the hearing and to present written questions
     for the witnesses on this the __8TH__ day of __NOV.__ , 2006, at (time) __12:17__  (am/pm).

7.   _Jno. _____ C01___    _X William Villar 245066___
     Serving Officer / Signature / Rank         Inmate's Signature / AIS Number

8.   Witnesses desired?   NO _____    (YES) _William Villar___
                           Inmate's Signature              Inmate's Signature

9.   If yes, list: __ALL THE INMATES THAT WERE INVOLVED IN THE PLOT__ _____

10.  Hearing Date __11-13-06__   Time __452 pm__    Place __Segregation Office__

11.  Inmate must be present in Hearing Room.  If he is not present explain in detail on additional page and attach.

12.  A finding is made that inmate (is) ~~is not~~) capable of representing himself.
                                        _Linda Glen__ _C01___
                                        Signature / Hearing Officer

13.  Plea: _William Villar Svc's_ Not Guilty   _____ Guilty

14.  The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.
                                        _Linda Glen_ C01_
                                        Signature / Hearing Officer

15.  Arresting Officer's testimony (at the hearing):  __I received information that Inmate William Villar__
     __was involved in a plan to try and escape using force.  I conducted a thorough investigation.__
     __Several inmates, some reliable sources, and some just volunteered to give information,__
     __told me that Inmate Villar planned to escape through the Health Care Unit by faking an__
     __illness to get up there, then take a nurse hostage and go through the front gate.  Also,__
     __that Inmate Villar also had a plan to steal a car at the store above the prison once out-__
     __side the gate, and go to the place of his former employment in Mobile, which is a trucking__
     __company, and steal some money there to continue on. I read mail and listened to phone__
     __calls that also confirmed this information. An inmate in Trade School admitted to me that__
     __Villar asked him to make knives in the Trade School to assist with this escape.  I.e__

                                                                  **(Con't)**
                   Annex C to AR 403 ( Page 1 of 2 pages )

## ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT (OPTIONAL)

Inmate Name /AIS Number  **Villar, William W/245066**     Incident Report No.  **ECF 06-671**

Facility :     **Easterling Correctional Facility**

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTION BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER:     Lie detector tests were given to ensure truthful information.  **QBHO:** Have you used these confidential, reliable sources in the past?  **A:**  Yes.  **QBHO:**  How many times?  **A:**  Several.

**QBHO:**  Have these confidential, reliable sources given information in the past that has proven to be true?  **A:**  Yes.

**QBHO:**  Was any evidence found that corroborated the information given by the confidential, reliable sources?  **A:**  Yes, letters and monitored phone conversations.  **QBHO:**  During the course of the investigation, was any information uncovered to indicate that the confidential, reliable sources had reason to lie about Inmate Villar?  **A:**  No, and other information uncovered confirmed the sources' information.

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE:     N/A

CONTINUED WITNESS TESTIMONY (QBHO):     N/A

CONTINUED FINDINGS OF FACTS:     N/A

CONTINUED BASIS FOR FINDING OF FACT:     hostage.  Captain Knox listened to phone calls and intercepted Inmate Villar's mail, and got information that confirmed the escape plan.  Inmate Villar's testimony was not believeable.

DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT

| 1. Institution: **Easterling Correctional Facility** | 2. Date: **October 23, 2006** | 3. Time: **1:00 P.M.** | 4. Incident Number: **ECF 06-1271** | Class Code: **C** |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: **Dormitory #9, B-Side** | 6. Type of Incident: **RV#46-Attempt To Escape By Force** |
|---|---|

| 7. Time Incident Reported: **2:00 P.M.** | 8. Who Received Report: *Gwendolyn C. Mosley* **Gwendolyn C. Mosley, Warden III** |
|---|---|

**9. Victims:**

| | Name | | AIS |
|---|---|---|---|
| a. | N/A | No. | N/A |
| b. | | No. | |
| c. | | No. | |

**10. Suspects:**

| | Name | | AIS | | Suspects cont.: Name | | AIS |
|---|---|---|---|---|---|---|---|
| a. | Wood, James | No. | W/M 246878 | f. | Goldsmith, Joe | No. | B/M 143142 |
| b. | Villar, William | No. | W/M 245066 | g. | Williams, Otis | No. | B/M 112991 |
| c. | Nichols, Randy | No. | W/M 117491 | h. | Addison, Jeffery | No. | W/M 163724 |
| d. | Johnson, Don | No. | W/M 149934 | i. | Clark, David | No. | W/M 248446 |
| e. | Pitts, David | No. | W/M 247960 | j. | Johnson, Chase | No. | W/M 248222 - |
| | | | | k. | Cole, Norris | No. | B/M 162745 |
| | | | | l. | | No. | |

**PHYSICAL EVIDENCE:**

**12. Type of Evidence**

N/A

**13. Description of Evidence:**

N/A

**14. Chain of Evidence:**

a. N/A
b.
c.
d.
e.

**15. Narrative Summary:**

On October 23, 2006, at approximately 1:00 P.M., Mr. Travis White, Mental Health Management Staff, summoned Captain Jeffery Knox to his (Mr. White) office. Mr. White informed Captain Knox that Inmate Wood, James, W/246878, had some information. Inmate Wood reported to Mr. White's Office. Inmate Wood informed Captain Knox in the presence of Mr. White that he had some information about an escape plot. Inmate Wood reported that three weeks prior, while he was getting some water in Dormitory 9B, he overheard Inmate Villar, William, W/245066, talking about escaping with Inmate Nichols, Randy, W/117491. Inmate Wood reported that he was approached later by Inmate Nichols and asked if he was interested in escaping from Easterling. Inmate Nichols was the mastermind behind the plot and informed Inmate Wood to attend the afternoon church services for more details about the escape plot. Inmate Wood reported that he attended several afternoon Chapel Services and the following inmates were in attendance: Inmates Nichols, Villar and Johnson, Don, W/149934, and Pitts, David, W/247960. Inmate Wood reported that they talked about escaping from Easterling. Inmate Johnson was from Ariton, Alabama and knew the area. The first escape plan was for all the inmates to attend Chapel Service on October 29, 2006 and escape during darkness when the officer assigned to the Chapel dozed-off. If the officer did not doze off, the plan called for one of the inmates to stick the officer with a weapon that was made in the Maintenance Shop. Inmate Wood reported that each of the inmates involved did not want to hurt any staff members but Inmate Nichols wanted to kill the Officer to show that they meant business. Once the Inmates were inside the Visitation Building, they would go through the front windows of the building because the windows did not have any metal guards over the windows. The inmates planned to cut the fence and run to the Exxon Gas Station

Distribution:  ORIGINAL AND ONE (1) COPY to Central I & I Division     COPY to Deputy Commissioner of Operations (Class A and B ONLY)
              COPY to Institutional File                              COPY to Central Records Office

ADOC Form 302-A – June 1, 2005



STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

# INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution:<br>**Easterling Correctional Facility** | Incident Number:<br>**ECF 06-** | Class Code:<br>**C** |
|---|---|---|
| Date:<br>**October 23, 2006** | Type of Incident:<br>**RV#46-Attempt To Escape By Force** | |

Narrative Summary (Continued) Page No. 2

on Highway #10 and a vehicle would be there with keys. Inmate Johnson's mother would furnish the vehicle along with $1,000 dollars. The inmates planned to conduct several robberies and steal different vehicles until they reached Mobile, Alabama. When they reached Mobile, the plan was to rob the Pilot Trucking Company. Inmate Villar was employed with the company and informed the inmates that the company kept a large amount of money and company checks on hand. The inmates would proceed to Mexico. Inmate Woods reported that they asked him to be a part of the plan because of his physical size so he could strong-arm the officer if it was needed. Inmate Woods reported that another plan was for Inmate Nichols to get housed in the Health Care Unit by faking to have a seizure and Inmate Villar would get housed by cutting himself or complaining of a heart problem. Both inmates would wait until 2ⁿᵈ Shift conducted Diabetic Pill Call and the remaining inmates would rush the Health Care Unit and take a Nurse hostage. Inmate Nichols would kill a Nurse and the inmates would take a Nurse hostage and be allowed to leave the facility. Once the inmates were allowed to walk out of the prison, they would run to the Exxon Gas Station and a female named Theresa Guy (White Female, 3117 Callie De Coretez Drive, Navarre, Florida, 30566, Telephone Number 334-296-3424) would pick up the inmates and drive them to Mobile where they would rob the Trucking Company. Inmate Wood reported that he did not want to participate in the escape and was afraid to report it to any staff members. Inmate Wood reported that he telephoned his ex-wife (White Female, Jerris Wood, 801 Geneva Street, Prattville, Alabama, Telephone Number 334-491-1507) and informed her of the escape plot. Mrs. Wood advised Inmate Wood that she would talk to a church member that was a FBI Agent and ask him to visit with Inmate Wood to discuss the matter. Inmate Wood reported that he wrote a letter explaining the details to his ex-wife and she wrote him a letter advising that she had spoken to the FBI Agent. Captain Knox monitored Inmate Wood's call to Mrs. Wood and heard Inmate Woods discussing the matter with Mrs. Wood and asking if she had spoken to the FBI Agent. At approximately 2:00 P.M., Captain Knox informed Warden Gwendolyn Mosley and Deputy Warden Carter F. Davenport of the escape plot. Inmate Wood was escorted to the Administrative Building and questioned by Warden Mosley, Deputy Warden Davenport and Captain Kenneth Sconyers. Inmate Wood repeated the same aforementioned information. Inmate Wood was placed in the Administrative Building Holding Cell. At Approximately 4:00 P.M., Inmate Villar was escorted to the Administrative Building and questioned. Inmate Villar denied having any knowledge about the escape plot. Inmate Villar admitted that he was employed with the Pilot Trucking Company. Inmate Villar was escorted to the Health Care Unit and examined. Inmate Villar was placed in Administrative Segregation. At approximately 4:30 P.M., Inmate Pitts was escorted to the Administrative Building and questioned. Inmate Pitts denied having any knowledge about the escape plot. Inmate Pitts was escorted to the Health Care Unit and examined. Inmate Pitts was escorted to Administrative Segregation and placed in Administrative Segregation. At approximately 4:50 P.M., Inmate Duff was escorted to the Administrative Building and questioned. Inmate Duff denied having any knowledge about the escape plot. On October 24, 2006, at approximately 10:00 A.M., Captain Knox briefed I & I Investigator Eric Bascomb about the escape plot. Mr. Bascomb began an investigation into the plot. Captain Knox continued to investigate the incident until November 1, 2006. Captain Knox questioned several of the inmates involved in the plot and other inmates throughout the facility and obtained information about the details of the escape plot. Captain Knox discussed the information with Mr. Bascomb and collectively determined that the following inmates were involved in the escape plot. Inmates Nichols and Villar were the masterminds behind the plot. Both inmates actively recruited inmates that had lengthy sentences. Inmate Johnson was recruited because he lived in the area and provided details of the highways throughout the area. Captain Knox obtained information that Inmate Johnson's mother (Mary Flowers, SSN 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 P.O. Box 194, Ariton, Alabama 36311, Telephone Number 334-762-9890) would leave a vehicle with the keys left inside of it at the Exxon Gas Station near the prison, and $1,000 dollars would be left in the vehicle to be used in the escape. Inmate Pitts was an active member of the escape plot and attended several meetings and conspired to escape. Inmate Goldsmith, Joe, B/143142, was recruited to escape because he had a lengthy sentence and provided the location of a house in Pike County near the Springhill Community where the inmates could hideout if needed. Inmate Williams, Otis, B/112991, was recruited because he had a lengthy sentence and his physical size would be used if force had to be used. Inmate Addison, Jeffery, W/226761, was recruited because he could get inmates assigned to various programs and the Trade School. The plan was to steal wire cutters from the Trade School to be used to cut the fence. Inmate Clark, David, W/248446, was recruited because he was friends with Inmates Nichols and Villar and he volunteered to be a part of the escape. Inmate Johnson, Chase, W/ 248222, volunteered to be a part of the escape and had an escape history and knew Inmate Nichols. Inmates Johnson and Nichols are known Aryan Nation members. Inmate Cole, Norris, B/162745, was assigned to the Maintenance Department and confirmed that he made five (5) knives in the Maintenance Shop and did make a deal with Inmate Nichols. Inmate Cole exchanged store goods with Inmate Nichols for trading three (3) inmate-made knives. Inmate Cole admitted to making the knives. All of the aforementioned inmates were examined by the Health Care Unit staff, and placed in Administrative Segregation for their participation in the escape plot. Several institutional searches were conducted by Easterling Correctional Staff and the Central, South Central and Southern C.E.R.T. Teams. No weapons or tools were discovered. The Maintenance Department installed window guards on the front windows of the Visitation Building. Enhanced Security procedures were taken in the Health Care Unit and the Chapel. This incident is pending further investigation. See attached Medical Reports.

Jeffery Knox, COSII

MR. VILLAR FURTHER PETITIONS THE HONORABLE COURT THAT Since CAPTAIN JEFFERY KNOX Reopend The Question of Said Disciplinary #06-671 That According To Line 19 and 20 Specifically Line 20 The BASIS FOR Finding of FACT by The HEARING OFFICER COl. LiNdA Glenn : The REASON MR. VILLAR WAS Found Guilty WAS

CAPTAIN JEFFERY KNOX STATED "UNDER OATH" ThaT he Conducted AN investigation Which Receded inmate Villar Planned To escape by FORCE Several inmates "One James wood" Some Confidential Sources And Some NOT, Told CAPTAIN KNOX ThaT inmate Villar WAS Planning To escape Through The Health CARE UNIT by FAKING AN illNess And TAKing A NURSE

"CONTiNUED BASIS FOR Finding OF FACT PAGE 4 OF 5" hostAge CAPTAIN KNOX Listened To Phone CALLS And INTERCEPTED inmates Villars MAIl And got iNfORMATioN ThaT Confirmed The ESCAPE PLAN INMATE VILLARS TESTiMONY WAS NOT believeAble:

ONly because CAPTAIN KNOX SWORE "UNDER OATH" ThaT he TAlked To inmates And listened To Phone CONVERSATIONS And INTERCEPTED MR. VILLARS OR inmate VillAR's leTTers And No Presented PhYSicAl EvideNce WAS MR. VillAR found Guilty:

Remove Said Disciplinary FROM The File of William HERBERT VillAR 243066 This Shows ThaT MR. VILLARS FouRTeenTh Amendment Right OF Due Process WAS Violated by HEARing OFFICER CO 1 LinDA Glenn by Their Own STATEMENTS UNDER OATH As well AS MR. VillARs Eighth Amendment Denial of MedicAl TREATMENT

Pertaining To CO.1 Hearing Officer Linda Glenn

As by Admission of Linda Glenn in Disciplinary
# 06-671 Specifically Line 20 Basis For Finding of
Fact And Page 4 of 5 Continued Basis For Finding
of Fact CO.1 Linda Glenn did Violate Mr. Villars
Fourteenth Amendment Right of Due Process of A Fair
Hearing Which did lead To The Violation or Mr. Villars
Eighth Amendment Violation of Denial of medical
Treatment by being Falsely Found Guilty And Placed
in Segeration by CO.1 Hearing Officer Linda Glenn
Lines 20, 21 And 22 of Disciplinary Report
20, Basis For Finding of Fact
CAPTAIN Jeffery Knox "Stated under oath" "CO.1 Linda
Glenns Supervisor" That he Conducted An Investigation
Which Revealed That inmate Villar Planned To escape
by Force "NO Physical Evidence at Hearing Except by
Mr. Villar" Several inmates Some Confidential Sources And
Some Not, Told CAPTAIN Knox That inmate Villar was
Planning To escape Through The Health CARE Unit by
Faking An illness And Taking A Nurse
"Continued Basis For Finding of Fact"
hostage CAPTAIN listened To Phone Calls And
intercepted inmate Villars Mail And got information
That Confirmed The escape Plan Inmate Villar's
Testimony was Unbelieveable " Dean Kinble And Officer
Temple Then would be liars if Linda Glenn Would have
Contacted Them As Requested by MR. Villar.

21 Hearing Officer Decision   Guilty
only because Captain Knox swore "under oath" Mr. Woods
statement was not even presented at hearing


22. Recommendation of Hearing Office
Hearing Officer Recommends 45 days Disciplinary
Segeration 45 days Loss of Privileges Inmate earns
40 days for every 30 served  Good Time balance 1 year,
1 month, 14 days ( Life Sentence.)
Due to This Finding The Department of Corrections
Placed inmate Villar in closed custody and sent a
copy of This alleged incident To the Board of Pardons
And Parole which can effect Mr. Villar being granted
Parole by Captain Knox's i.e:

According To Constitutional Law 272 (2) U.S.CA
Constitution Amendment 14
Prison 13 (8,9)
Inmates Facing Disciplinary Proceeding is entitled To
Right To call Witnesses And Present documentary
evidence in his behalf And Written Statements by
Fact Finders As To evidence Relied on And Reason
For Disciplinary Action "USCA Const.tut.on Amendment
Fourteen" Mr. Villar Requested Witnesses on line 8
And 9 of Disciplinary #06-671 but on Line 18
Hearing officer Linda Glenn Denied Witnesses because
Mr. Villar "Not Know" who or What was involved Asked
For The People Allegedlly involved in The plot To
Escape At Least Three (3) of The People Should have
been called:

13.7.17

Where only evidence To support Finding of Prisoners
Misconduct in Testimony of investigating officer And
That Testimony indicates That officer decision was
based entirely on information Recieved From confidential
informants There "Must be" Some independent investigation
of informants Reliability by Hearing officer "USCA.
Constitution Fourteen"

Hearing officer CO1 Linda Glenn erred by Failing
To independently investigate The Reliability of The
Confidential informant "USCA Constitution Fourteen

Hearing officer erred in Finding inmate Villar Guilty
because She based her Findings soley on hearsay
evidence "See Line 20 Disc.Plinary # 06-691 because
Captain Jeffery Knox swore "Under oath" ";

The arresting officers Testimony "Captain Knox" was
insufficent To meet The "Some evidence" Standard
And That The decision of The Hearing officer "CO1
Linda Glenn" was contray To The great weight of
The evidence "See Line 20 Disc.Plinary # 06-691
only hearsay evidence brought in To The Hearing
even Though Physical evidence Requested at Hearing
by inmate Villar And Told To "Quote Shut Up" by
Hearing officer CO1 Linda Glenn Violating MR. Villars
Fourteenth Amendment Right of Due Process which Lead To the
violation of Eighth Amendment insufficent medical Treatment

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066               )
    Plaintiff,                                  )
                                              )
VS.                                           )
                                              )          CASE NO. 2:07-CV-134-WKW
                                              )
ALABAMA DEPARTMENT OF                         )
CORRECTIONS, et al.,                          )
    Defendant (s)                               )

## AFFIDAVIT

      Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Lewis Hulett, who being known to me and being by me duly sworn, deposes and says under oath as follows:

      My name is Lewis Hulett, and I am presently employed as Correctional Sergeant, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017.  I am over twenty-one (21) years of age.

      On October 23, 2006, Inmate William Villar, W/245066, was placed into Administrative Segregation under investigation for Rule Violation #46-Attempt to Escape by Force, per orders of Captain Jeffery Knox.  I have no knowledge of Inmate Villar being falsely accused.  Inmate Villar was served a Notice of Extension (Exhibit #1) within the 72-hour time frame, due to the ongoing investigation.  I have no control over the Health Care Unit staff.  The medical staff visits the Segregation Unit at least three (3) times daily.

      I have not violated any of Inmate Villar's constitutional rights.

_____
LEWIS HULETT

SWORN TO AND SUBSCRIBED TO before me this the ___30th___ day of
___March___, 2007.

_____
NOTARY PUBLIC

My Commission Expires: ___7-15-07___

EXHIBIT
C

Compliant In Regards To Sargent Lewis Hulett

I "William Villar" Was To be "According To AR 403
III (a). Charged Within Ten (10) Calendar "Not working
days excluding Saturday Sundays And Holidays" but Actual
Calendar days Unless Given An Extension Notice
The Accused Must be Charged:
I Was Arrested On October 23, 2006 I "William Villar"
Was Given An Extension Notice On 10/26/06
"See Notice Attached" by Seg, Commander Sgt. Hulett
I William Villar Was Not Charged Until November
8, 2006 "See Disciplinary Report Lines 5 and 6"

Ten Calendar days From 10/26/06 Would have been
11/05/06 or November 5, 2006 Making That The day
11/05/06 That I "William Villar 245066" Should have
either One (1) Been Given Another Extension in
Segeration Two (2) Charged With The Offense "OR"
Three (3) Released From Segeration And Charges
Dropped:
I "William Villar" Pointed This out To CO.1 Hearing
Officer Linda Glenn To see Page 10 Of The AR 403
III (a) Hearing Officer Glenns Reply Was Quote "Shut up"
There Fore Sargent Lewis Hulett did Violate William
Herbert Villars FourTeenth Amendment Right Of Due
Process As Well As AR 403 III (a) Which did Lead
To Mr. Villars Eighth Amendment Claim of ineffective
Medical Treatment EXHibit #1

# DEPARTMENT OF CORRECTIONS
# EASTERLING CORRECTIONAL FACILITY

10/26/06
DATE

FROM:   Sgt. Lewis Hulett
Printed Name of Supervisor
Extended Time in Segregation

TO:   William Villar                    R/S   W/M   AIS#   245066
Printed Name of Inmate

SUBJ:   **Notice of Extension in Segregation Status**

( X )   This is to inform you that your investigation status involving your alleged violation of Rule Number _____ , **Pending investigation** _____ and has been extended until **further notice** due to the following reason:   **Ongoing investigation.**

( )   This is to inform you that a Notice of Disciplinary Hearing Form has not been served on you as of this date for a violation of Rule Number _____ which occurred on _____ , at the approximate time of _____ because _____

( )   This is to inform you that an Enemies Validation Committee has not been held as of this date to determine whether or not you will be placed in Protective Custody.

( )   This is to inform you that a psychological evaluation has not been completed as of this date.

**Due to the reason checked above you will be required to remain in Segregation until action has been taken to determine your status.**

_William Villar 245066_                    10/26/06          2:20 PM
SIGNATURE OF INMATE                        DATE              TIME

_Noel Aw Cox_                              10/26/06          2:20 PM
SIGNATURE OF NOTIFYING OFFICIAL            DATE              TIME

DISTRIBUTION
Inmate Concerned
Inmate's Institutional File
Inmate's Segregation file
Segregation Supervisor

ATTACHMENT 2 TO SOP C-30

Affidavit – Gwendolyn Mosley
Civil Action – 2:07-CV-134-WKW
Page 2

SWORN TO AND SUBSCRIBED TO before me this the _29th_ day of
_March_ , 2007.

_____
NOTARY PUBLIC

My Commission Expires: _1-16-08_

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM HERBERT VILLAR, #245066   )
   Plaintiff,   )
   )
VS.   )
   )   CASE NO. 2:07-CV-134-WKW
   )
ALABAMA DEPARTMENT OF   )
CORRECTIONS, et al.,   )
   Defendant (s)   )

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Gwendolyn Mosley, who being known to me and being by me duly sworn, deposes and says under oath as follows:

My name is Gwendolyn Mosley, and I am presently employed as Warden III, employed by the Department of Corrections, Easterling Correctional Facility, 200 Wallace Dr., Clio, Alabama, 36017. I am over twenty-one (21) years of age.

On October 23, 2006, Mr. Travis White, (Mental Health Management Staff), informed Captain Jeffery Knox that he had an inmate in his office with some information about an escape plot. Captain Knox questioned the inmate and found that Inmate William Villar, #245606, and several other inmates were involved. It was revealed that Inmate Randy Nichols, #117491, was the mastermind behind the plot to escape (Exhibit #1). I questioned Inmate Villar about the incident. Inmate Villar denied having any involvement in the escape plot. Inmate Villar was placed in our Administrative Segregation pending further investigation. An extensive investigation was conducted by our Investigation and Intelligence Investigator (I&I). On November 8, 2006, Inmate Villar was served a Disciplinary for violation of Rule #46-Attempt to Escape by Force (Exhibit #2). I have no evidence that Inmate Villar's Due Process was violated.

Inmate Villar was given a written notice of his charges at least 24 hours prior to his Disciplinary Hearing.. He was permitted to attend the hearing. He was permitted to call a reasonable number of witnesses and to prepare and submit written questions to the Hearing Officer.

Inmate Villar was not falsely arrested. The Medical Staff visits our Segregation Unit at least three (3) times each day. Inmate Villar was afforded the opportunity to submit a Sick Call Request.

I have seen no evidence that Inmate Villar's constitutional rights have been violated.

GWENDOLYN MOSLEY

**EXHIBIT**

**A**

Pertaining To Gwendolyn Mosley

On March 29, 2007 Warden III Gwendolyn Mosley Submitted An Sworn Under Oat Affidavit To The District Court Of The United States For The Middle District Of Alabama Northern Division Exhibit A.

Warden Mosley States:
I "Gwendolyn Mosley" questioned inmate Villar About The incident. Inmate Villar denied having Any involvement in The escape Plot
Inmate Villar Was Placed in Our Administrative Segeration Pending Further Investigation

Yet in Exhibit B Captain Knox And Exhibit E. Willie Bryant Swears "under oath" Willam Villar was Taken To The Health Care Unit Mr. Villar says This did Not happen The incomplete Physical Examination And Unsigned by A Physican Exhibit 1 Emergence Shows Some evidence in Mr. Villars favor "but"
Warden Mosley Swears under oath in her Sworn Affidavit That And in Agreement with inmate Villar. That: Per Warden Mosley
Inmate Villar Was Escorted To or Inmate Villar Was Placed in Our Administrative Segeration Pending Further investigation "Not Escorted As Claimed by Captain Knox And

Willie BRYANT To The Health CARE UNIT ANd
WARDEN Mosleys STATEMENTS in EXHiBiT A VeRifies
William Villars STATEMENTS he WAS TAKEN ANd
PLACED in A Cell ANd denied PROPER Medical ATTENTION
by WARDEN Mosley CAPTAIN KNOX Also because of
The ACTIONS of HEARING OFFICER Col LinDA GleNN
FAiling To iNVESTIGATE The Reliable SouRces ANd STATements
OF CAPTAIN KNOX ANd TALKing To MR. ViLLARS SouRces
Dean Kimble ANd OFFICER TempLe AT The TRADE School
ANd SARGENT Lewis HuLETT FAiling To EiTHER Give
MR. ViLLAR ANOTHER EXTENSiON iN SegeRATiON CHARGing
him WiTh The OFFENSE OR DismiSSing The CHARges
ON NoVemBeR 5, 2006 iNSTEAD OF VioLATing MR.
ViLLARS FouRTeeNTh AmendmenT RighT OF DuE Process
ANd Should have ReTuRNed MR. ViLLAR To PopuLATioN
All be held AccounTABLE FOR The VioLATioN OF MR.
ViLLARS EighTh AmendmenT OF imPROPER medical CARE
by EASTERLiNg CORRECTiONAL FACiLiTY by AdmiSSioN OF
WARDEN GwendolYN Mosley uNdeR OATh iN EXHiBiT A
AFTER CAPTAIN KNOX ANd Willie BRYANT Lied iN EXHiBiTS
B ANd E.
There is NO EXCUSE in This behaviOR AS CAPTAiN
KNOX is A SupeRViSOR ANd KNOWs BeTTER buT To
MAKE himself Look good Chose To Lie ANd did
CAUSE MR. ViLLAR To SuFFER MeNTAl ANguish STRESS
ANd be DeNied PROPER medical CARE VioLATing MR. ViLLARS
EighTh AmendmenT DeNiAl OF PROPER medical CARE.

Being Falsely Locked in A cell ignored by The Medical STAFF AT EASTERLing CORRECTionAL FACility because They were either SCARed of MR. Villar or in ReTalieATion because They believed MR. Villar WAS going To Take one of Then Hostage And help Kill one of Them Rumors STARTed by The co's AT EASTERLing CORRECTionAL FACility because of Disciplinary ECF-06-671 MR. Villar WAS denied PROPER Medical ATTENTion. MRS. mosley does VERiFy INMATE Villars STATEment he WAS Taken Locked UP in A cell in SegerATion And denied PROPER medical ATTENTion" EXHiBiT A" While CAPTAin Knox And Willie BRyANT Alledge MR. Villar WAS TAKEN To The HealTh CARE unit. WARDEN Mosley KNows or Knew EVERThing ThaT moved AT EASTERLing correctionAL FACility WARDEN mosley Knew EXACTly Where MR. Villar WAS TAKEN, When he WAS TAKEN There And by Whom he WAS Taken AS PER WARDEN mosleys STATEment on MARCH 29, 2007 INMATE Villar WAS Placed IN ouR SegerATion "OR" AdministRATive SegerATion PeNding FuRTHER INVESTigATion Showing And VERiFying MR. Villas STATEmeNTs medical ATTENTion WAS Denied NOT given AS STATEd by CAPTAIN Knox And Willie BRyANT The DisciPlinAry ShAld be Dismissed And DAmAges AwARDed in A FAIR Amount To William Villar Respectfully Submitted This 11TH day OF August 2007

Signed William Herbert Villar 245066

William HeRBeRT Villar 245066

## CERTIFICATE OF Service

I hereby CERTIFY THAT I have Served A Copy
OF The Forgoing This 11th day OF August on
The United States District Court Middle District
OF Alabama Northern Division by Placing
Same in The United States Mail, Postage Prepaid
And Properly Addressed As Follows

To Office OF The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 3610-0711
Official Business

From William Herbert Villar 245066 M1-23A
W.C. Holman Correctional Facility
Holman 3700
Atmore, Alabama 36503



William Herbert Villar 245016 AI-23A
W.C. Holman Correctional Facility
Holman 3700
Atmore, Alabama 36503

Legal Mail

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711
OFFICIAL BUSINESS