IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

WILLIAM HERBERT VILLAR, #245 066     *

    Plaintiff,     *

    v.     *     2:07-CV-134-WKW
              (WO)

CAPTAIN JEFFERY KNOX, *et al.*,     *

    Defendants.     *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Herbert Villar is an Alabama prisoner currently incarcerated at the Holman Correctional Facility. He filed this *pro se* 42 U.S.C. § 1983 action on February 14, 2007 alleging that Defendants violated his constitutional rights by denying him adequate medical care during his incarceration at the Easterling Correctional Facility ["Easterling"].[1] Villar seeks monetary damages against defendants Warden Gwendolyn Mosley, Sergeant Lewis Hulett, Captain Jeffery Knox, and Officer Linda Glenn.[2]

In accordance with the orders of the court, Defendants filed an answer, special report,

---

[1] Plaintiff was transferred to the Holman Correctional Facility on January 16, 2007. (*See Doc. No. 19, Exh. D.*)

[2] By order entered April 23, 2007 Villar's claims against Defendants Alabama Department of Corrections and the Easterling Correctional Facility were dismissed, as were his claims alleging infringement of his ability to practice his religion and challenging disciplinary proceedings instituted against him at Easterling on November 8, 2006. Because Villar was incarcerated at the Holman Correctional Facility when he filed the instant complaint, the court also dismissed his request for injunctive relief with respect to his challenges to the conditions of his confinement during his incarceration at Easterling, including his allegation that he was denied adequate medical care at that facility. (*See Doc. Nos. 10, 12, 15.*)

and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Villar that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Villar the proper manner in which to respond to a motion for summary judgment. Villar filed a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Villar's opposition to this motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*) (citation omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[3] The party moving for summary judgment "always bears the

---

[3]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants have met their evidentiary burden. Thus, the burden shifts to Villar to establish, with evidence beyond the pleadings, that a genuine issue material to each of his claims for relief exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
> 
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail

3

on the merits, he cannot prevail at the summary judgment stage. *Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578 (2006) (citation omitted). Consequently, to survive the properly supported motion for summary judgment filed in this case, Villar is required to produce "sufficient evidence" which would be admissible at trial supporting his claims of various constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557

(11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment..."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003)

(citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 529, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Villar's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this

case, Villar has failed to demonstrate requisite genuine issues of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. 574.

## II. DISCUSSION

Villar alleges that he received inadequate medical care after being placed in administrative segregation at Easterling on October 23, 2006 pending an investigation into his involvement in an escape plot. According to the complaint, Villar has suffered three heart attacks which causes him to experience occasional dizziness and fainting. Villar complains that during his three months' confinement in the segregation unit, his vital signs were taken only once and medical staff completely ignored him even when he complained of chest pains. He further contends that the condition of his segregation cell (steel door and concrete walls) prevented him from alerting anyone in the event he suffered another heart attack. (*Doc. No. 1*.)

Correctional officials placed Villar in administrative segregation on October 23, 2006 for purposes of investigating his involvement in a violation of institutional rules, and specifically, for violating Rule Number 46 - Attempt to Escape by Force. Prior to placing Villar in the segregation cell, prison officials referred him to the health care unit for a medical examination. Medical personnel found no injuries on Villar's person and he voiced no complaints.[4] Correctional staff then escorted Villar to the segregation unit where, in

---

[4]According to Defendants' evidence, Plaintiff underwent a heart catheterization in 2006 but his medical records fail to reflect that he had suffered three heart attacks. (*Doc. No. 19, Exh. D*.) Although

7

accordance with standard prison policy, he received both a verbal and written orientation regarding, among other things, sick call procedures. (*Doc. No. 19, Exhs. A, B, E*.)

To prevail in a suit based on an Eighth Amendment claim about medical attention, a prisoner must show, at a minimum, that prison or medical officials have acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97 (1976); *Aldridge v. Montgomery,* 753 F.2d 970, 972 (11th Cir. 1985). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

A correctional officer may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan,* 511 U.S. 825 (1994). "When officials become aware of a threat to an inmate's health and safety, the eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection." *Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir. 1990). *See also Hopkins v. Britton,* 742

---

Plaintiff disputes having a heart catheterization (*Doc. No. 25*), such dispute does not create any genuine issue of material fact precluding entry of summary judgment in this matter.

F.2d 1308, 1310 (11th Cir. 1984); *Gullatte v. Potts,* 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[5] A claim concerning a failure to provide immediate medical attention must involve medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176 (11th Cir. 1994).

> The "seriousness" of an inmate's medical needs also may be decided by reference to the effect of delay in treatment. . . Where the delay results in an inmate's suffering "a life-long handicap or permanent loss, the medical need is considered serious." . . . An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. . . Further, we have held that "the tolerable length of delay in providing medical attention depends on the nature of the medical need and the *reason* for the delay." *Harris v. Coweta County,* 21 F.3d 388, 393-94 (11th Cir. 1994) (emphasis added). Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.

*Id.* at at 1188-89.

Defendants maintain that medical staff make regular visits to the segregation unit at Easterling every day, up to three times a day. Inmates on segregation are afforded the opportunity to submit sick call requests for their medical complaints. Defendants argue that

---

[5]*See Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) ( *en banc* ), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

9

Villar's allegations of inadequate medical care against them fail to set forth any facts tending to suggest that they were responsible for or involved in the alleged inadequate medical attention about which he complains. (*See Doc. No. 19, Exhs. A-E.*)

In response to Defendants' dispositive motoin, Villar has come forward with no evidence to rebut their evidence concerning their knowledge of his complaint. He does not point the court to any evidence that would support his allegations that Defendants ignored a serious medical condition, or that he suffered any detrimental effect as a result of the Defendants' alleged actions. In addition, Villar presents the court with no evidence that Defendants in any way disregarded a substantial risk to his health by delaying medical treatment. *See generally Farrow v. West,* 320 F.3d 1235 (11th Cir. 2003). Further, Villar has failed to come forward with any evidence that Defendants knew that he faced as a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer, supra; see also Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) (in the absence of a reason to believe, or actual knowledge, that medical staff is administering inadequate medical care, non-medical prison personnel are not chargeable with the Eighth Amendment scienter requirement of deliberate indifference); *Antonelli v. Sheahan,* 81 F.3d 1422, 1428 (7th Cir. 1996) ( "a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing.") (internal quotations omitted); *Vinnedge v. Gibbs*, 550

F.2d 926 (4th Cir. 1977) (a medical treatment claim cannot be brought against managing officers of a prison absent allegations that they were personally connected with the alleged denial of treatment).

The burden is on the party opposing summary judgment to submit affirmative evidence demonstrating that there exists a genuine issue of material fact regarding an essential element of the claim. *Celotex,* 477 U.S. at 322. The plaintiff must go beyond the pleadings and "designate 'specific facts' showing that there is a genuine issue for trial." *Id.* at 324. In this case, Villar has failed to establish a genuine issue concerning deliberate indifference on the part of the named Defendants. The court, therefore, concludes their motion for summary judgment is due to be granted.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion for summary judgment (*Doc. No. 19*) be GRANTED and this case be DISMISSED with prejudice;

2. Judgment be ENTERED in favor of Defendants and against Plaintiff;

3. The costs of this proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before **June 4, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 21st day of May, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE